**WALT PENNINGTON, SBN 214470**
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com

*Attorney for Renzulli Properties LLC, Movant and Creditor*

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 3:25-00667-JBM11 |
| THE PHAIR COMPANY LLC | RS No. - WP-2 |
|     Debtor and Debtor-in-Possession | EXHIBITS IN SUPPORT OF RENZULLI PROPERTIES LLC'S MOTION FOR RELIEF FROM THE STAY TO SELL 945 E. J ST. |
| ☐ ALL DEBTORS | |
| ☒ THE PHAIR COMPANY LLC, ONLY<br>    Tax I.D. (EIN) #20-4183527 | |
| ☐ JEFFREY DAVID PHAIR, ONLY<br>    S.S. # XXX-XX-4458 | |

Renzulli Properties LLC, a California limited liability company,

        Movant,

v.

The Phair Company LLC,

        Respondent.

Exhibits in Support of Renzulli Properties LLC's Motion for Relief from the Stay to Sell 945 E. J St.

# Table of Contents

Exhibit 1 - Certifed Copy of the Judgment Confirming an Arbitration Award in Favor of Renzulli .......... 4

Exhibit 2 - Property Information Sheet signed by Jeff Phair ............ 8

Exhibit 3 - Certified Copy of the Abstract of Judgment - 2024-0079649 ............ 11

Exhibit 4 - Certified Copy of the Superior Court Charging Order dated 2024 06 28 ............ 16

Exhibit 5 - Certified Copy of the Charging Order dated 2024 08 21 ............ 20

Exhibit 6 - Certified Copy of the Dec. of Renee Marshall related to the Property ............ 23

Exhibit 7 - Certified Copy of the final settlement statement and final disbursement report for 3145 Beyer ............ 29

Exhibit 8 - Certified Copy of the Grant Deed from TPC to Affordable Housing Land Consultants ............ 39

Exhibit 9 - Certified Copy of the Deed of Trust for The Phair Company for $1,300,000 ............ 44

Exhibit 10 - Closing Statement - Loan to TPC by IRAR Trust Company for $1,300,000 ............ 49

Exhibit 11 - Preliminary Title Report ............ 51

Exhibit 12 - Notice of Levy on 630-321-31-00 - 3145 Beyer Blvd., San Diego, CA 92154 ............ 64

Exhibit 13 - Notice of Levy on 630-321-32-00 - 3167 Beyer Blvd,, San Diego, CA 92154 ............ 72

Exhibit 14 - Notice of Levy on 640-050-08-00 - 945 E. J St, Chula Vista, CA ............ 80

Exhibit 15 - Certified Copy of the Notice of Levy on APN 640-080-47-00 - 945 E. J St. ............ 89

Exhibit 16 - Notice of Sheriff's Sale of APN 640-050-08-00 ............ 98

Exhibit 17 - Notice of Sheriff's Sale dated 2025 01 21 ............ 101

Exhibit 18 - Transcript of Hearing on 2024 02 07 - Transcript.pdf ............ 104

Exhibit 19 - Account Transcript of Jeff Phair ............ 128

Exhibit 20 - Certified copy of the Superior Court's 2024 11 27 Minute Order ............ 131

Exhibit 21 - 2025 05 01 email and letter concerning missing $6,101,661.42 ............ 137

Exhibit 22 - The Phair Company LLC 2021 form 1065 ............ 148

Exhibit 23 - The Phair Company LLC 2021 form 1065 ............ 155

Exhibit 24 - Certified Copy - Notice of Pendency of Action for 945 E. J St. ............ 167

# Exhibit 1

F I L E D
Clerk of the Superior Court

MAR 2 2 2024

By: B. Delgado, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| JEFF PHAIR, et al. | Case No.: 37-2022-00046736-CU-BC-CTL |
| Petitioners and Respondents | [PROPOSED] JUDGMENT CONFIRMING AN ARBITRATION AWARD |
| v. | |
| RENZULLI PROPERTIES, LLC | Dept: C-60 |
| Respondent and Petitioner | Judge: Hon. Matthew C. Braner |
| and Related Cross-Actions | Action Filed: November 15, 2022 |
| | Trial Date: NA |
| | Hearing Date: March 22, 2024 |
| | Hearing Time: 2:30 p.m. |

An arbitrator heard the evidence and entered a final award for Renzulli Properties, LLC against Jeffrey D. Phair, The Phair Company, LLC and Green Phair Scripps Partners, LLC (collectively in the singular as "Phair"). This Court vacated the arbitration award. Renzulli Properties, LLC appealed. The Court of Appeal reversed and ordered confirmation of the arbitration award. Phair petitioned the Supreme Court for review. The Supreme Court denied Phair's petition.

Petitioners and Respondents Jeffrey D. Phair, the Phair Company, LLC and Green Phair Scripps Partners, LLC appeared in this Court through attorneys Mark Mazzarella, Gil Abed and Paul Carelli.

Respondent and Petitioner Renzulli Properties, LLC appeared through attorney Walt Pennington.

The arbitrator issued her final award on November 7, 2022 as follows:

> If Phair fails to Close Escrow within thirty (30) days after the Final Award is served on Counsel for the Parties, Phair shall pay Renzulli $20,000 per month through Close of Escrow to compensate for monthly Close of Escrow Extensions from March 16, 2021, through March 15, 2022 ($240,000), plus interest at the legal rate on the purchase price of the property ($15,730,000 [$16,026,000 less $296,000]), from March 16, 2022 through the Close of Escrow.[8]

No later than thirty (30) days after the Final Award is served on Counsel for the Parties, Phair shall pay Renzulli, as the prevailing Party, Costs of $21,816.65, plus interest at the legal rate of interest for each day thereafter.

[8] There was no opposition to Renzulli's calculation of daily interest on $15,730,00 as $4,309.58904. If interest becomes due, that will be the daily amount for the calculation

(ROA 22, p. 25, Petition to Confirm Arb. Award, filed November 29, 2022.) Petitioners and Respondents Jeffrey D. Phair, the Phair Company, LLC and Green Phair Scripps Partners, LLC provided no evidence of a close of escrow.

Judgment is for Respondent and Petitioner Renzulli Properties, LLC in the following amounts:

| | |
|---|---|
| $240,000.00 | ($20,000 per month x 12 months) |
| $3,176,167.12 | ($4,309.58904 x 737 days [March 16, 2022 to March 22, 2024]) |
| $21,816.65 | (arbitration costs) |
| $48,460.27 | ($240,000 x 10% x 737 days/365 [arbitration interest on $240,000 from March 16, 2022 to March 22 2024]) |
| $2,994.56 | ($21,816.65 x 10% x 501 days/365 [arbitration interest on $21,816.65 from November 7, 2022 to March 22, 2024]) |
| $3,489,438.60 | is the total judgment. |

Post-judgment interest is as follows:

$4,309.58904 per day through the close of escrow ($15,730,000 x 10% / 365).

10% Interest on the judgment of $3,489,428.60

The liability of Petitioners and Respondents Jeffrey D. Phair, The Phair Company, LLC and Green Phair Scripps Partners, LLC is joint and several. The Court enters judgment in favor of Petitioner Renzulli Properties, LLC against Respondents

[Proposed] Judgment Confirming an Arbitration Award

1  Jeffrey D. Phair, The Phair Company, LLC and Green Phair Scripps Partners, LLC for
2  $3,489,438.60, plus post-judgment interest as listed above. Renzulli Properties, LLC is
3  the prevailing party.

4       Petitioners and Respondents Jeffrey D. Phair, The Phair Company, LLC and
5  Green Phair Scripps Partners, LLC take nothing.

6  March 22, 2024

7

8  

9  Judge, Matthew C. Braner    MAR 2 2 2024

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLERK'S CERTIFICATE
The foregoing 3 page(s) is a true and
correct copy of ☑ the original ☐ a copy
on file with this office. It is ☑ the entire
document ☐ an excerpt from a document.
Clerk of the Superior Court
8/01/2024 by _____
Date    Deputy C. TACRON

Superior Court of California
County of San Diego

[Proposed] Judgment Confirming an Arbitration Award

# Exhibit 2



## PROPERTY INFORMATION SHEET
### (For the sale or leasing of non-residential properties)

**PREFACE:**

**Purpose:** This Statement is NOT a warranty as to the actual condition of the Property/Premises. The purpose is, instead, to provide the brokers and the potential buyer/lessee with important information about the Property/Premises which is currently in the actual knowledge of the Owner and which the Owner is required by law to disclose.

**Actual Knowledge:** For purposes of this Statement the phrase 'actual knowledge' means: the awareness of a fact, or the awareness of sufficient information and circumstances so as to cause one to believe that a certain situation or condition probably exists.

TO WHOM IT MAY CONCERN:

The Phair Company LLC ("**Owner**"), owns the Property/Premises commonly known as (street address, city, state, zip) 3145 & 3167 Beyer Blvd, San Diego, CA located in the County of San Diego, and generally described as (describe briefly the nature of the Premises or Property) 1.99 acres of raw land (hereinafter "**Property**"), and certifies that:

1.  **Material Physical Defects.** Owner has no actual knowledge of any material physical defects in the Property or any improvements and structures thereon, including, but not limited to the roof, except (if there are no exceptions write "NONE"): As detailed in the consultants reports provided to the Buyer by the Seller .

2.  **Equipment.**
    A.   Owner has no actual knowledge that the heating, ventilating, air conditioning, plumbing, loading doors, electrical and lighting systems, life safety systems, security systems and mechanical equipment existing on the Property as of the date hereof, if any, are not in good operating order and condition, except (if there are no exceptions write"NONE"): Not aware of any equipment on the property .
    B.   Owner has no actual knowledge of any leases, financing agreements, liens or other agreements affecting any equipment which is being included with the Property, except (if there are no exceptions write "NONE"): None .

3.  **Soil Conditions.** Owner has no actual knowledge that the Property has any slipping, sliding, settling, flooding, ponding or any other grading, drainage or soil problems, except (if there are no exceptions write "NONE"): As detailed in the consultants reports provided to the Buyer by the Seller .

4.  **Utilities.** Owner represents and warrants that the Property is served by the following utilities (check the appropriate boxes) ☐ public sewer system and the cost of installation thereof has been fully paid, ☐ private septic system, ☐ electricity, ☐ natural gas, ☐ domestic water, ☐ telephone, and ☑ other: Buyer to conduct their own due diligence into the utilities .

5.  **Insurance.** Owner has no actual knowledge of any insurance claims filed regarding the Property during the preceding 3 years, except (if there are no exceptions write "NONE"): None .

6.  **Compliance With Laws.** Owner has no actual knowledge of any aspect or condition of the Property which violates applicable laws, rules, regulations, codes, or covenants, conditions or restrictions, or of improvements or alterations made to the Property without a permit where one was required, or of any unfulfilled order or directive of any applicable government agency or of any casualty insurance company that any work of investigation, remediation, repair, maintenance or improvement is to be performed on the Property, except (if there are no exceptions write "NONE"): None .

7.  **Hazardous Substances and Mold.**
    A.   Owner has no actual knowledge of the Property ever having been used as a waste dump, of the past or present existence of any above or below ground storage tanks on the Property, or of the current existence on the Property of asbestos, transformers containing PCB's or any hazardous, toxic or infectious substance whose nature and/or quantity of existence, use, manufacture or effect, render it subject to Federal, state or local regulation, investigation, remediation or removal as potentially injurious to public health or welfare, except (if there are no exceptions write "NONE"): As detailed in the consultants reports provided to the Buyer by the Seller .
    B.   Owner represents and warrants that it is not currently, and never has been engaged in the business of hauling waste, and never stored hazardous substances on the Property, except (if there are no exceptions write "NONE"): None .
    C.   Owner has no actual knowledge of the existence on the Property of hazardous levels of any mold or fungi defined as toxic under applicable state or Federal law, except (if there are no exceptions write "NONE"): As detailed in the consultants reports provided to the Buyer by the Seller .

8.  **Fire Damage.** Owner has no actual knowledge of any structure on the Property having suffered material fire damage, except (if there are no exceptions write "NONE"): None .

9.  **Actions, Suits or Proceedings.** Owner has no actual knowledge that any actions, suits or proceedings are pending or threatened before any court, arbitration tribunal, governmental department, commission, board, bureau, agency or instrumentality that would affect the Property or the right or ability of an owner or tenant to convey, occupy or utilize the Property, except (if there are no exceptions write "NONE"): None .
Owner has not served any Notices of Default on any of the tenants of the Property which have not been resolved except (if there are no exceptions write "NONE"): None .

10.  **Governmental Proceedings.** Owner has no actual knowledge of any existing or contemplated condemnation, environmental, zoning, redevelopment agency

INITIALS

INITIALS

© 2017 AIR CRE. All Rights Reserved.
PI-8.03, Revised 10-22-2020

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 2 - Page 1

plan or other land use regulation proceedings which could detrimentally affect the value, use and operation of the Property, except (if there are no exceptions write "NONE"): _None_ .

11. **Unrecorded Title Matters**. Owner has no actual knowledge of any encumbrances, covenants, conditions, restrictions, easements, licenses, liens, charges or other matters which affect the title of the Property that are not recorded in the official records of the county recorder where the Property is located, except (if there are no exceptions write "NONE"): _None_ .

12. **Leases**. Owner has no actual knowledge of any leases, subleases or other tenancy agreements affecting the Property, except (if there are no exceptions write "NONE"): _None_ .

13. **Options**. Owner has no actual knowledge of any options to purchase, rights of first refusal, rights of first offer or other similar agreements affecting the Property, except (if there are no exceptions write "NONE"): _None_ .

14. **Short Sale/Foreclosure**. The ability of the Owner to complete a sale of the Property ☐ is contingent ☑ is not contingent upon obtaining the consent of one or more lenders to conduct a 'short sale', i.e. a sale for less that the amount owing on the Property. (This paragraph only needs to be completed if this Property Information Sheet is being completed in connection with the proposed sale of the Property) One or more of any loans secured by the Property ☐ is ☑ is not in foreclosure.

15. **Energy Efficiency**. The Property ☐ has ☑ has not been granted an energy efficiency rating or certification such as one from the U.S. Green Building Council's Leadership in Energy and Environmental Design (LEED) or ☐ Seller/Lessor does not know if the Property has been granted such a rating or certificate. If such a rating or certification has been obtained please describe the rating or certification and provide the name of the organization that granted it: ____ .

16. **Other**. (It will be presumed that there are no additional items which warrant disclosure unless they are set forth herein): _None_ .

The statements herein will be relied upon by brokers, buyers, lessees, lenders and others. Therefore, Owner and/or the Owner's Property Manager has reviewed and modified this printed statement as necessary to accurately and completely state all the known material facts concerning the Property. To the extent such modifications are not made, this statement may be relied upon as printed. This statement, however, shall not relieve a buyer or lessee of responsibility for independent investigation of the Property. Owner agrees to promptly notify, in writing, all appropriate parties of any material changes which may occur in the statements contained herein from the date this statement is signed until title to the Property is transferred, or the lease is executed. Signatures to this Statement accomplished by means of electronic signature or similar technology shall be legal and binding.

Date: ____
(fill in date of execution)

OWNER
The Phair Company LLC

By: _____
Name Printed: Jeffrey Phair
Title: President

Buyer/lessee hereby acknowledges receipt of a copy of this Property Information Sheet on ____ . (Fill in date received)

BUYER/LESSEE
AMG & Associates, LLC and/or assignee

By: _____
Name Printed: Alexis Gevorgian
Title: ____

AIR CRE * https://www.aircre.com * 213-687-8777 * contracts@aircre.com
NOTICE: No part of these works may be reproduced in any form without permission in writing.

INITIALS

INITIALS

© 2017 AIR CRE. All Rights Reserved.
PI-8.03, Revised 10-22-2020

Last Edited: 2/20/2024 4:23 PM
Page 2 of 2

# Exhibit 3

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

Renzulli Properties LLC

AND WHEN RECORDED MAIL TO:

Pennington Law Firm
3304 30th Street
San Diego, CA 92104

DOC# 2024-0079649

Apr 02, 2024 08:31 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $95.00   (SB2 Atkins: $75.00)

PAGES: 3

*THIS SPACE FOR RECORDER'S USE ONLY*

Abstract of Judgment - Civil and Small Claims

(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

9/95
Rec.Form #R25

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*

After recording, return to: **214470**

**Walt Pennington**
**Pennington Law Firm**
**3304 30th Street**
**San Diego, CA 92104-4535**

TEL NO.: **(619) 940-6157**   FAX NO. *(optional):*

E-MAIL ADDRESS *(Optional):* **wpennington@pennfirm.com**

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

PLAINTIFF: **Jeff Phair, et al.**
DEFENDANT: **Renzulli Properties, LLC**

**ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS**   [ ] Amended

FOR RECORDER'S USE ONLY

CASE NUMBER: **37-2022-00046736-CU-BC-CTL**

*FOR COURT USE ONLY*

Pursuant to Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. Government Code § 68150(g).

1. The [X] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
   Name and last known address
   ┌ **Jeffrey D. Phair**
   **945 East J Street**
   **Chula Vista, CA 91910** ┐
   b. Driver's license no. [last 4 digits] and state:   [X] Unknown
   c. Social security no. [last 4 digits]:   [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
   **Renzulli Properties LLC was a respondent and defendant. No summons was issued to Renzulli Properties LLC**

2. [X] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   **Renzulli Properties LLC, Agent: Thomas Renzulli, 3383 La Junta Avenue San Diego, CA 92117**

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: **March 22, 2024**
**Walt Pennington**
(TYPE OR PRINT NAME)

▶ **s/ Walt Pennington**
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ **3,489,438.60**
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* **March 22, 2024**
   b. Renewal entered on *(date):*
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]
[SF41]
Superior Court of California, County of San Diego

This abstract issued on *(date):*
03/29/2024

Clerk, by _____ G. Lopez _____, Deputy

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*    14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.      Name and last known address      17.      Name and last known address

**Green Phair Scripps Partners LLC**
**Agent: Jeff Phair**
**945 East J Street**
**Chula Vista, CA 91910**

**The Phair Company LLC**
**Agent: Jeff Phair**
**945 East J Street**
**Chula Vista, CA 91910**

Driver's license no. [last 4 digits] and state:  ☒ Unknown

Social security no. [last 4 digits]:  ☒ Unknown

Driver's license no. [last 4 digits] and state:  ☒ Unknown

Social security no. [last 4 digits]:  ☒ Unknown

Summons was personally served at or mailed to *(address):*
**Renzulli Properties LLC was a respondent and**
**defendant. No summons was issued to Renzulli**
**Properties LLC**

Summons was personally served at or mailed to *(address):*
**Renzulli Properties LLC was a respondent and**
**defendant. No summons was issued to Renzulli**
**Properties LLC**

18.      Name and last known address      19.      Name and last known address

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address):*

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

CEB.com | Essential Forms
ceb.com |

**ABSTRACT OF JUDGMENT - CIVIL**
**AND SMALL CLAIMS**

Page 2 of 2

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 5 - Page 3

MAY 1 2 2025

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

Deputy

R. Rubi-Jara

# Exhibit 4

FILED
Clerk of the Superior Court

JUN 2 8 2024

By: B. Delgado, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JEFF PHAIR, et al. | Case No. 37-2022-00046736-CU-BC-CTL |
| Judgment Debtors | [PROPOSED] CHARGING ORDER AGAINST JUDGEMENT DEBTORS' LIMITED LIABILITY COMPANY INTERESTS |
| V. | |
| RENZULLI PROPERTIES, LLC | Date: May 31, 2024 |
| Judgment Creditor | Time: 9:00 a.m. |
| | Dept: C-60 |
| | Judge: Matthew Braner |
| | Filed: November 15, 2022 |
| | Trial: NA |

The motion of Judgment Creditor Renzulli Properties LLC came for a hearing on the date and time listed in the caption. The court having considered the motion, opposition, reply, and any objection filed by the limited liability companies, and the Court having heard the argument of counsel, and good cause appearing:

IT IS FOUND that Jeff Phair aka Jeffrey D. Phair, The Phair Company, LLC or Green Phair Scripps Partners has a membership interest in the following limited liability companies:

| Company Name | Agent | Service Address |
|---|---|---|
| Bella Mar Land Investors LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Bonita Mesa Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Dorado Apartment Investors LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Flynn Estates Investors LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Grant Carriage Hill Estates LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |

PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535

Page 1 of 3

[Proposed] Charging Order Against Judgement Debtors' Limited Liability Company Interests

| | | |
|---|---|---|
| Grant Davidson Phair Partners LLC | Capitol Corporate Services, Inc. | 455 Capitol Mall Complex Ste 217 Sacramento, CA 95814 |
| Green Phair Scripps Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Howard Street Trolley Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Kajul-10 Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| LM Summit Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Phair Real Estate Acquisition Fund III LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| RTA Phair/Hollister, LLC | Nancy Dubonnet APC | 2082 Michelson Drive Ste 450 Irvine, CA 92612-1233 |
| Quarry Road Partners LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| The Phair Company LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |
| Trolley Stop Apartments II LLC | Jeff Phair | 945 East J Street Chula Vista, CA 91901-6747 |

IT IS ORDERED

1. That the above listed limited liability companies are charged with the unpaid balance of the judgment entered in favor of Renzulli Properties LLC against Jeff Phair aka Jeffrey D. Phair, The Phair Company LLC, and Green Phair Scripps Partners LLC on March 22, 2024 in the sum of $3,489,438.60 plus interest and costs thereon at the rate of 10% per annum.

2. That the above listed limited liability companies listed above shall pay any money or property due or to become due to Jeff Phair aka Jeffrey D. Phair, The Phair Company LLC, or Green Phair Scripps Partners LLC to Renzulli Properties LLC, c/o

[Proposed] Charging Order Against Judgement Debtors' Limited Liability Company Interests

1 | Pennington Law Firm, 3304 30th Street, San Diego, California 92104 until the amount

2 | remaining due on the judgment, plus all accrued interest and costs is paid in full.

3 | Date:May 31, 2024

4

5 | JUN 2 8 2024

6 | Judge, Matthew C. Braner

7



8 | CLERK'S CERTIFICATE

9 | The foregoing ___3___ page(s) is a true and
correct copy of ☒ the original ☐ a copy

10 | on file with this office. It is ☒ the entire
document ☐ an excerpt from a document

11 | Clerk of the Superior Court
5/9/25    by    n. Stille
Date       Deputy   n. Stille

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 3 of 3

[Proposed] Charging Order Against Judgement Debtors' Limited Liability Company
Interests

# Exhibit 5

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/21/2024 5:47:56 PM
Clerk of the Superior Court
By J. Siharath        ,Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

JEFF PHAIR, et al.

    Judgment Debtors

V.

RENZULLI PROPERTIES, LLC

    Judgment Creditor

Case No. 37-2022-00046736-CU-BC-CTL

~~[PROPOSED]~~ CHARGING ORDER AGAINST JUDGMENT DEBTORS' INTEREST IN SUNRIDGE VIEW INVESTORS LLC

| | |
|---|---|
| Date: | July 26, 2024 |
| Time: | 8:30 a.m. |
| Dept: | C-60 |
| Judge: | Matthew Braner |
| Filed: | November 15, 2022 |
| Trial: | NA |

On July 26, 2024, Renzulli Properties LLC conducted the judgment debtor examinations of Jeff Phair, The Phair Company, LLC and Green Phair Scripps Partners LLC. Jeff Phair stated that he is the sole shareholder of Sunridge View Investors LLC, an entity created on July 18, 2024.

IT IS FOUND that Jeff Phair has a membership interest in Sunridge View Investors LLC. IT IS ORDERED that Sunridge View Investors LLC is charged with the unpaid balance of the judgment entered in favor of Renzulli Properties LLC against Jeffrey D. Phair, The Phair Company LLC, and Green Phair Scripps Partners LLC on March 22, 2024 in the sum of $3,489,438.60 plus interest and costs thereon at the rate of 10% per annum. Sunridge View Investors LLC shall pay any money or property due or to become due to Jeffrey D. Phair, The Phair Company LLC, or Green Phair Scripps Partners LLC to Renzulli Properties LLC until the amount remaining due on the judgment, plus all accrued interest and costs is paid in full.

Date: ~~May 31, 2024~~  8/21/2024

*Matt Braner*

Judge, Matthew C. Braner

[Proposed] Charging Order Against Judgment Debtors' Interest in Sunridge View Investors LLC

PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535



CLERK'S CERTIFICATE

The foregoing __1__ page(s) is a true and correct copy of ☑ the original ☐ a copy on file with this office. It is ☑ the entire document ☐ an excerpt from a document

Clerk of the Superior Court

5/9/25                by   R. Stille
Date              Deputy   R. Stille

# Exhibit 6

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/3/2024 7:54:05 PM

Clerk of the Superior Court
By N. Lopez          ,Deputy Clerk

David M. Parker, Esq. (SBN 211078)
Gregory L. Riggs, Esq. (SBN 314022)
**PARKER & RIGGS LLP**
110 West A Street, Suite 615
San Diego, California 92101
Telephone:     (619) 233-8292
Facsimile:     (619) 233-8636
DParker@ParkerRiggs.com
GRiggs@ParkerRiggs.com

Attorneys for Plaintiffs Affordable Housing Land
Consultants, LLC and Century Housing Corporation

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| AFFORDABLE HOUSING LAND CONSULTANTS, LLC, a California Limited Liability Company; and CENTURY HOUSING CORPORATION, a California Nonprofit Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>RENZULLI PROPERTIES LLC, a California Limited Liability Company; THE PHAIR COMPANY LLC, a California Limited Liability Company; JEFFREY D. PHAIR, an individual ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN OR TO THE REAL PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' INTERESTS, OR ANY CLOUD UPON PLAINTIFFS' TITLE THERETO; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 24CL020598C<br><br>**DECLARATION OF RENEE MARSHALL IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Filed:          11/01/24<br>Judge:          Hon. Gregory W. Pollack<br>Department:     C-71<br>Trial Date:     Not yet set.<br><br>Hearing Date: December 5, 2024<br>Time:           8:45 a.m. |

I, Renee Marshall, declare as follows:

      1.      I am over 18 years old. I am not a party to this case. I am familiar with the matters

set forth herein based upon my personal knowledge and review of escrow's books and records. If

1

PARKER & RIGGS LLP

DECLARATION OF RENEE MARSHALL IN SUPPORT OF EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 6 - Page 1

1    called as a witness, I would competently testify to the contents of this declaration.

2          2.     I am currently, and at all times relevant herein was, employed as an AVP/Sr.

3    Commercial Escrow Officer at Chicago Title Company, with offices at 2365 Northside Drive, Suite

4    600, San Diego, CA 92108.

5          3.     Chicago Title Company handled escrow for the purchase and sale of two parcels of

6    real property commonly known as 3145 and 3167 Beyer Boulevard, San Diego, CA 92154,

7    identified by Assessor's Parcel Numbers 630-321-31-00 and APN 630-321-32-00, legally described

8    as:

9          PARCELS 1 AND 2 OF PARCEL MAP NO. 18000, IN THE CITY OF SAN DIEGO,
      COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP
10         THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN
      DIEGO COUNTY, MARCH 26, 1998
11

12   (the "Properties")

13         4.     I was the escrow officer in charge of this file. The buyer of the Properties in

14   connection with the purchase was plaintiff Affordable Housing Land Consultants, LLC ("AHLC").

15   The seller of the Properties was defendant The Phair Company LLC ("TPC").

16         5.     In connection with the sale escrow, AMG Associates LLC ("AMG") and TPC

17   deposited into escrow a standard offer, agreement and escrow instructions for the purchase of the

18   Properties (the "PSA"). COE 4. Prior to the close of escrow, AMG assigned the PSA to AHLC.

19         6.     The parties signed and deposited escrow instructions with escrow. A true and correct

20   copy of those escrow instructions is attached as Exhibit 6 to the COE.

21         7.     Paragraph 17 of the Escrow Instructions is entitled "ENCUMBRANCES" and

22   provides in pertinent part:

23         You are authorized, without the need for further approval, to debit my account for any
      fees and charges that I have agreed to pay in connection with this escrow, and for any
24         amounts that I am obligated to pay to the holder of any lien or encumbrance to
      establish the title as insured by the policy of title insurance called for in these
25         instructions. If for any reason my account is not debited for such amounts at the time
      of closing, I agree to pay them immediately upon demand, or to reimbursed any other
26         person or entity who has paid them.

27   COE 6, ¶ 17.

28         8.     During escrow, a preliminary report with an effective date of February 9, 2024 was

2

DECLARATION OF RENEE MARSHALL IN SUPPORT OF EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 6 - Page 2

PARKER & RIGGS LLP

1 transmitted to AHLC (the "Preliminary Report"). COE 3. Also during escrow, an amended
2 preliminary report with an effective date of March 25, 2024 was transmitted to Century (the
3 "Amended Preliminary Report"). COE 8.

4      9.    Per the Escrow Instructions, I obtained payoffs for the monetary liens and
5 encumbrances shown in the Preliminary Report and Amended Preliminary Report, in order to satisfy
6 pre-existing liens and encumbrances.

7      10.    The Preliminary Report and the Amended Preliminary Report show only one
8 monetary lien of record, that is the existing deed of trust encumbering the Properties that was
9 recorded on April 16, 2023, as Document No. 2023-0066759 of Official Records, to secure an
10 indebtedness in the principal amount of $1,999,000.00 granted by TPC to Robert and Daryl Conrad
11 et al. (the "Conrad DOT"). COE 2, 3, p. 5, ¶ 4, & 8, p. 5, ¶ 4.

12      11.    Escrow obtained payoff demand information for the obligations secured by the
13 Conrad DOT. As reflected on the Escrow Disbursement Report, in response to the payoff demand
14 information, escrow disbursed $1,423,821.00 of the monies deposited into escrow by or on behalf
15 of AHLC and Century into escrow to Trust "B" of the Cherniak Family Trust DAT, and $656,449.82
16 of the monies deposited into escrow to The Victor B Cherniak Trust dated August 2, for a total
17 $2,080,270.82 disbursed out of escrow to satisfy the obligations secured by the Conrad DOT.

18      12.    Escrow prepared a final disbursement report in connection with the escrow on or
19 about July 3, 2024 (the "Escrow Disbursement Report"). A true and correct copy of the Escrow
20 Disbursement Report is attached as Exhibit 14 to the COE.

21      13.    The total consideration for the sale of the Properties was $7,100,000.00. This
22 consisted of a purchase money loan in the amount of $6,390,000.00 from Century, and
23 $1,875,773.50 in deposits and closing funds that Alexis Gevorgian, AMG & Associates LLC and its
24 assignee AHLC deposited into escrow. The total cost for the purchase to AHLC was $8,270,779.18.
25 Century deposited $5,286,650.00 into escrow. A true and correct copy of the final settlement stated
26 dated July 3, 2024 is attached as Exhibit 13 to the COE. *See also* COE 14 (Escrow Disbursement
27 Report).

28

PARKER & RIGGS LLP

3

DECLARATION OF RENEE MARSHALL IN SUPPORT OF EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 6 - Page 3

14.     After disbursing $2,080,270.82 of the monies deposited into escrow by or on behalf of AHLC and Century to satisfy the obligations secured by the Conrad DOT, escrow requested the recordation of a full reconveyance of the lien of the Conrad DOT (the "Conrad DOT Reconveyance"). The Conrad DOT Reconveyance was recorded on July 3, 2024 as Document No. 2024-0168284 of Official Records. A true and correct copy of the Conrad DOT Reconveyance is attached as <u>Exhibit 16</u> to the COE.

15.     As reflected on the Escrow Disbursement Report, escrow disbursed $200,000.00 of the monies deposited by or on behalf of AHLC and Century to TPC on or about April 16, 2024, $300,000.00 to TPC on or about April 30, 2024, and $4,301,661.42 to TPC on or about July 3, 2024, for a total of $4,801,661.42 disbursed to TPC out of the monies deposited into escrow by or on behalf of AHLC and Century. COE 14.

16.     Also, as reflected on the Escrow Disbursement Report, on or about July 3, 2024 escrow disbursed $35,591.58 of the monies deposited by or on behalf of AHLC and Century to satisfy 2024-2025 supplemental property taxes for the Properties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of December, 2024, at San Diego, California.

_Renee Marshall_
Renee Marshall

DECLARATION OF RENEE MARSHALL IN SUPPORT OF EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

PARKER & RIGGS LLP



**CLERK'S CERTIFICATE**

The foregoing __4__ page(s) is a true and
correct copy of ☑ the original ☐ a copy
on file with this office. It is ☑ the entire
document ☐ an excerpt from a document.

Clerk of the Superior Court

5/28/2025 by _Clemence Villasenor_

Date          Deputy

A. Villasenor

# Exhibit 7

David M. Parker, Esq. (SBN 211078)
Gregory L. Riggs, Esq. (SBN 314022)
**PARKER & RIGGS LLP**
110 West A Street, Suite 615
San Diego, California 92101
Telephone:    (619) 233-8292
Facsimile:    (619) 233-8636
DParker@ParkerRiggs.com
GRiggs@ParkerRiggs.com

Attorneys for Plaintiffs Affordable Housing Land
Consultants, LLC and Century Housing Corporation

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/3/2024 7:54:05 PM

Clerk of the Superior Court
By N. Lopez          ,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| AFFORDABLE HOUSING LAND CONSULTANTS, LLC, a California Limited Liability Company; and CENTURY HOUSING CORPORATION, a California Nonprofit Corporation; <br><br> Plaintiffs, <br><br> v. <br><br> RENZULLI PROPERTIES LLC, a California Limited Liability Company; THE PHAIR COMPANY LLC, a California Limited Liability Company; JEFFREY D. PHAIR, an individual ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN OR TO THE REAL PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' INTERESTS, OR ANY CLOUD UPON PLAINTIFFS' TITLE THERETO; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 24CL020598C <br><br> **COMPENDIUM OF EVIDENCE IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** <br><br> Filed:          11/01/24 <br> Judge:          Hon. Gregory W. Pollack <br> Department:   C-71 <br> Trial Date:    Not yet set. <br><br> Hearing Date: December 5, 2024 <br> Time:           8:45 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Affordable Housing Land Consultants, LLC ("AHLC") and Century Housing Corporation ("Century") hereby submit the following exhibits in support of their ex parte application for a temporary restraining order and an order to show cause

1

PARKER & RIGGS LLP

COMPENDIUM OF EVIDENCE IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 7 - Page 1

1 | why a preliminary injunction should not issue.

2

| EXHIBIT: | DESCRIPTION: |
|----------|--------------|
| 1. | Grant Deed recorded March 16, 2023, as Document No. 2023-0066758 in the Official Records of San Diego County. |
| 2. | Deed of Trust recorded March 16, 2023, as Document No. 2023-0066759 in the Official Records of San Diego County. |
| 3. | Preliminary Report dated February 9, 2024. |
| 4. | Purchase and Sale Agreement dated February 14, 2024. |
| 5. | Property Information Sheet dated February 14, 2024. |
| 6. | Escrow Instructions dated February 26, 2024. |
| 7. | Judgment Confirming Arbitration Award filed March 22, 2024, in San Diego Superior Court Case No. 37-2022-00046736-CU-BC-CTL (the "Phair Matter"). |
| 8. | First amended preliminary report dated March 25, 2024. |
| 9. | Abstract of Judgment recorded April 2, 2024, as Document No. 2023-0066758 in the Official Records of San Diego County. |
| 10. | Closing Instructions dated June 21, 2024. |
| 11. | Charging Order Against Judgement Debtors' LLC interests filed June 28, 2024, in the Phair Matter. |
| 12. | Deed of Trust recorded July 3, 2024, as Document No. 2024-0168283 in the Official Records of San Diego County. |
| 13. | Final Settlement Statement dated July 3, 2024. |
| 14. | Final Disbursement Report dated July 3, 2024. |
| 15. | Grant Deed recorded July 3, 2024, as Document No. 2024-0168282 in the Official Records of San Diego County. |
| 16. | Full Reconveyance recorded July 3, 2024, as Document No. 2024-0168284 in the Official Records of San Diego County. |
| 17. | Notice of Levy (APN 630-321-31-00) recorded August 5, 2024, as Document No. 2024-0206865 in the Official Records of San Diego County. |
| 18. | Notice of Levy (APN 630-321-32-00) recorded August 5, 2024, as Document No. 2024-0206886 in the Official Records of San Diego County. |
| 19. | Notice of Levy (APN 630-321-31-00) dated August 6, 2024. |
| 20. | Notice of Levy (APN 640-050-08-00) recorded August 5, 2024, as Document No. 2024-0206854 in the Official Records of San Diego County. |
| 21. | Notice of Levy of 945 East J St, Chula Vista CA 91910, recorded August 5, 2024, as Document No. 2024-0206855 in the Official Records of San Diego County. |
| 22. | Notice of Levy of 8311 The Grant Place, Bonita CA 91902, recorded August 5, 2024, as Document No. 2024-0206861 in the Official Records of San Diego County. |

PARKER & RIGGS LLP

2

COMPENDIUM OF EVIDENCE IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 7 - Page 2

| EXHIBIT: | DESCRIPTION: |
|----------|--------------|
| 23. | Articles of Incorporation for The Phair Company LLC filed January 12, 2006, as File #200601410168 with the California Secretary of State. |
| 24. | Photographs taken by Bobby Ashrafi on August 28, 2024, at the office of the San Diego County Recorder. |

PARKER & RIGGS LLP

Dated: December 3, 2024                By: _____

David M. Parker, Esq.
Gregory L. Riggs, Esq.
Attorneys for Plaintiffs Affordable Housing
Land Consultants, LLC and Century Housing
Corporation

3

COMPENDIUM OF EVIDENCE IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

# EXHIBIT 13

# CHICAGO TITLE COMPANY

2365 Northside Drive, Suite 600, San Diego, CA 92108

Phone: (619) 233-3000   Fax: (619) 230-6368

**Buyers/Borrowers Settlement Statement**

**Final**

| | | | |
|---|---|---|---|
| **Escrow No:** 00204793 - 004 RM1 | **Close Date:** 07/03/2024 | **Proration Date:** 07/03/2024 | **Disbursement Date:** 07/03/2024 |

**Buyer(s)/Borrower(s):** Affordable Housing Land Consultants, LLC, a California limited liability company

**Seller(s):** THE PHAIR COMPANY LLC, a California limited liability company

**Lender:** Century Housing Corporation    **Loan #:**

**Property:** 3145 & 3167 Beyer Boulevard
(Trolley Stop Apartments)
San Diego, CA 92154

| Description | Debit | Credit |
|---|---:|---:|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | 7,100,000.00 | |
| Initial Deposit from AMG & ASSOCIATES, LLC | | 200,000.00 |
| Additional Deposit from ALEXIS GEVORGIAN PRIORITY CREDIT | | 300,000.00 |
| Closing Funds from AFFORDABLE HOUSING LAND CONSULTANTS LLC | | 1,375,773.50 |
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| New Loan from Century Housing Corporation | | 6,390,000.00 |
| verified wire instructions on 5/4/2022 2:20pm with Carolina Lizarde @ Century Housing Corporation 310-642-2000 / NEW / HW | | |
| **NEW LOAN CHARGES: - Century Housing Corporation** | | |
| Application Fee - Deposited by Borrower | | 5,000.00 |
| Origination Fee | 95,850.00 | |
| Admin Fee | 2,500.00 | |
| Interest Reserve | 995,000.00 | |
| Acquisition Legal Fee | 15,000.00 | |
| **ESCROW AND TITLE CHARGES:** | | |
| Escrow Charge to Chicago Title Company | 3,500.00 | |
| Escrow Charge - Loan Tie In Fee to Chicago Title Company | 340.00 | |
| Lenders Policy for $6,390,000.00 to Chicago Title Company | 3,576.00 | |
| Endorsements - Lender Policy to Chicago Title Company | | |
| CLTA 100-06 - Restrictions, Encroachments & Minerals   $0.00 SE-93 - Deletion of Arbitration 2006 Loan Policy   $0.00 | $0.00 | |
| Inspection estimate to Chicago Title Company | 185.00 | |
| **RECORDING FEES:** | | |
| Recording fee estimate to Chicago Title Company | 107.00 | |
| Recording Service Fee to Chicago Title Company | 22.50 | |
| **ADDITIONAL CHARGES:** | | |
| Release of Extension Deposit pursuant to Amendment dtd 4.29 to THE PHAIR COMPANY LLC, a California limited liability company | 50,000.00 | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| 1st Installment Property Taxes 2024-2025 (APN: 630-321-31-00) from 7/1/2024 to 7/3/2024 based on the Semi-Annual amount of $511.06 APN: 630-321-31-00 - $311.10 APN: 630-321-32-00 - $199.96 | | 5.68 |
| Rents/Deposits - Vacant | | |
| **Sub Totals** | 8,266,080.50 | 8,270,779.18 |
| **Refund Due Buyer /Borrower** | 4,698.68 | |
| **Totals** | 8,270,779.18 | 8,270,779.18 |

Printed by Renee Marshall on 7/3/2024 - 10:32:35AM                     Page 1 of 1

# EXHIBIT 14

| | File Information | | | | | |
|---|---|---|---|---|---|---|
| **Escrow Number:** | 00204793-004 | | | **Open Date:** | | 02/16/2024 |
| **Escrow Officer:** | Renee Marshall | | | **Close Date:** | | 07/03/2024 |
| **Seller / Buyer:** | THE PHAIR COMPANY LLC | | | | | |
| **Property Address:** | 3145 & 3167 Beyer Boulevard, (Trolley Stop Apartments) San Diego, CA 92154 | | | | | |

| Payee / Payor | Ref Num | Date | Status / Type / Sub Amount | Amount | Totals |
|---|---|---|---|---|---|
| **Receipts** | | | | | |
| **Receipts** | | | | | |
| 1. AMG & ASSOCIATES, LLC | 5014419 | 02/20/2024 | WIN | 200,000.00 | |
| 2. ALEXIS GEVORGIAN PRIORITY CREDIT LINE | 5014759 | 04/29/2024 | WIN | 300,000.00 | |
| 3. AFORDABLE HOUSING | 5015066 | 07/01/2024 | WIN | 1,375,773.50 | |
| 4. CENTURY HOUSING CORPORATION | 5015076 | 07/02/2024 | WIN | 5,286,650.00 | |
| | | | | | 7,162,423.50 |
| **Disbursements** | | | | | |
| **Disbursements** | | | | | |
| 1. THE PHAIR COMPANY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY | 5016158 | 04/16/2024 | | (200,000.00) | |
| 945 EAST J STREET  CHULA VISTA, CA 91910 | | | | | |
| Release funds to Seller per amendment da | | | (200,000.00) | | |
| 2. DISCLOSURE SOURCE NHD ORD NO. 240226-00271 | 5016610 | 07/03/2024 | | (174.00) | |
| P. O. BOX 51113  LOS ANGELES, CA 90051-5412 NHD | | | (174.00) | | |
| 3. DUHS COMMERCIAL 3830 RAY STREET  SAN DIEGO, CA 92104 | 5016611 | 07/03/2024 | | (213,000.00) | |
| Commission due | | | (213,000.00) | | |
| 4. AFFORDABLE HOUSING LAND CONSULTANTS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY REFUND | 5016620 | 07/03/2024 | | (4,698.68) | |
| PO BOX 260770  ENCINO CA 91426 Refund | | | (4,698.68) | | |
| 5. THE PHAIR COMPANY LLC | 5018491 | 04/30/2024 | WIO | (300,000.00) | |
| 6. TRUST "B" OF THE CHERNIAK FAMILY TRUST DAT | 5018836 | 07/03/2024 | WIO | (1,423,821.00) | |
| 7. THE PHAIR COMPANY LLC | 5018838 | 07/03/2024 | WIO | (4,301,661.42) | |
| 8. THE VICTOR B CHERNIAK TRUST DATED AUGUST 2 | 5018842 | 07/03/2024 | WIO | (656,449.82) | |
| **Fees** | | | | | |
| 1. CHICAGO TITLE COMPANY | 1000132113 | 07/03/2024 | | (62,618.58) | |
| 9971 County Transfer Tax | | | (7,810.00) | | |
| 9980 Recording fee estimate | | | (124.00) | | |
| 1001 Owners Policy - CLTA | | | (7,902.00) | | |
| 5020 Escrow Charge | | | (7,000.00) | | |
| 5020 FTB Filing | | | (45.00) | | |
| 3202 Lenders Policy | | | (3,576.00) | | |
| 5020 Escrow Charge - Loan Tie In Fee | | | (340.00) | | |
| 8866 Recording Service Fee | | | (45.00) | | |
| 4201 Endorsements - Lender Policy | | | 0.00 | | |
| 5537 Inspection estimate | | | (185.00) | | |

DISBURSE (05/14/2018)

| File Information | | | | | | |
|---|---|---|---|---|---|---|

| **Escrow Number:** | 00204793-004 | | | | **Open Date:** | 02/16/2024 |
|---|---|---|---|---|---|---|
| **Escrow Officer:** | Renee Marshall | | | | **Close Date:** | 07/03/2024 |
| **Seller / Buyer:** | THE PHAIR COMPANY LLC | | | | | |
| **Property Address:** | 3145 & 3167 Beyer Boulevard, (Trolley Stop Apartments) San Diego, CA 92154 | | | | | |

| Payee / Payor | Ref Num | Date | Status / Type / Sub Amount | Amount | Totals |
|---|---|---|---|---|---|
| 9932 Supplemental Property Taxes 2024-2025 | | | (35,591.58) | | |
| | | | | | (7,162,423.50) |
| | | | Receipt Total | | 7,162,423.50 |
| | | | Disbursements Total | | (7,162,423.50) |
| | | | Escrow Balance | | 0.00 |

Approved By _____

Approved By _____

DISBURSE (05/14/2018)



## CLERK'S CERTIFICATE

The foregoing _____ page(s) is a true and correct copy of ☑the original ☐ a copy on file with this office. It is ☐the entire document ☑ an excerpt from a document.

Clerk of the Superior Court

10/2/25
Date

by _B. Ram___
Deputy  B. Ramirez

# Exhibit 8

Recording Requested By:
Fidelity National Title Builder Services

**RECORDING REQUESTED BY:**
Chicago Title -Subdivision/Builder Serv.

**Escrow No.:** 00204793-004-RL1
**Title No.:** 00204793 ~ 450

**WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:**
**Affordable Housing Land Consultants, LLC,
a California limited liability company**
**Alexis Gevorgian**
**PO Box 260770**
**Encino, CA 91426**

DOC# **2024-0168282**

**Jul 03, 2024**  08:00 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $7,830.00  (SB2 Atkins: $0.00)
PCOR: YES
PAGES: 3

**APN:** 630-321-31-00, 630-321-32-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned declares exemption under the following:
Exempt from fee per GC 27388.1 (a) (2); recorded in
connection with a transfer subject to the imposition of
documentary transfer tax

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $ 7,810.00                     CITY TAX $  0.00

☑ computed on full value of interest or property conveyed, or
☐ computed on full value of items or encumbrances remaining at time of sale,
☐ Unincorporated area     ☑ City of  San Diego                                    , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**THE PHAIR COMPANY LLC, a** **California limited liability company**

hereby GRANT(s) to

**Affordable Housing Land Consultants, LLC,** **a California limited liability company**

the following described real property in the County of San Diego, State of California

**SEE EXHIBIT A ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF**

**SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.**

Dated: July 1, 2024

**GRANTOR:**

**THE PHAIR COMPANY LLC,**
**a California limited liability company**

By: _____
Name: _____JEFF PHAIR_____
Its: _____MANAGER_____

---

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

---

State of _____California_____ )
County of ___SAN DIEGO___ ) SS:

On ___July 1, 2024___ before me, ___FROILAN B. DIOKNO___
a Notary Public, personally appeared ___JEFF PHAIR___

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

FROILAN B. DIOKNO
COMM. # 2465975
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. OCT. 9, 2027

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 8 - Page 2

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN DIEGO, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCELS 1 AND 2 OF PARCEL MAP NO. 18000, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 26, 1998.

APN 630-321-31-00; APN 630-321-32-00

Grant Deed
GDEED (DSI Rev. 4/5/18)
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 8 - Page 3
Page 3
Last Saved: 6/25/2024 7:37 PM by RM1
Escrow No.: 00204793-004-RL1

**MAY 1 2 2025**

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

Deputy

R. Rubi-Jara

# Exhibit 9

00194123-USD
CHICAGO TITLE COMPANY
COMMERCIAL DIVISION
Recording Requested By
and When Recorded Mail to:

Dwight De Santis
2255 Avenida De La Playa #6
La Jolla Ca 92037

Title Order Number:
Escrow Number: 00194123-RM

DOC# 2024-0196076

Jul 26, 2024   03:18 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $187.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 3

Space Above This Line for Recorder's Use

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This Deed of Trust, made __July 24, 2024__, between __The Phair Company LLC__, herein called TRUSTOR whose address is __945 East J Street, Chula Vista, California, 91910__, CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and __IRAR Trust Company__ -- Dwight H. DeSantis Roth IRA - #35-22055, herein called BENEFICIARY.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale, that property in County, California described as: See Exhibit "A" attached hereto

Commonly known as:  945 East J Street, Chula Vista, CA

**DUE ON SALE: SHOULD TRUSTOR SELL, CONVEY, TRANSFER, OR ALIENATE THE PROPERTY, OR ANY PART THEREOF, OR ANY INTEREST THEREIN, OR AGREE TO DO SO, OR BE DIVESTED OF HIS OR HER TITLE OR ANY INTEREST HEREIN IN ANY MANNER OR WAY, WHETHER VOLUNTARILY OR INVOLUNTARILY, WITHOUT THE WRITTEN CONSENT OF THE BENEFICIARY, THE BENEFICIARY MAY DECLARE THE ENTIRE INDEBTEDNESS SECURED HEREBY AT HIS OPTION IMMEDIATELY DUE AND PAYABLE. CONSENT TO ONE SUCH TRANSACTION SHALL NOT BE DEEMED TO BE A WAIVER OF THE RIGHT TO REQUIRE SUCH CONSENT TO FUTURE OR SUCCESSIVE TRANSACTIONS**

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ __1,300,000__, with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums of interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the Agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the Office of the County Recorder of the county where said property is located, noted below opposite the name of such county, namely:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 67 | Riverside | 3778 | 347 | Solana | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 6664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

Said agreements, terms and provisions contained in said subdivisions A and B (identical in all counties) are preprinted on the following pages hereto and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth. ¿

Signature of Trustor : The Phair Company LLC

_____ , Manager
JEFF PHAIR

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the **document** to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _San Diego_ )

On _July 22,2024_ before me, _Raymond R. Shafa_ , Notary Public, personally appeared _Jeff Phair_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
(Signature)

RAYMOND R. SHAFA
COMM. #2423856
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires November 22, 2026

(Affix Seal)

## EXHIBIT "A"

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED CHULA VISTA, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE SOUTHERLY 210.00 FEET OF THE SOUTHEAST QUARTER OF QUARTER SECTION 62 OF RANCHO DE LA NACION, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP NO. 166, FILED IN THE OFFICE OF THE COUNTY REORDER OF SAN DIEGO COUNTY, MAY 11, 1869.

EXCEPT THEREFROM THAT PORTION WHICH IS NORTHWESTERLY OF A LINE WHICH INTERSECTS THE SOUTHWESTERLY CORNER OF SAID SOUTHEAST QUARTER AND WHICH IS PARALLEL WITH THE SOUTHEASTERLY LINE OF THE 250.00 FOOT WIDE SAN DIEGO GAS & ELECTRIC COMPANY EASEMENT AS DESCRIBED IN DOCUMENT RECORDED MARCH 09, 1960 AS FILE NO. 48825, SERIES 1, BOOK 1960, OFFICIAL RECORDS OF SAID COUNTY.

ALSO EXCEPT THEREFROM THAT PORTION WHICH IS EASTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF QUARTER SECTION 63 OF SAID RANCHO DE LA NACION.

ASSESSOR PARCEL NUMBER: 640-050-08-00

PARCEL 2:

PARCEL 1 OF PARCEL MAP NO. 18036, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 22, 1998 AS INSTRUMENT NO. 1998-0305225 OF OFFICIAL RECORDS.

ASSESSOR PARCEL NUMBER: 640-080-47-00

MAY 1 2 2025

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

Jordan Z. Marks

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

Deputy

R. Rubi-Jara

# Exhibit 10

# CHICAGO TITLE COMPANY

2365 Northside Drive, Suite 600, San Diego, CA 92108

Phone: (619) 233-3000    Fax: (619) 230-6368

**Borrower(s) Closing Statement**
**Final Amended**

| | | | |
|---|---|---|---|
| **Escrow No:** 00194123 - 004 RM1 | **Close Date:** 07/26/2024 | **Proration Date:** | **Disbursement Date:** 07/26/2024 |

**Buyer(s)/Borrower(s):**  The Phair Company, LLC, a California Limited Liability Company

**Lender:**         IRAR TRUST COMPANY – Dwight H.      **Loan #:**
              DeSantis Roth IRA- #35-22055
**Property:**       945 East J Street
              Chula Vista, CA

| Description | Debit | Credit |
|---|---:|---:|
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| New Loan from IRAR TRUST COMPANY – Dwight H. DeSantis Roth IRA- #35-22055 | | 1,300,000.00 |
| **NEW LOAN CHARGES: - IRAR TRUST COMPANY – Dwight H. DeSantis Roth IRA- #35-22055** | | |
| loan fee of 2 points | 26,000.00 | |
| **ESCROW AND TITLE CHARGES:** | | |
| Escrow Charge to Chicago Title Company | 975.00 | |
| Lenders Policy - Estiamte Only for $1,300,000.00 to Chicago Title Company | 2,165.00 | |
| **RECORDING FEES:** | | |
| Recording Fee to Chicago Title Company | 74.00 | |
| Recording Service Fee to Chicago Title Company | 45.00 | |
| Affordable Housing Fee to Chicago Title Company | 225.00 | |
| **ADDITIONAL CHARGES:** | | |
| Notary Fee for Payoff Private Beni to Christopher Kielb | 100.00 | |
| **PAYOFFS:** | | |
| Robert Scott and Barbara Scott | 592,708.20 | |
|    Principal balance      590,000.00 | | |
|    Interest From 07/01/2024 to 07/29/2024      2,708.20 | | |
| Sub Totals | 622,292.20 | 1,300,000.00 |
| Refund Due Borrower | 677,707.80 | |
| Totals | 1,300,000.00 | 1,300,000.00 |

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 10 - Page 1

# Exhibit 11



# First American Title Company

California Department of Insurance License No. 2549-4

| | |
|---|---|
| Title Officer: | Matthew Dishman |
| Phone: | (619)231-4631 |
| Fax No.: | (866)497-8905 |
| E-Mail: | titleunit9@firstam.com |

| | |
|---|---|
| E-Mail Loan Documents to: | Lenders please contact the Escrow Officer for email address for sending loan documents. |
| Owner: | Phair Company LLC |
| Property: | 945 E J Street |
| | Chula Vista, CA 91910 |

## PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, this company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit A attached. *The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.* Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit A. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

**Please be advised that any provision contained in this document, or in a document that is attached, linked or referenced in this document, that under applicable law illegally discriminates against a class of individuals based upon personal characteristics such as race, color, religion, sex, sexual orientation, gender identity, familial status, disability, national origin, or any other legally protected class, is illegal and unenforceable by law.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 1

<mark>Dated as of December 03, 2024 at 7:30 A.M.</mark>

The form of Policy of title insurance contemplated by this report is:

ALTA/CLTA Homeowner's (EAGLE) Policy of Title Insurance and ALTA Ext Loan Policy if the land described is an improved residential lot or condominium unit on which there is located a one-to-four family residence; or ALTA Standard Owner's Policy (with Western Regional Exceptions) and the ALTA Loan Policy if the land described is an unimproved residential lot or condominium unit.

A specific request should be made if another form or additional coverage is desired.

Title to said estate or interest at the date hereof is vested in:

THE Phair Company, LLC, a California Limited Liability Company

The estate or interest in the land hereinafter described or referred to covered by this Report is:

FEE

The Land referred to herein is described as follows:

(See attached Legal Description)

At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said policy form would be as follows:

1.  General and special taxes and assessments for the fiscal year 2024-2025.

    | | |
    |---|---|
    | First Installment: | $2,603.60, OPEN |
    | Penalty: | $0.00 |
    | Second Installment: | $2,603.60, OPEN |
    | Penalty: | $0.00 |
    | Tax Rate Area: | 01277 |
    | A. P. No.: | 640-080-47-00 |

2.  The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of the California Revenue and Taxation Code.

3.  An easement or right of way for the construction and maintenance of flumes canals or aqueducts, conveyed by Deed from Frank A. Kimball and Warren G. Kimball, to Kimball Brothers Water Company, a corporation, dated June 9, 1869, and recorded October 14, 1869 in Book 7, Page 124 of Deeds. The interest of said Grantee has since passed and now vests of record in the California Water and &Telephone Company, a corporation.

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 2

4.  An easement for public utilities and incidental purposes in the document recorded MAY 16, 1958 as BOOK 7084, PAGE 111, AND RECORDED MARCH 9, 1960 AS INSTRUMENT NO. 48825, BOTH of Official Records.

5.  An easement for NONE SHOWN and incidental purposes in the document recorded APRIL 22, 1959 as BOOK 7619, PAGE 499 of Official Records.

6.  An easement for NONE SHOWN and incidental purposes in the document recorded MAY 28, 1959 as BOOK 7687, PAGE 453 of Official Records.

7.  The terms and provisions contained in the document entitled "RESOLUTION NO. 10349" recorded FEBRUARY 24, 1981 as INSTRUMENT NO. 81-055376 of Official Records.

8.  An easement for SANITARY SEWER AND STORM DRAIN and incidental purposes in the document recorded JUNE 29, 1984 as INSTRUMENT NO. 84-247737 of Official Records.

    The location of the easement cannot be determined from record information.

9.  An easement for PUBLIC STREET and incidental purposes in the document recorded FEBRUARY 11, 1986 as INSTRUMENT NO. 86-55520 of Official Records.

    The location of the easement cannot be determined from record information.

10. An easement for ACCESS and incidental purposes in the document recorded FEBRUARY 19, 1986 as INSTRUMENT NO. 86-65308 of Official Records.

11. The effect of a map purporting to show the land and other property, filed MAP NO. 10898 of Record of Surveys.

12. The terms and provisions contained in the document entitled "AN AGREEMENT REGARDING THE DEFERRAL OF THE INSTALLATION OF CERTAIN PUBLIC IMPROVEMENTS IN THE CITY OF CHULA VISTA AND LIEN SECURING THE FUTURE INSTALLATION OF SAID IMPROVEMENTS" recorded OCTOBER 18, 1995 as INSTRUMENT NO. 95-469719 of Official Records.

13. Any and all offers of dedications, conditions, restrictions, easements, notes and/or provisions shown or disclosed by the filed or recorded map referred to in the legal description including but not limited to: TREE PLANTING AND MAINTENANCE and incidental purposes affecting said land.

14. An easement for STREET and incidental purposes in the document recorded FEBRUARY 27, 1995 as INSTRUMENT NO. 95-82791 of Official Records.

    The location of the easement cannot be determined from record information.

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 3

15. A deed of trust to secure an original indebtedness of $590,000.00 recorded SEPTEMBER 15, 2022 as INSTRUMENT NO. 22-365117 OF OFFICIAL RECORDS.

   Dated:                    SEPTEMBER 07, 2022
   Trustor:                  THE PHAIR COMPANY LLC, A CALIFORNIA LIMITED
                             LIABILITY COMPANY
   Trustee:                  CHICAGO TITLE COMPANY
   Beneficiary:              ROBERT SCOTT AND BARBARA A. SCOTT, TRUSTEES OF
                             THE DECLARATION OF TRUST DATED NOVEMBER 19,
                             1987, RESTATED ON 02/06/2003 AND RESTATED ON
                             11/15/2019

   Affects:                  The land and other property.

   a.  If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, the company will require the following for review prior to the recordation of any documents or the issuance of any policy of title insurance:
       i.   Original note and deed of trust.
       ii.  Payoff demand statement signed by all present beneficiaries.
       iii. Request for reconveyance or substitution of trustee and full reconveyance must be signed by all present beneficiaries and must be notarized by a First American approved notary.

   b.  If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.

   c.  If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18100.5 of the California Probate Code in a form satisfactory to the Company.

16. A certified copy of a judgment or an abstract thereof, recorded APRIL 02, 2024 as INSTRUMENT NO. 24-79649 of Official Records.

   Court:                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF
                             SAN DIEGO
   Case No.:                 37-2022-00046736-CU-BC-CTL
   Debtor:                   JEFFREY D. PHAIR; GREEN PHAIR SCRIPPS
                             PARTNERS LLC AGENT: JEFF PHAIR; THE PHAIR
                             COMPANY LLC AGENT: JEFF PHAIR
   Creditor:                 RENZULLI PROPERTIES LLC, AGENT: THOMAS
                             RENZULLI
   Amount:                   $3,489,438.60, and any other amounts due
                             thereunder

   A writ of execution recorded AUGUST 05, 2024 as INSTRUMENT NO. 24-206855 of Official Records.

   Court:                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
   Case No.:                 37-2022-00046736-CU-BC-CTL
   Debtor:                   JEFF PHAIR, ET AL.; GREEN PHAIR SCRIPPS PARTNERS LLC;
                             THE PHAIR COMPANY LLC
   Creditor:                 RENZULLI PROPERTIES, LLC, ET AL.
   Amount:                   $3,529,873.07

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 4

17. ==A deed of trust to secure an original indebtedness of $1,300,000.00 recorded JULY 26, 2024 as INSTRUMENT NO. 24-196076 OF OFFICIAL RECORDS.==
    Dated:               JULY 24, 2024
    Trustor:             ==THE PHAIR COMPANY LLC==
    Trustee:             CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION
    Beneficiary:         ==IRAR TRUST COMPANY== - DWIGHT H. DESANTIS ROTH IRA
                         - #35-22055

    Affects:             The land and other property.

    a. If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, the company will require the following for review prior to the recordation of any documents or the issuance of any policy of title insurance:
        i. Original note and deed of trust.
        ii. Payoff demand statement signed by all present beneficiaries.
        iii. Request for reconveyance or substitution of trustee and full reconveyance must be signed by all present beneficiaries and must be notarized by a First American approved notary.

    b. If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.

    c. If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18100.5 of the California Probate Code in a form satisfactory to the Company.

18. Rights of the public in and to that portion of the Land lying within any Road, Street, Alley or Highway.

19. Water rights, claims or title to water, whether or not shown by the Public Records.

20. The new lender, **if any**, for this transaction may be a Non-Institutional Lender. If so, the Company will require the Deed of Trust to be signed before a **First American approved notary**.

21. This transaction may be subject to a Geographic Targeting Order ("GTO") issued pursuant to the Bank Secrecy Act. Information necessary to comply with the GTO must be provided prior to the closing. This transaction will not be insured until this information is submitted, reviewed and found to be complete.

    **Prior to the issuance of any policy of title insurance, the Company will require:**

22. With respect to THE PHAIR COMPANY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY:
    a. A copy of its operating agreement or similar document and any amendments thereto;
    b. A official copy of its articles of organization or similar incorporation document and any corrections, amendments or restatements thereto;
    c. Evidence that the limited liability company is properly formed and is in good standing in the state of its domicile;
    d. Other requirements which the Company may impose following its review of the material required herein and other information which the Company may require.

| INFORMATIONAL NOTES |
| --- |

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

1.  This report is preparatory to the issuance of an ALTA Loan Policy. We have no knowledge of any fact which would preclude the issuance of the policy with CLTA endorsement forms 100 and 116 and if applicable, 115 and 116.2 attached.

    When issued, the CLTA endorsement form 116 or 116.2, if applicable will reference a(n) Single Family Residence  known as 945 E J Street, Chula Vista, CA 91910.

2.  According to the public records, there has been no conveyance of the land within a period of twenty-four months prior to the date of this report, except as follows:

    None

    NOTE to proposed insured lender only: No Private transfer fee covenant, as defined in Federal Housing Finance Agency Final Rule 12 CFR Part 1228, that was created and first appears in the Public Records on or after February 8, 2011, encumbers the Title except as follows: None

The map attached, if any, may or may not be a survey of the land depicted hereon. First American expressly disclaims any liability for loss or damage which may result from reliance on this map except to the extent coverage for such loss or damage is expressly provided by the terms and provisions of the title insurance policy, if any, to which this map is attached.

**LEGAL DESCRIPTION**

Real property in the City of Chula Vista, County of San Diego, State of California, described as follows:

PARCEL 1 OF PARCEL MAP NO. 18036, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 22, 1998 AS FILE NO. 1998-0305225 OF OFFICIAL RECORDS.

APN: 640-080-47-00





MAP 10988–CHULA VISTA TCT 80-5 UNIT C
MAP 9125–CHULA VISTA TCT 77-09
MAP 166 (M815)–RANCHO DE LA NACION



Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 8

### *NOTICE*

Section 12413.1 of the California Insurance Code, effective January 1, 1990, requires that any title insurance company, underwritten title company, or controlled escrow company handling funds in an escrow or sub-escrow capacity, wait a specified number of days after depositing funds, before recording any documents in connection with the transaction or disbursing funds. This statute allows for funds deposited by wire transfer to be disbursed the same day as deposit. In the case of cashier's checks or certified checks, funds may be disbursed the next day after deposit. In order to avoid unnecessary delays of three to seven days, or more, please use wire transfer, cashier's checks, or certified checks whenever possible.

**EXHIBIT A**
**LIST OF PRINTED EXCEPTIONS AND EXCLUSIONS (BY POLICY TYPE)**
**CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE [(07-01-2021) v. 01.00]**
EXCLUSIONS FROM COVERAGE

The following matters are excluded from the coverage of this policy and We will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
        i.    the occupancy, use, or enjoyment of the Land;
        ii.   the character, dimensions, or location of any improvement on the Land;
        iii.  the subdivision of land; or
        iv.   environmental remediation or protection.
    b.  any governmental forfeiture, police, or regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
        Exclusion 1 does not modify or limit the coverage provided under Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23, or 27.
2.  Any power to take the Land by condemnation. Exclusion 2 does not modify or limit the coverage provided under Covered Risk 17.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by You;
    b.  not Known to Us, not recorded in the Public Records at the Date of Policy, but Known to You and not disclosed in writing to Us by You prior to the date You became an Insured under this policy;
    c.  resulting in no loss or damage to You;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 5, 8.f., 25, 26, 27, 28, or 32); or
    e.  resulting in loss or damage that would not have been sustained if You paid consideration sufficient to qualify You as a bona fide purchaser of the Title at the Date of Policy.
4.  Lack of a right:
    a.  to any land outside the area specifically described and referred to in Item 3 of Schedule A; and
    b.  in any street, road, avenue, alley, lane, right-of-way, body of water, or waterway that abut the Land.
        Exclusion 4 does not modify or limit the coverage provided under Covered Risk 11 or 21.
5.  The failure of Your existing structures, or any portion of Your existing structures, to have been constructed before, on, or after the Date of Policy in accordance with applicable building codes. Exclusion 5 does not modify or limit the coverage provided under Covered Risk 14 or 15.
6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transfer of the Title to You is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
        i.    to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
        ii.   for any other reason not stated in Covered Risk 30.
7.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
8.  Negligence by a person or an entity exercising a right to extract or develop oil, gas, minerals, groundwater, or any other subsurface substance.
9.  Any lien on Your Title for real estate taxes or assessments imposed or collected by a governmental authority that becomes due and payable after the Date of Policy. Exclusion 9 does not modify or limit the coverage provided under Covered Risk 8.a. or 27.
10. Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

**LIMITATIONS ON COVERED RISKS**

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $10,000 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 19: | 1% of Policy Amount Shown on Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 21: | 1% of Policy Amount Shown on Schedule A or $2,500 (whichever is less) | $5,000 |

**ALTA OWNER'S POLICY [(07-01-2021) V. 01.00]**
**CLTA STANDARD COVERAGE OWNER'S POLICY [(02-04-22) V. 01.00]**
EXCLUSIONS FROM COVERAGE

The following matters are excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
        i.   the occupancy, use, or enjoyment of the Land;
        ii.  the character, dimensions, or location of any improvement on the Land;
        iii. the subdivision of land; or
        iv.  environmental remediation or protection.
    b.  any governmental forfeiture, police, regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 5 or 6.
2.  Any power of eminent domain. Exclusion 2 does not modify or limit the coverage provided under Covered Risk 7.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by the Insured Claimant;
    b.  not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    c.  resulting in no loss or damage to the Insured Claimant;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 9 or 10); or
    e.  resulting in loss or damage that would not have been sustained if consideration sufficient to qualify the Insured named in Schedule A as a bona fide purchaser had been given for the Title at the Date of Policy.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transaction vesting the Title as shown in Schedule A is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
        i.   to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
        ii.  for any other reason not stated in Covered Risk 9.b.
5.  Any claim of a PACA-PSA Trust. Exclusion 5 does not modify or limit the coverage provided under Covered Risk 8.
6.  Any lien on the Title for real estate taxes or assessments imposed or collected by a governmental authority that becomes due and payable after the Date of Policy. Exclusion 6 does not modify or limit the coverage provided under Covered Risk 2.b.
7.  Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.


NOTE: The 2021 ALTA Owner's Policy may be issued to afford either Standard Coverage or Extended Coverage. In addition to variable exceptions such as taxes, easements, CC&R's, etc., the Exceptions from Coverage in a Standard Coverage policy will also include the Western Regional Standard Coverage Exceptions listed below as numbers 1 through 7. The 2021 CLTA Standard Coverage Owner's Policy will include the Western Regional Standard Coverage Exceptions listed below as numbers 1 through 7.

EXCEPTIONS FROM COVERAGE

Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law. This policy treats any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document are excepted from coverage.

This policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses resulting from the terms and conditions of any lease or easement identified in Schedule A, and the following matters:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material unless such lien is shown by the Public Records at Date of Policy.
7.  Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas,

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 11 - Page 11

uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records or are shown in Schedule B.

### 2006 ALTA OWNER'S POLICY (06-17-06)
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)   the occupancy, use, or enjoyment of the Land;
        (ii)  the character, dimensions, or location of any improvement erected on the Land;
        (iii) the subdivision of land; or
        (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)  Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided  under Covered Risk 6.
2.  Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a)  a fraudulent conveyance or fraudulent transfer; or
    (b)  a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

NOTE: The 2006 ALTA Owner's Policy may be issued to afford either Standard Coverage or Extended Coverage. In addition to variable exceptions such as taxes, easements, CC&R's, etc., the Exceptions from Coverage in a Standard Coverage policy will also include the Western Regional Standard Coverage Exceptions listed below as numbers 1 through 7.

EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:
1.  (a)  Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records at Date of Policy but that could be (a) ascertained by an inspection of the Land, or (b) asserted by persons or parties in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records at Date of Policy.
4.  Any encroachment, encumbrance, violation, variation, easement, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records at Date of Policy.
5.  (a)  Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor, material or equipment unless such lien is shown by the Public Records at Date of Policy.
7.  Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas, uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records or are shown in Schedule B.

*First American Title*
Page 12 of 12

# Exhibit 12

X
7P

DOC# 2024-0206865

Aug 05, 2024 01:16 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $182.00 (SB2 Atkins: $150.00)

PAGES: 7

RECORDING REQUESTED BY
**Pennington Law Firm**

WHEN RECORDED MAIL TO

NAME **Pennington Law Firm**

MAILING
ADDRESS **3304 30th Street**

CITY, STATE **San Diego, CA 92104**

ZIP CODE

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

Notice of Levy

NONJC-072 Rev. 09/01/2014

CEB | Essential Forms
ceb.com

**TITLE(S)**

**Renzulli-22-Execution**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address):*

After recording, return to:
**Walt Pennington 214470**
**Pennington Law Firm**
**3304 30th Street**
**San Diego, CA 92104-4535**
TEL NO.: **(619) 940-6157**   FAX NO. *(optional):*
EMAIL ADDRESS *(optional):*  **wpennington@pennfirm.com**
[X] ATTORNEY FOR   [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

PLAINTIFF/PETITIONER: **Jeff Phair, et al.**

DEFENDANT/RESPONDENT: **Renzulli Properties, LLC, et al.**

**NOTICE OF LEVY**

under Writ of  [X] **Execution (Money Judgment)**

[ ] **Sale**

*FOR RECORDER'S USE ONLY*

LEVYING OFFICER *(name and address):*
**San Diego County Sheriff Civil Division**
**PO Box 85306**
**San Diego, CA 92186-5306**

LEVYING OFFICER FILE NO.:

COURT CASE NO.:
**37-2022-00046736-CU-BC-CTL**

TO THE PERSON NOTIFIED *(name):* **San Diego County Recorder**
1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor *(name):*   **The Phair Company LLC**
   b. The property to be levied upon is described:
      [ ] in the accompanying writ of possession or writ of sale.
      [X] as follows:   **Real Property identified as APN 630-321-31-00. The street address is 3145 Beyer Blvd, San Diego, CA 92154. See attached Exhibit A as the legal description.**

2. The judgment is for *(check one):*
   [ ] wages owed.   [ ] child/spousal support.   [X] other.
3. The amount necessary to satisfy the judgment creditor's judgment writ is
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) ............ $  3,528,358.07
   b. Levy fee ........................................................................................................... $  1,500.00
   c. Sheriff's disbursement fee ................................................................................ $  15.00
   d. Recoverable costs ........................................................................................... $
   e. Total *(a through d)* ........................................................................................... $  3,529,873.07
   f. Daily interest from line 19a of writ (form EJ-130) ............................................ $  956.01
4. You are notified as:
   a. [ ] a judgment debtor.
   b. [X] a person other than the judgment debtor *(state capacity in which person is notified):*
      **San Diego County Recorder**
      *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
[ ] mailed on *(date):*
[ ] delivered on *(date):*

[ ] posted on *(date):*
[ ] filed on *(date):*
[X] recorded on *(date):* 8-5-24

Date: 8-5-24

David Pimtado

(TYPE OR PRINT NAME)

[ ] Levying officer   [X] Registered process server

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**CEB Essential Forms**
ceb.com

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540
www.courts.ca.gov

**630-321-31 - Recorder**

| SHORT TITLE:<br>**Jeff Phair, et al. v. Renzulli Prop. LLC** | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>**37-2022-00046736-CU-BC-CT** |
|---|---|---|

## - INFORMATION FOR JUDGMENT DEBTOR -

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.
2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.
3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**
4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.
5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.
6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.
7. All sales at an execution sale are final; there is no right of redemption.

## - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR -

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.
2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.
3. You must complete the accompanying Memorandum of Garnishee within 10 days.
4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.
5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is **not** to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.
2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).
3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
(Enforcement of Judgment)

CEB | Essential
ceb.com | Forms

630-321-31 - Recorder

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 12 - Page 3

## EXHIBIT A
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN DIEGO, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCELS 1 AND 2 OF PARCEL MAP NO, 18000, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 26, 1998

APNS 630-321-31-00 and 630-321-32-00

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: **Walt Pennington 214470** | | |
| FIRM NAME: **Pennington Law Firm** | | |
| STREET ADDRESS: **3304 30th Street** | | |
| CITY: **San Diego** STATE: **CA** ZIP CODE: **92104-4535** | | |
| TELEPHONE NO.: **(619) 940-6157** FAX NO.: | | |
| EMAIL ADDRESS: **wpennington@pennfirm.com** | | |
| ATTORNEY FOR (name): **Reznulli Properties LLC** | | |
| [X] ATTORNEY FOR: [X] ORIGINAL JUDGMENT CREDITOR ☐ ASSIGNEE OF RECORD | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

| PLAINTIFF/PETITIONER: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Renzulli Properties, LLC** | **37-2022-00046736-CU-BC-CTL** |

| WRIT OF | [X] EXECUTION (Money Judgment) | ☐ Limited Civil Case (including Small Claims) |
|---|---|---|
| | ☐ POSSESSION OF ☐ Personal Property | [X] Unlimited Civil Case |
| | ☐ Real Property | (including Family and Probate) |
| | ☐ SALE | |

1. To the Sheriff or Marshal of the County of: **San Diego**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): **Renzulli Properties LLC**
   is the [X] original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   ┌─────────────────────────────┐
   │ **Jeffrey D. Phair** │
   │ **945 East J Street** │
   │ **Chula Vista, CA 91910** │
   │ │
   └─────────────────────────────┘
   [X] Additional judgment debtors on next page

5. Judgment entered on (date): **March 22, 2024**
   (See type of judgment in item 22.)
6. ☐ Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. ☐ has been requested (see next page).
8. ☐ Joint debtor information on next page.

[SEAL]

9. ☐ Writ of Possession/Writ of Sale information on next page.
10. ☐ This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.

| 11. Total judgment (as entered or renewed) | $ | 3,489,438.60 |
|---|---|---|
| 12. Costs after judgment (CCP 685.090) | $ | 639.07 |
| 13. Subtotal (add 11 and 12) | $ | 3,490,077.67 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 3,490,077.67 |
| 16. Accrued Interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 38,240.40 |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 3,528,358.07 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ................ $ 956.01
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ................ $ 0.00

20. ☐ The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Date: **MAY 3 1 2024**        Clerk, by _____ **J. Siharath**, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

CEB Essential Forms
ceb.com

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Renzulli-22

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | 37-2022-00046736-CU-BC-CTL |

21. [X] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

| The Phair Company LLC<br>945 East J Street<br>Chula Vista, CA 91910 | Green Phair Scripps Partners LLC<br>945 East J Street<br>Chula Vista, CA 91910 |
|---|---|

22. The judgment is for *(check one):*

    a. ☐ wages owed.
    b. ☐ child support or spousal support.
    c. [X] other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a. *on (date):*                      a. *on (date):*
    b. name, type of legal entity if not a natural person, and     b. name, type of legal entity if not a natural person, and
         last known address of joint debtor:                last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized:    ☐ below    ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*
         (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

        (1) ☐ *The Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
               judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

        (2) ☐ *The Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

        (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
               judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
               to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
               415.46 and 1174.3(a)(2).)*

        (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
             not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

           (a) The daily rental value on the date the complaint was filed was $
           (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**WRIT OF EXECUTION**

CEB Essential
ceb.com Forms

Renzulli-22

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 12 - Page 6

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
| Defendant/Respondent: **Renzulli Properties, LLC** | **37-2022-00046736-CU-BC-CTL** |

25. b. ☐ Possession of personal property.

    ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

    c. ☐ Sale of personal property.

    d. ☐ Sale of real property.

    e. The property is described  ☐ below  ☐ on Attachment 25c.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

CEB' Essential
ceb.com Forms'

**Renzulli-22**

# Exhibit 13

DOC# 2024-0206886

RECORDING REQUESTED BY

**Pennington Law Firm**

X
7ρ

Aug 05, 2024  01:30 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $107.00   (SB2 Atkins: $75.00)

PAGES: 7

WHEN RECORDED MAIL TO

NAME          **Pennington Law Firm**

MAILING       **3304 30th Street**
ADDRESS

CITY, STATE   **San Diego, CA 92104**

ZIP CODE

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**

Notice of Levy

NONJC-072 Rev. 09/01/2014

CEB Essential Forms
ceb.com

TITLE(S)

**Renzulli-22-Execution**

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 13 - Page 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address):* | LEVYING OFFICER *(name and address):* |
|---|---|
| After recording, return to:<br>**Walt Pennington 214470**<br>**Pennington Law Firm**<br>**3304 30th Street**<br>**San Diego, CA 92104-4535**<br>TEL NO.: **(619) 940-6157**  FAX NO. *(optional):*<br>EMAIL ADDRESS *(optional):* **wpennington@pennfirm.com**<br>[X] ATTORNEY FOR  [X] ORIGINAL JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

*FOR RECORDER'S USE ONLY*

PLAINTIFF/PETITIONER: **Jeff Phair, et al.**

DEFENDANT/RESPONDENT: **Renzulli Properties, LLC, et al.**

LEVYING OFFICER *(name and address):*
**San Diego County Sheriff Civil Division**
**PO Box 85306**
**San Diego, CA 92186-5306**

**NOTICE OF LEVY**

under Writ of  [X] Execution (Money Judgment)
[ ] Sale

LEVYING OFFICER FILE NO.:

COURT CASE NO.:
**37-2022-00046736-CU-BC-CTL**

TO THE PERSON NOTIFIED *(name):* **San Diego County Recorder**
1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
  a. Judgment debtor *(name):* **The Phair Company LLC**
  b. The property to be levied upon is described:
    [ ] in the accompanying writ of possession or writ of sale.
    [X] as follows: **Real Property identified as APN 630-321-32-00. The street address is 3167 Beyer Blvd, San Diego, CA 92154. See attached Exhibit A as the legal description.**

2. The judgment is for *(check one):*
  [ ] wages owed.  [ ] child/spousal support.  [X] other.
3. The amount necessary to satisfy the judgment creditor's judgment writ is

| | | |
|---|---|---:|
| a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) | $ | 3,528,358.07 |
| b. Levy fee | $ | 1,500.00 |
| c. Sheriff's disbursement fee | $ | 15.00 |
| d. Recoverable costs | $ | |
| e. Total *(a through d)* | $ | 3,529,873.07 |
| f. Daily interest from line 19a of writ (form EJ-130) | $ | 956.01 |

4. You are notified as:
  a. [ ] a judgment debtor.
  b. [X] a person other than the judgment debtor *(state capacity in which person is notified):*
    **San Diego County Recorder**
    *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
[ ] mailed on *(date):*
[ ] delivered on *(date):*

[ ] posted on *(date):*
[ ] filed on *(date):*
[X] recorded on *(date):* 8-5-24

Date: 8-5-24

David Pintado
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE)
[ ] Levying officer  [X] Registered process server

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

CEB | Essential Forms
ceb.com

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540
www.courts.ca.gov

**Renzulli-22-Execution**

| SHORT TITLE:<br>**Jeff Phair, et al. v. Renzulli Prop. LLC** | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>**37-2022-00046736-CU-BC-CT** |
|---|---|---|

## - INFORMATION FOR JUDGMENT DEBTOR -

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.
2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.
3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**
4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.
5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.
6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.
7. All sales at an execution sale are final; there is no right of redemption.

## - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR -

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.
2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.
3. You must complete the accompanying Memorandum of Garnishee within 10 days.
4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.
5. **Make checks payable to the levying officer shown on page 1.**

## - INFORMATION ABOUT DEPOSIT ACCOUNTS -

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.
2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).
3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

---

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

CEB | Essential
ceb.com | Forms

**Renzulli-22-Execution**

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 13 - Page 3

**EXHIBIT A**

**LEGAL DESCRIPTION**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN DIEGO, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCELS 1 AND 2 OF PARCEL MAP NO, 18000, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 26, 1998

APNS 630-321-31-00 and 630-321-32-00

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: **Walt Pennington 214470** | | |
| FIRM NAME: **Pennington Law Firm** | | |
| STREET ADDRESS: **3304 30th Street** | | |
| CITY: **San Diego** STATE: **CA** ZIP CODE: **92104-4535** | | |
| TELEPHONE NO.: **(619) 940-6157** FAX NO.: | | |
| EMAIL ADDRESS: **wpennington@pennfirm.com** | | |
| ATTORNEY FOR (name): **Reznulli Properties LLC** | | |

[X] ATTORNEY FOR: [X] ORIGINAL JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

PLAINTIFF/PETITIONER: **Jeff Phair, et al.**
DEFENDANT/RESPONDENT: **Renzulli Properties, LLC**

| CASE NUMBER: |
|---|
| **37-2022-00046736-CU-BC-CTL** |

| | | |
|---|---|---|
| **WRIT OF** | [X] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
| | [ ] POSSESSION OF [ ] Personal Property [ ] Real Property | [X] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE | |

1. To the Sheriff or Marshal of the County of: San Diego
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): **Renzulli Properties LLC**
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   | Jeffrey D. Phair |
   | 945 East J Street |
   | Chula Vista, CA 91910 |

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): **March 22, 2024**
   (See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 3,489,438.60 |
| 12. Costs after judgment (CCP 685.090) | $ | 639.07 |
| 13. Subtotal (add 11 and 12) | $ | 3,490,077.67 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 3,490,077.67 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 38,240.40 |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 3,528,358.07 |

19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ........ $ 956.01
    b. Pay directly to court costs included in 11 and 17.(GC 6103.5, 68637; CCP 699.520(j)) ........ $ 0.00

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Date: **MAY 3 1 2024**    Clerk, by _____ **J. Siharath**, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use Judicial Council of California EJ-130 [Rev. September 1, 2020] | CEB® Essential Forms ceb.com | WRIT OF EXECUTION | Code of Civil Procedure, §§ 699.520, 712.010, 715.010 Government Code, § 6103.5 www.courts.ca.gov |

Renzulli-22

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | **37-2022-00046736-CU-BC-CTL** |

21. [X] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

**The Phair Company LLC**
**945 East J Street**
**Chula Vista, CA 91910**

**Green Phair Scripps Partners LLC**
**945 East J Street**
**Chula Vista, CA 91910**

22. The judgment is for *(check one):*

   a. [ ] wages owed.
   b. [ ] child support or spousal support.
   c. [X] other.

23. [ ] Notice of sale has been requested by *(name and address):*

24. [ ] Joint debtor was declared bound by the judgment (CCP 989–994)
   a. *on (date):*
   b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:

   a. *on (date):*
   b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:

   c. [ ] Additional costs against certain joint debtors are itemized:   [ ] below   [ ] on Attachment 24c.

25. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. [ ] Possession of real property: The complaint was filed on *(date):*
     *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

     (1) [ ] The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
         judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

     (2) [ ] The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

     (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
         judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
         to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
         415.46 and 1174.3(a)(2).)*

     (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
         not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

        (a) The daily rental value on the date the complaint was filed was $
        (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**WRIT OF EXECUTION**

CEB® | Essential
ceb.com | Forms™

**Renzulli-22**

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | 37-2022-00046736-CU-BC-CTL |

25. b. ☐ Possession of personal property.
       ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
  c. ☐ Sale of personal property.
  d. ☐ Sale of real property.
  e. The property is described   ☐  below   ☐  on Attachment 25c.

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]
CEB® | Essential Forms™
ceb.com

**WRIT OF EXECUTION**

Page 3 of 3

**Renzulli-22**

# Exhibit 14

RECORDING REQUESTED BY
**Pennington Law Firm**

WHEN RECORDED MAIL TO

NAME    **Pennington Law Firm**

MAILING    **3304 30th Street**
ADDRESS

CITY, STATE  **San Diego, CA 92104**

ZIP CODE

DOC# 2024-0206854

Aug 05, 2024  12:55 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $107.00  (SB2 Atkins: $75.00)

PAGES: 7

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

Notice of Levy

NONJC-072 Rev. 09/01/2014

CEB | Essential
ceb.com | Forms

TITLE(S)

Renzulli-22-Execution

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 14 - Page 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address)*: | |
|---|---|
| After recording, return to:<br>**Walt Pennington 214470**<br>**Pennington Law Firm**<br>**3304 30th Street**<br>**San Diego, CA 92104-4535**<br>TEL NO.: **(619) 940-6157**  FAX NO. *(optional)*:<br>EMAIL ADDRESS *(optional)*: **wpennington@pennfirm.com**<br>[X] ATTORNEY FOR  [X] ORIGINAL JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

| PLAINTIFF/PETITIONER: **Jeff Phair, et al.** | FOR RECORDER'S USE ONLY |
|---|---|
| DEFENDANT/RESPONDENT: **Renzulli Properties, LLC, et al.** | LEVYING OFFICER *(name and address)*:<br>**San Diego County Sheriff Civil Division**<br>**PO Box 85306**<br>**San Diego, CA 92186-5306** |

| **NOTICE OF LEVY** | LEVYING OFFICER FILE NO.: |
|---|---|
| under Writ of  [X] **Execution (Money Judgment)**<br>[ ] **Sale** | COURT CASE NO.:<br>**37-2022-00046736-CU-BC-CTL** |

TO THE PERSON NOTIFIED *(name)*:  **San Diego County Recorder**

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name):  **The Phair Company LLC**
   b. The property to be levied upon is described:
      [ ] in the accompanying writ of possession or writ of sale.
      [X] as follows:  **Real Property identified as APN 640-050-08-00. The street address is 945 East J Street, Chula Vista, CA 91910. See attached Exhibit A as the legal description.**

2. The judgment is for *(check one)*:
   [ ] wages owed.  [ ] child/spousal support.  [X] other.

3. The amount necessary to satisfy the judgment creditor's judgment writ is
   | | | |
   |---|---|---|
   | a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) | $ | 3,528,358.07 |
   | b. Levy fee | $ | 1,500.00 |
   | c. Sheriff's disbursement fee | $ | 15.00 |
   | d. Recoverable costs | $ | |
   | e. Total *(a through d)* | $ | 3,529,873.07 |
   | f. Daily interest from line 19a of writ (form EJ-130) | $ | 956.01 |

4. You are notified as:
   a. [ ] a judgment debtor.
   b. [X] a person other than the judgment debtor *(state capacity in which person is notified)*:
      **San Diego County Recorder**
   *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
[ ] mailed on *(date)*:          [ ] posted on *(date)*:
[ ] delivered on *(date)*:        [ ] filed on *(date)*:
                                  [X] recorded on *(date)*: 8-5-24

Date: 8-5-24

David Pintado

(TYPE OR PRINT NAME)  ►  (SIGNATURE)

[ ] Levying officer  [X] Registered process server

Page 1 of 2

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 14 - Page 2

| SHORT TITLE: Jeff Phair, et al. v. Renzulli Prop. LLC | LEVYING OFFICER FILE NO.: | COURT CASE NO.: 37-2022-00046736-CU-BC-CT |
|---|---|---|

## - INFORMATION FOR JUDGMENT DEBTOR -

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.
2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.
3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**
4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.
5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.
6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.
7. All sales at an execution sale are final; there is no right of redemption.

## - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR -

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.
2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.
3. You must complete the accompanying Memorandum of Garnishee within 10 days.
4. If you claim ownership and the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.
5. **Make checks payable to the levying officer shown on page 1.**

## - INFORMATION ABOUT DEPOSIT ACCOUNTS -

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.
2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).
3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.


Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 14 - Page 3

## LEGAL DESCRIPTION FOR

### APN 640-050-08-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1

THE SOUTHERLY 210 00 FEET OF THE SOUTHEAST QUARTER OF QUARTER SECTION 62 OF RANCHO DE LA NACION, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP NO 166, FILED IN THE OFFICE OF THE COUNTY REORDER OF SAN DIEGO COUNTY, MAY 11, 1869

EXCEPT THEREFROM THAT PORTION WHICH IS NORTHWESTERLY OF A LINE WHICH INTERSECTS THE SOUTHWESTERLY CORNER OF SAID SOUTHEAST QUARTER AND WHICH IS PARALLEL WITH THE SOUTHEASTERLY LINE OF THE 250.00 FOOT WIDE SAN DIEGO GAS & ELECTRIC COMPANY EASEMENT AS DESCRIBED IN DOCUMENT RECORDED MARCH 09, 1960 AS FILE NO 48825, SERIES 1, BOOK 1960, OFFICIAL RECORDS OF SAID COUNTY

ALSO EXCEPT THEREFROM THAT PORTION WHICH IS EASTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF QUARTER SECTION 63 OF SAID RANCHO DE LA NACION

Assessor Parcel Number 640-050-08-00

Vacant land

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: **Walt Pennington 214470** | | |
| FIRM NAME: **Pennington Law Firm** | | |
| STREET ADDRESS: **3304 30th Street** | | |
| CITY: **San Diego** STATE: **CA** ZIP CODE: **92104-4535** | | |
| TELEPHONE NO.: **(619) 940-6157** FAX NO.: | | |
| EMAIL ADDRESS: **wpennington@pennfirm.com** | | |
| ATTORNEY FOR (name): **Reznulli Properties LLC** | | |
| [X] ATTORNEY FOR: [X] ORIGINAL JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

| PLAINTIFF/PETITIONER: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Renzulli Properties, LLC** | **37-2022-00046736-CU-BC-CTL** |

| | | |
|---|---|---|
| | [X] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
| **WRIT OF** | [ ] POSSESSION OF [ ] Personal Property | [X] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE [ ] Real Property | |

1. To the Sheriff or Marshal of the County of: **San Diego**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): **Renzulli Properties LLC**
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   Jeffrey D. Phair
   945 East J Street
   Chula Vista, CA 91910

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): **March 22, 2024**
   (See type of judgment in item 22.)
6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
   For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 3,489,438.60 |
| 12. Costs after judgment (CCP 685.090) | $ | 639.07 |
| 13. Subtotal (add 11 and 12) | $ | 3,490,077.67 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 3,490,077.67 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 38,240.40 |
| 17. Fee for issuance of writ (per GC 70626(a)(I)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 3,528,358.07 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) .......... $ 956.01
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) .......... $ 0.00

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Date: **MAY 3 1 2024** Clerk, by _____ **J. Siharath**, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

CEB | Essential
ceb.com | Forms

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Renzulli-22

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | 37-2022-00046736-CU-BC-CTL |

21. ☒ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

| **The Phair Company LLC**<br>945 East J Street<br>Chula Vista, CA 91910 | **Green Phair Scripps Partners LLC**<br>945 East J Street<br>Chula Vista, CA 91910 |
|---|---|

22. The judgment is for *(check one):*

  a. ☐ wages owed.
  b. ☐ child support or spousal support.
  c. ☒ other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)

  a. *on (date):*
  b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:

  a. *on (date):*
  b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:

  c. ☐ Additional costs against certain joint debtors are itemized:   ☐ below   ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) Judgment was entered for the following:

  a. ☐ Possession of real property: The complaint was filed on *(date):*
    (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

    (1) ☐ *The Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) ☐ *The Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

    (a) The daily rental value on the date the complaint was filed was $
    (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

CEB® Essential [P] Forms®
ceb.com

Renzulli-22

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 14 - Page 6

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | 37-2022-00046736-CU-BC-CTL |

25. b. ☐ Possession of personal property.
         ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
    c. ☐ Sale of personal property.
    d. ☐ Sale of real property.
    e. The property is described    ☐ below    ☐ on Attachment 25c.

---

### NOTICE TO PERSON SERVED

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

**EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED.** If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

**EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION.** If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

CEB Essential Forms
ceb.com

Renzulli-22

MAY 1 2 2025

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

*Jord Z. Marks*

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

Deputy

R. Rubi-Jara

# Exhibit 15

RECORDING REQUESTED BY

**Pennington Law Firm**

WHEN RECORDED MAIL TO

NAME     **Pennington Law Firm**

MAILING     **3304 30th Street**
ADDRESS

CITY, STATE   **San Diego, CA 92104**

ZIP CODE

DOC#   2024-0206855

Aug 05, 2024   01:01 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $107.00   (SB2 Atkins: $75.00)

PAGES: 7

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**

Notice of Levy

NONJC-072 Rev. 09/01/2014

CEB Essential Forms
ceb.com

**TITLE(S)**

**Renzulli-22-Execution**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and address): | | LEVYING OFFICER (name and address): |
|---|---|---|
| After recording, return to:<br>**Walt Pennington 214470**<br>**Pennington Law Firm**<br>**3304 30th Street**<br>**San Diego, CA 92104-4535**<br>TEL NO.: **(619) 940-6157**      FAX NO. (optional):<br>EMAIL ADDRESS (optional): **wpennington@pennfirm.com**<br>[X] ATTORNEY FOR    [X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

*FOR RECORDER'S USE ONLY*

| PLAINTIFF/PETITIONER: **Jeff Phair, et al.** | LEVYING OFFICER (name and address):<br>**San Diego County Sheriff Civil Division**<br>**PO Box 85306**<br>**San Diego, CA 92186-5306** |
|---|---|
| DEFENDANT/RESPONDENT: **Renzulli Properties, LLC, et al.** | |

| NOTICE OF LEVY | LEVYING OFFICER FILE NO.: |
|---|---|
| under Writ of  [X] Execution (Money Judgment)<br>         [ ] Sale | COURT CASE NO.:<br>**37-2022-00046736-CU-BC-CTL** |

TO THE PERSON NOTIFIED (name): **San Diego County Recorder**

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name): **The Phair Company LLC**
   b. The property to be levied upon is described:
      [ ] in the accompanying writ of possession or writ of sale.
      [X] as follows: **Real Property identified as APN 640-080-47-00. The street address is 945 East J Street, Chula Vista, CA 91910. See attached Exhibit A as the legal description.**

2. The judgment is for (check one):
   [ ] wages owed.    [ ] child/spousal support.    [X] other.

3. The amount necessary to satisfy the judgment creditor's judgment writ is
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) ............... $  3,528,358.07
   b. Levy fee ............................................................................................................. $  1,500.00
   c. Sheriff's disbursement fee ................................................................................ $  15.00
   d. Recoverable costs ............................................................................................ $
   e. Total (a through d) ........................................................................................... $  3,529,873.07
   f. Daily interest from line 19a of writ (form EJ-130) ............................................... $  956.01

4. You are notified as:
   a. [ ] a judgment debtor.
   b. [X] a person other than the judgment debtor (state capacity in which person is notified):
      **San Diego County Recorder**
      (Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)

Notice of Levy was
[ ] mailed on (date):
[ ] delivered on (date):

[ ] posted on (date):
[ ] filed on (date):
[X] recorded on (date): 8-5-24

Date: 8-5-24

David Pintado

(TYPE OR PRINT NAME)

▶ (signature)

(SIGNATURE)

[ ] Levying officer    [X] Registered process server

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>EJ-150 [Rev. September 1, 2020] | CEB Essential<br>ceb.com Forms | **NOTICE OF LEVY**<br>**(Enforcement of Judgment)** | Code of Civil Procedure, § 699.540<br>www.courts.ca.gov |

640-080-47-00

| SHORT TITLE:<br>**Jeff Phair, et al. v. Renzulli Prop. LLC** | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>37-2022-00046736-CU-BC-CT |
| --- | --- | --- |

## - INFORMATION FOR JUDGMENT DEBTOR -

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.
2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.
3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**
4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.
5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.
6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.
7. All sales at an execution sale are final; there is no right of redemption.

## - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR -

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.
2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.
3. You must complete the accompanying Memorandum of Garnishee within 10 days.
4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.
5. **Make checks payable to the levying officer shown on page 1.**

## - INFORMATION ABOUT DEPOSIT ACCOUNTS -

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.
2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).
3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.


Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 15 - Page 3

# EXHIBIT A

## LEGAL DESCRIPTION FOR

## APN 640-080-47-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1 OF PARCEL MAP NO 18036, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 22, 1998 AS INSTRUMENT NO 1998-0305225 OF OFFICIAL RECORDS

Assessor Parcel Number 640-080-47-00

Commonly known as 945 East J Street, Chula Vista, California 91910

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Walt Pennington 214470    STATE BAR NO.: | | |

NAME: **Walt Pennington 214470**     STATE BAR NO.:
FIRM NAME: **Pennington Law Firm**
STREET ADDRESS: **3304 30th Street**
CITY: **San Diego**     STATE: **CA** ZIP CODE: **92104-4535**
TELEPHONE NO.: **(619) 940-6157**    FAX NO.:
EMAIL ADDRESS: **wpennington@pennfirm.com**
ATTORNEY FOR (name): **Reznulli Properties LLC**
[X] ATTORNEY FOR:   [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

PLAINTIFF/PETITIONER: **Jeff Phair, et al.**
DEFENDANT/RESPONDENT: **Renzulli Properties, LLC**

CASE NUMBER: **37-2022-00046736-CU-BC-CTL**

| WRIT OF | [X] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
|---|---|---|
| | [ ] POSSESSION OF   [ ] Personal Property   [ ] Real Property | [X] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE | |

1. To the Sheriff or Marshal of the County of: **San Diego**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): **Reznulli Properties LLC**
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   Jeffrey D. Phair
   945 East J Street
   Chula Vista, CA 91910

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): **March 22, 2024**
   (See type of judgment in item 22.)
6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
For items 11–17, see form MC-012 and form MC-013-INFO.

| 11. Total judgment (as entered or renewed) | $ | 3,489,438.60 |
|---|---|---|
| 12. Costs after judgment (CCP 685.090) | $ | 639.07 |
| 13. Subtotal (add 11 and 12) | $ | 3,490,077.67 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 3,490,077.67 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 38,240.40 |
| 17. Fee for issuance of writ (per GC 70626(a)(I)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 3,528,358.07 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees)   $   956.01
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j))   $   0.00

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Date: **MAY. 3 1 2024**   Clerk, by [signature] **J. Siharath**, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]
CEB Essential Forms   ceb.com

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Renzulli-22

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 15 - Page 5

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
| Defendant/Respondent: **Renzulli Properties, LLC** | 37-2022-00046736-CU-BC-CTL |

21. [X] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

The Phair Company LLC
945 East J Street
Chula Vista, CA 91910

Green Phair Scripps Partners LLC
945 East J Street
Chula Vista, CA 91910

22. The judgment is for *(check one):*
    a. ☐ wages owed.
    b. ☐ child support or spousal support.
    c. [X] other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*
    *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

    (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

    (a) The daily rental value on the date the complaint was filed was $
    (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

EJ-130 [Rev. September 1, 2020] — **WRIT OF EXECUTION** — Page 2 of 3
CEB Essential Forms · ceb.com — Renzulli-22
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 15 - Page 6

| Plaintiff/Petitioner: **Jeff Phair, et al.** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Renzulli Properties, LLC** | **37-2022-00046736-CU-BC-CTL** |

25. b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. The property is described   ☐ below   ☐ on Attachment 25c.

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

MAY 1 2 2025

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

Deputy

R. Rubi-Jara

# Exhibit 16

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name State Bar Number, and Address)* | LEVYING OFFICER *(Name and Address)* |
|---|---|
| **Pennington Law Firm**<br>**3304 30th Street**<br>**San Diego, CA 92104**<br><br>TELEPHONE NO **Other: (619) 940-6157**    FAX NO<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)* **Renzulli Properties LLC** | **San Diego County Sheriff's Office**<br>**PO Box 85306**<br>**San Diego, CA 92186-5306**<br><br>**Phone·(619) 544-6401**<br>**Fax: (619) 236-2007**<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**<br>STREET ADDRESS **330 W Broadway, Rm. 225**<br>MAILING ADDRESS<br>CITY AND ZIP CODE **San Diego, CA 92101**<br>BRANCH NAME **San Diego County Superior Court** | |
|---|---|
| PLAINTIFF/PETITIONER **Jeff Phair, et al**<br>DEFENDANT/RESPONDENT **Renzulli Properties, LLC** | COURT CASE NUMBER<br>**37-2022-00046736** |
| **Notice of Sheriff's Sale of Real Property (CCP 701.540)** | LEVYING OFFICER FILE NUMBER<br>**2024103863** |

Date    **01/15/2025**

Under a
- [x] Writ of Execution
- [ ] Writ of Sale for Partition
- [ ] Warrant Issued by the State of California

Issued out of the above court on 05/31/2024, on the Judgment rendered on 03/22/2024

for the sum of $3,528,358 07 (estimated), I have levied upon all the rights, title, and interest of the judgment debtor(s),

The Phair Company LLC

in the real property, in the county of San Diego, described as follows  Vacant Land, Chula Vista, CA 91910,  See Attached APN  640-050-08-00

Minimum Bid Amount (if applicable)

PROSPECTIVE BIDDERS SHOULD REFER TO SECTIONS 701 510 to 701 680, INCLUSIVE, OF THE CODE OF CIVIL PROCEDURE FOR PROVISIONS GOVERNING THE TERMS, CONDITIONS, AND EFFECT OF THE SALE AND THE LIABILITY OF DEFAULTING BIDDERS

PUBLIC NOTICE IS HEREBY GIVEN that I will proceed to sell at public auction to the highest bidder, for cash in lawful money of the United States, all the rights, title, and interest of said judgment debtor(s) in the above described property, or so much thereof as may be necessary to satisfy said execution, with accrued interest and costs on

| Date/Time of Sale | Location of Sale |
|---|---|
| 02/26/2025 10 00AM | 1409 4th Ave., San Diego, CA 92101 |

Directions to the property location can be obtained from the levying officer upon oral or written request

Kelly A. Martinez, Sheriff

_____
R. McComb 9950, Sheriff's Authorized Agent

**LIENS MAY BE PRESENT WHICH MAY OR MAY NOT SURVIVE THIS LEVY.**

# EXHIBIT A
## LEGAL DESCRIPTION FOR
### APN 640-050-08-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1

THE SOUTHERLY 210 00 FEET OF THE SOUTHEAST QUARTER OF QUARTER SECTION 62 OF RANCHO DE LA NACION, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP NO 166, FILED IN THE OFFICE OF THE COUNTY REORDER OF SAN DIEGO COUNTY, MAY 11, 1869

EXCEPT THEREFROM THAT PORTION WHICH IS NORTHWESTERLY OF A LINE WHICH INTERSECTS THE SOUTHWESTERLY CORNER OF SAID SOUTHEAST QUARTER AND WHICH IS PARALLEL WITH THE SOUTHEASTERLY LINE OF THE 250.00 FOOT WIDE SAN DIEGO GAS & ELECTRIC COMPANY EASEMENT AS DESCRIBED IN DOCUMENT RECORDED MARCH 09, 1960 AS FILE NO 48825, SERIES 1, BOOK 1960, OFFICIAL RECORDS OF SAID COUNTY

ALSO EXCEPT THEREFROM THAT PORTION WHICH IS EASTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF QUARTER SECTION 63 OF SAID RANCHO DE LA NACION

Assessor Parcel Number 640-050-08-00

Vacant land

# Exhibit 17

LIENS MAY BE PRESENT WHICH MAY OR MAY NOT SURVIVE THIS LEVY.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and Address)*<br>**Pennington Law Firm**<br>**3304 30th Street**<br>**San Diego, CA 92104**<br><br>TELEPHONE NO **Other: (619) 940-6157**    FAX NO<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)* **Renzulli Properties LLC** | LEVYING OFFICER (Name and Address)<br>**San Diego County Sheriff's Office**<br>**PO Box 85306**<br>**San Diego, CA 92186-5306**<br><br>**Phone:(619) 544-6401**<br>**Fax: (619) 236-2007**<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS **330 W Broadway, Rm. 225**
MAILING ADDRESS
CITY AND ZIP CODE **San Diego, CA 92101**
BRANCH NAME **San Diego County Superior Court**

| | |
|---|---|
| PLAINTIFF/PETITIONER **Jeff Phair, et al.**<br>DEFENDANT/RESPONDENT **Renzulli Properties, LLC** | COURT CASE NUMBER<br>**37-2022-00046736** |
| **Notice of Sheriff's Sale of Real Property (CCP 701.540)** | LEVYING OFFICER FILE NUMBER<br>**2024103866** |

Date    **01/21/2025**

Under a
- [x] Writ of Execution
- [ ] Writ of Sale for Partition
- [ ] Warrant Issued by the State of California

Issued out of the above court on 05/31/2024, on the Judgment rendered on 03/22/2024

for the sum of $3,528,358 07 (estimated), I have levied upon all the rights, title, and interest of the judgment debtor(s),

The Phair Company LLC

in the real property, in the county of San Diego, described as follows **945 East J Street, Chula Vista, CA 91910,** See Attached APN **640-080-47-00**

Minimum Bid Amount (if applicable).

PROSPECTIVE BIDDERS SHOULD REFER TO SECTIONS 701 510 to 701.680, INCLUSIVE, OF THE CODE OF CIVIL PROCEDURE FOR PROVISIONS GOVERNING THE TERMS, CONDITIONS, AND EFFECT OF THE SALE AND THE LIABILITY OF DEFAULTING BIDDERS

PUBLIC NOTICE IS HEREBY GIVEN that I will proceed to sell at public auction to the highest bidder, for cash in lawful money of the United States, all the rights, title, and interest of said judgment debtor(s) in the above described property, or so much thereof as may be necessary to satisfy said execution, with accrued interest and costs on

| Date/Time of Sale | Location of Sale |
|---|---|
| 02/26/2025 10:00AM | 1409 4th Ave., San Diego, CA 92101 |

Directions to the property location can be obtained from the levying officer upon oral or written request .

Kelly A. Martinez, Sheriff

_____
R. McComb 9950, Sheriff's Authorized Agent

**LIENS MAY BE PRESENT WHICH MAY OR MAY NOT SURVIVE THIS LEVY.**

# EXHIBIT A

## LEGAL DESCRIPTION FOR

## APN 640-080-47-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1 OF PARCEL MAP NO 18036, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 22, 1998 AS INSTRUMENT NO 1998-0305225 OF OFFICIAL RECORDS

Assessor Parcel Number 640-080-47-00

Commonly known as 945 East J Street, Chula Vista, California 91910

# Exhibit 18

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

DEPARTMENT 71                        HON. GREGORY W. POLLACK, JUDGE

_____
                                    ) CERTIFIED TRANSCRIPT
AFFORDABLE HOUSING LAND CONSULTANTS, )
LLC, a California Limited Liability ) CASE NO. 24CL020598C
Company; and CENTURY HOUSING        )
CORPORATION, a California Nonprofit  )
Corporation,                        )
                                    ) SLAPP/SLAPPback
            Plaintiffs,             ) MOTION HEARING
                                    )
      v.                            ) MOTION HEARING RE
                                    ) PRELIMINARY INJUNCTION
RENZULLI PROPERTIES LLC, a California)
Limited Liability Company; et al.,  )
                                    )
            Defendants.             )
_____)

REPORTER'S TRANSCRIPT

FEBRUARY 7, 2025

PAGES 1 THROUGH 23

APPEARANCES:

  FOR PLAINTIFFS:      PARKER & RIGGS LLP
                       BY DAVID M. PARKER, ESQ.
                          - AND -
                       GREGORY L. RIGGS, ESQ.
                       110 WEST A STREET, SUITE 615
                       SAN DIEGO, CALIFORNIA 92101

  FOR RENZULLI         PENNINGTON LAW FIRM
  PROPERTIES LLC:      BY WALT PENNINGTON, ESQ.
                       3304 30TH STREET
                       SAN DIEGO, CALIFORNIA 92104-4535

  FOR THE PHAIR        DUCKOR METZGER & WYNNE
  COMPANY LLC AND      BY NATHANIEL R. SMITH, ESQ.
  JEFFREY D. PHAIR:    101 WEST BROADWAY, SUITE 1700
                       SAN DIEGO, CALIFORNIA 92101

ROBERT JAMEYSON, CSR NO. 8936
PRO TEM COURT REPORTER
SAN DIEGO SUPERIOR COURT

1    SAN DIEGO, CALIFORNIA - FRIDAY, FEBRUARY 7, 2025 - 11:15 A.M.

2                              --oOo--

3         THE COURT:  Okay.  So we are here now, this case, AHLC

4    versus Renzulli.  Appearances, please.

5         MR. PARKER:  Good morning, your Honor.  David Parker,

6    on behalf of plaintiffs Affordable Housing Land Consultants and

7    Century Housing.

8         MR. RIGGS:  Good morning, your Honor.  Gregory Riggs,

9    also on behalf of Affordable Housing Land Consultants and

10   Century Housing Corporation.

11        MR. PENNINGTON:  Walt Pennington, on behalf of

12   Renzulli Properties LLC.

13        MR. SMITH:  Nathanial Smith, on behalf of Jeffrey

14   Phair and The Phair Company LLC.

15        THE COURT:  Okay.  So have a seat.  We have two things

16   ahead of us today.  One is the motion for preliminary

17   injunction, and the other is the anti-SLAPP motion.

18             I think I want to talk about the anti-SLAPP motion

19   first, because in dealing with a preliminary injunction, we

20   have to talk about likelihood of prevailing.  And the

21   anti-SLAPP motion, that's kind of an issue we have to address

22   at prong two.  And so it makes sense to do the anti-SLAPP

23   motion first, and that will basically dictate what happens with

24   the preliminary injunction.

25             Okay.  So this is an anti-SLAPP motion.  With regard

26   to the defense prong one obligation of making a prima facie

27   case that it arises out of the exercise of protected activity,

28   what we have here is we have got the recording of a judgment,

1    we have got initial levying activity, we have got the indexing

2    of it, which was done by the County Recorder's Office.  That

3    stuff clearly I think arises out of protected activity.  That

4    doesn't mean it -- doesn't mean the defense wins.  It just

5    means that they have satisfied prong one.

6          So let's talk about prong two, and that is the burden

7    is on the defense to establish a substantial probability of

8    prevailing.  And "substantial" is kind of a misnomer because

9    it's like a motion for summary judgment.  Can they raise a

10    triable issue of fact, even if we assume, as I am, that this

11    arose out of protected activity.

12          I do think that there is a probability that the

13    defense will win.  But it's a very interesting issue, because

14    boiled down to its essence, it looks like Renzulli properly

15    recorded --

16          Don't shake your head when I'm talking, unless it's up

17    and down.  Okay?

18          MR. PARKER:  Okay, your Honor.

19          THE COURT:  I think Renzulli, he brought it to the

20    Recorder's Office.  It was done -- first of all, there is no

21    issue about actual notice.  We're only talking about

22    constructive notice.  No evidence at all that AHLC and Century

23    knew about this.  So they didn't know about this.  So the

24    question is, did they constructively know about it?  And what

25    we have here is Renzulli went down there before the sale and

26    submitted the judgment, and it was recorded.

27          The problem is the County's indexing doesn't comport

28    with the actual law, because -- to give constructive notice.

1   The County can have any kind of system they want.  But to give
2   constructive notice, I believe that a search under the full
3   legal name of the judgment creditor is required.

4        I just don't know how you can get around that.  To
5   say, well, internally, we ignore the "The," I mean, that's
6   fine.  They can do that, I suppose.  And then if it was a
7   lawsuit against the title company, let's say we hired a title
8   company to go down and do a search, and the title company
9   missed it, when it was already filed, then there could be an
10  argument made by AHLC that, title company, you should have
11  known this was the San Diego County practice.  And because of
12  that, you should have checked the index without the "The."

13       But that's not really the scenario we have here.  And
14  this is a shame.  I mean, this is -- you're representing Phair.
15  He's not looking good so far.  Now, he hasn't submitted papers.
16  He may have a great response.  But the way this has been
17  briefed, it's hard to escape the conclusion, which is not a
18  finding the Court makes, is that Phair is a crook.  I mean --
19            MR. SMITH:  There is a whole 'nuther, other issues.
20            THE COURT:  Yes.  And I don't mean -- you can address
21  it.  And my remark just now is nothing more than stray and
22  uninformed.

23       But, I mean, this is a situation where, I mean, I
24  think that AHLC and Century were BFPs or encumbrancers, at
25  least as to Century.  I mean, everyone knew about it.

26       The heavy reliance on 47(b) is kind of refuted by the
27  notion that these are equitable-only causes of action being
28  asserted under that *Weeden* case.

1    THE REPORTER:  I'm sorry.  Under the what case?

2    THE COURT:  Under the *Weeden* case, that's W-e-e-d-e-n.

3    The argument that the title company should have had an

4    updated final search, I mean, that's nice, but you don't need

5    to do that under the law.  I mean, someone doesn't lose their

6    BFP status when they have -- they have no actual notice, they

7    have hired a title company to search twice, but they just

8    didn't ensure that there was a third time, a third search.  And

9    we know that even if there was a third search, if that search

10   was only in the name of The Phair Company LLC, it would not

11   have turned up the abstract.

12   So I just, you know, I feel sorry for Renzulli,

13   because they had a capable lawyer, they did the right things,

14   filed it all, but it falls into this little area that a title,

15   it was basically recorded properly but not indexed properly.  I

16   guess that's to sum it up.  It has to be indexed properly to

17   give constructive notice.

18   Constructive notice is kind of an extraordinary thing

19   because by definition you're saying a party has notice when you

20   admit it didn't have notice.  It's construed to have notice.

21   So that's guiding my interpretation here.  I think that

22   constructive notice has to be interpreted in such a fashion

23   where it really is crossing the t's and dotting the i's.

24   Because we're dealing with someone who doesn't have actual

25   notice.  So those are my thoughts.

26   So having done that, then we go to the preliminary

27   injunction.  And there, I have to look at really two

28   considerations.  One, the likelihood that the moving party will

1    prevail on the merits.  And here, that's kind of what I have

2    done in prong two, my prong two analysis.  And three, the

3    interim harm to the respective parties if an injunction is

4    granted or denied.

5          I think balancing the equities really militates in

6    favor of AHLC.  They take out, they buy a property for

7    $8 million.  3 million of it's gone to Phair right off the bat

8    because of this, even though they hired a title company that

9    searched twice.  And I guess the loan was going to be used for

10   people who can't afford full fair housing.  I mean, I just

11   think the balance of equities is really -- really militates

12   strongly in favor of one.

13         But that's not enough to grant it.  I would also have

14   to find that there is a likelihood of it prevailing.  And I'm

15   making that finding now.  Renzulli is not bound by these

16   findings as this case goes on.  In other words, the law is

17   crystal clear that a ruling on a motion for preliminary

18   injunction is not a re-adjudication of the ultimate rights.

19         So this issue, we're going to -- this issue about

20   constructive notice is something that needs to be fully

21   litigated.  It was well briefed by the parties.  There is no

22   deficiency in that.  And to the extent it's a matter of law,

23   then probably you know what I'm going to rule downstream.  But

24   it's not -- you can't cite my finding here in future

25   proceedings.  The judge has already decided, blah, blah, blah.

26   I have only decided in the context of a preliminary injunction.

27         So the ball's in your court, Mr. Pennington.

28         MR. PENNINGTON:  Your Honor, I appreciate the Court's

1   time in looking at the matter.  As the plaintiff's counsel

2   wrote in their papers, these are equitable issues.  And so

3   these aren't legal issues.  And the argument that plaintiff's

4   counsel made was a legal argument, that the law says this.

5           And so the Court's finding would be to say that every

6   document at the County Recorder's Office that is not indexed

7   with the word "The" is therefore indexed improperly.  So it

8   would be, it's universal --

9           THE COURT:  But the law says you have to index it

10  according to the name, the actual name.  And if the actual name

11  is "The," it should be.

12          But, you know, title companies know this.  That's why

13  I made that comment, that if this was a case where AHLC was

14  suing its title company for having done a, quote, negligent

15  search, let's say they hired a title company to do the search

16  three days before, and they missed it, then the AHLC could --

17  the title company couldn't defend it saying, well, it wasn't --

18  we looked and it wasn't under "The," because the argument would

19  be, with the experts to address this, is, look, title company,

20  you searched in San Diego, you were hired to do a search, and

21  you searched in San Diego, you should know their practice of

22  not putting "The" in.  I mean, I think that's a significant

23  difference.

24          MR. PENNINGTON:  It would be a significant difference,

25  your Honor, if the search that resulted in finding the abstract

26  of judgment was different than the search that found the deed

27  and the trust and the other documents.

28          So effectively the Court has said that all documents

1  related to this case, because they do not have "The" as part of
2  the search, are indexed improperly.

3         THE COURT:  Improperly for purposes of constructive
4  notice.  That's the limitation.  Still has purpose.

5         MR. PENNINGTON:  So here I think, if I sort of extend
6  that argument, if we start with the argument that these -- all
7  of these documents, everything in the County Recorder's Office
8  that should start with "The" is indexed improperly --

9         THE COURT:  For purposes of constructive notice.

10        MR. PENNINGTON:  For purposes of constructive notice.
11 Then we take the next step, which is, okay, I am now trying to
12 do a transaction.  I'm actually trying to find what's out
13 there.  And I now have a process to go and find it.  And I can
14 now find these things.  Equity sort of just, equity says, well,
15 okay, legally, that's the way it should be, but here is the way
16 in which it actually happens, and this is the way it happens
17 across all counties in California.

18        THE COURT:  Is that true?

19        MR. PENNINGTON:  It is true.  Because --

20        THE COURT:  All counties?

21        MR. PENNINGTON:  Because the main rule that the
22 San Diego County Recorder uses is a manual that comes from the
23 State County Recorder's Association.  And so --

24        THE COURT:  No one does the "The."  The "The" is
25 not -- even in this case, there were some places where there
26 was "The."  So sometimes it is, and sometimes it isn't.

27        MR. PENNINGTON:  Well, your Honor, the County Recorder
28 said that in those cases where the -- it's "The," so, your

1    Honor, I don't have the opportunity to do a surreply.  So the

2    County Recorder could say, yes, these documents are -- have

3    "The" ahead of it.  So there is a limited number of documents.

4    The County Recorder then says, yes, all of those documents are

5    indexed improperly.  And then between the deposition and now,

6    they have all been removed.  So they have all gone back and

7    been indexed properly, so that when you do the search, it does

8    not show up anymore, because the County Recorder says that's

9    not indexed properly.  So the problem here is --

10          THE COURT:  Well, think of the irony here.  You have

11   to index it improperly to be considered proper.  I mean, how

12   can you fault someone for indexing it under the full legal

13   name?  I mean --

14          MR. PENNINGTON:  So, your Honor, here is the -- let me

15   take a step further.

16          THE COURT:  Yeah.

17          MR. PENNINGTON:  There is now a reason, based on this

18   Court's ruling, for me, for any person in San Diego County, to

19   just assert the name "The" ahead of any transaction, any name.

20   So I could now say I'm going to record a document as The Walt

21   Pennington.

22          THE COURT:  Why would you have that incentive?  You'd

23   only have that incentive if there was a The Walt Pennington.

24          MR. PENNINGTON:  But I'm saying I'm going to legally

25   change my name to The Walt Pennington.

26          THE COURT:  Okay.

27          MR. PENNINGTON:  I am now going to take a document

28   down to the County Recorder's Office.  I'm going to record it.

1    Somebody else now, anyone who records something after that, I
2    can come back here, and I can say, your Honor, that's not
3    indexed properly.  Because although they did it, I don't have
4    to pay that off.  A judgment is filed against me, a lien is
5    filed against me, I don't owe it.  And the person who bought
6    it, because it's not indexed in the proper name, they recorded,
7    the County Recorder indexed it under Walt Pennington.  But even
8    though it said, the deed said I have got a deed for The Walt
9    Pennington, the County Recorder records it under Walt
10   Pennington.

11         A judgment lien comes in, a first mortgage, a second
12   mortgage comes in.  And they're all under "The," they all say
13   "The Walt Pennington."  But the County Recorder then records it
14   under "Walt Pennington."  And I come in, and I say, your Honor,
15   invalidate all three of these, because I had no notice of them.
16   I can then go -- I can then go and sell it to my friend.  My
17   friend, I say, I don't have any debts on this.  They go and
18   they look up "The Walt Pennington."  Nothing shows up.  They
19   buy it.  They can then say, I'm a bona fide purchaser, because
20   I looked up "The Walt Pennington."

21         THE COURT:  But the title company knows about this.
22   So they should look up "The Walt Pennington," and they should
23   also search "Walt Pennington."  So the professionals who know
24   this should be aware of that.  And I'm sure they are.  The
25   strange thing here was that the professionals did it before it
26   was recorded, and there was no requirement.  It would have been
27   proved, quite frankly, if you check again three days before.
28   Had it been checked three days before, the title company,

1    knowing the deletion of "The's," would have found this.

2         MR. PENNINGTON:  I'd like to continue on with my

3    analogy there.

4         THE COURT:  But do you agree with what I'm saying?

5         MR. PENNINGTON:  I do.  So, yes, they would have found

6    it.  They should have found it.  And really the question is, is

7    there constructive notice.  Because, your Honor, if I look at

8    the title report, the two title reports that they provided and

9    are attached as exhibits, if you search for "The Phair

10   Company," nothing comes up.  So there should be nothing in that

11   title report.  So to say that it is not the standard practice,

12   so -- that is the constructive notice.  So if they looked and

13   they know that this is the way to do it, and --

14        THE COURT:  You say "they know."  The title company

15   probably knew, but not --

16        MR. PENNINGTON:  Well, your Honor, let's just take

17   this, if they were to go and AHLC were to do a title search,

18   and they were to look up "The Phair Company" with "The" at the

19   beginning, nothing would show up.

20        THE COURT:  Right.

21        MR. PENNINGTON:  And so they'd go down and they'd say

22   you guys don't have title to this property.  And they'd say of

23   course we have title to the property.  Look it up.  You have to

24   delete "The."  And then you go, oh, if I type in "Phair Company

25   LLC."

26        So we're now talking about notice.  They cannot have

27   notice that they have the property without omitting "The" from

28   the search.  So now the Court is now trying to hold my client

1    to a different standard, to say the way in which they get to do

2    it is different from the way in which you get to do it in order

3    to have it indexed properly.

4         THE COURT:  But there is a difference between the

5    title company and the party actually searching.  Okay.  The

6    title company has to comply with the standard of care.  And the

7    title company, if they know about the San Diego practice, has

8    to -- if they are going to do a title search, should take that

9    into account.  The standard of care for a title company is not

10   imputed in the knowledge of the title company.  That's not

11   imputed to the actual party, the searcher.  Their obligation is

12   to conduct a search in the name of the grantor.

13        MR. PARKER:  Grantor or the judgment debtor in this

14   case.

15        THE COURT:  The name of the judgment debtor.  That's

16   their legal responsibility.  And had they done that three days

17   before, it wouldn't have shown anything.  Just as a practical

18   matter, people don't search it themselves.  They use title

19   companies.  And that's why there would be an issue here if the

20   title company had been retained to do a last-minute search.

21   Because they should, they would have picked it up.  But we're

22   just talking about constructive notice.  Not what a title

23   company complying with the standard of care would ordinarily do

24   above and beyond that which was required by the law.

25        This case finds itself in this little crack.  And I

26   just, I think I have to -- I haven't seen any cases that say

27   this, but I'm willing to make law on this, I do think that when

28   you're interpreting whether constructive notice, something

1    constructive is being done or determined, you really have to --
2    the party that's asserting there was something constructive
3    really has to dot all i's and cross all t's.
4         Because again, you're basically determining, as a
5    matter of law, someone who didn't have knowledge of something
6    is deemed to have had knowledge of something.  Okay.  That's
7    the law.  You've got to follow it.  But it has to be followed
8    strictly.
9         But you bring up good points.  I mean, this is -- I
10   struggled with this one.  In fact, you notice, when you guys
11   were here before, I invited pre-argument on it, because that
12   was bothering me.  And then I just, I read the County's -- the
13   deposition of that County person in its entirety, and I just,
14   it's unfortunate.  But I don't think Renzulli did anything
15   wrong.
16        Let's go back to Phair.  I'm waiting for his case.
17   When is he going to file a motion, find his views on all this?
18        MR. SMITH:  In due course.  He did not make out on
19   top.
20        THE COURT:  Because this could have been avoided so
21   simply, if AHLC had known of this --
22        MR. PARKER:  The money would have gone to that.
23        THE COURT:  -- they would say, all right, pay it.
24   Just like they did with the Conrad --
25        MR. PARKER:  Exactly.
26        THE COURT:  -- Deed of Trust.  It would have been
27   treated the same way.  But when Renzulli, at least based on the
28   briefing, and you haven't submitted any papers, Counsel, I

1     understand that, but based on the briefing, Renzulli

2     represented there was nothing that would have affected his

3     judgment in any way, shape or form.  The same time that he's

4     saying that, he knew that there was a judgment against him.

5          MR. PARKER:  You said Renzulli, but you meant Phair.

6          THE COURT:  Yeah, Phair, yeah.

7          MR. PARKER:  Yeah.

8          THE COURT:  So does anybody wish to be heard on

9     anything?  Basically --

10          MR. PENNINGTON:  I think we need a bond at this point.

11          THE COURT:  Well, yeah.  But what kind of bond?  I was

12     thinking maybe just a minimal 10,000.  What would be the

13     bond -- tell me a scenario, when we're talking about $8 million

14     in property, or property that's worth, what, 7 million now?

15          MR. PARKER:  7.3 was the --

16          THE COURT:  7.3.  And the Conrad Deed of Trust has

17     already been paid off.

18          MR. PARKER:  And that was just over $2 million.  And

19     it was there before the abstract.  So there is 2 million more

20     in equity than there would have been as a result --

21          THE COURT:  So how much do they owe right now?  What's

22     it worth right now?

23          MR. PARKER:  Well, if he wins, Century's lien doesn't

24     matter.  If he were to prevail, if Renzulli were to prevail,

25     they would have superiority in a property that is worth seven

26     point --

27          THE COURT:  So there are three million --

28          MR. PARKER:  Yes.  $7.37 million is the valuation of

1  the property.  It's probably worth more now.  That was July of
2  last year.
3           THE COURT:  So let's say 8 million.
4           MR. PARKER:  He'd have an unencumbered property.  His
5  judgment is 3.4 with -- and change with interest.
6           THE COURT:  So why would you need a bond?  Doesn't the
7  fact that the property is worth 8 million and your lien would
8  only be for 3-1/2 million if you prevail, wouldn't that take
9  care of it?  How could it be more than that?
10           MR. PENNINGTON:  Well, your Honor, I mean, one of
11  the -- one of the issues that's come up here is the indexing.
12  So in the scenario that I gave, which would be I changed my
13  name to The Walt Pennington, and then I go and I get several
14  debts related to it.  I go to my friend, and I say, hey, I
15  bought this property for a million, I have got -- or I bought
16  it for 3 million, I now have $3-1/2 million in debts on the
17  property, or I don't tell him I have $3-1/2 million, but I have
18  3-1/2 million, I say I bought it for 3, buy this from me, go
19  down and you can do a search for "The Walt Pennington," and
20  you'll find nothing.  In fact, here it is.  Let's do it right
21  now on my phone or on my computer.  Friend says, yep, don't see
22  anything there.  Friend buys it from me for 3 million.  The
23  three people who have debts against me come in and say, hey,
24  our lien was there.
25           THE COURT:  But who has debts against --
26           MR. PENNINGTON:  But I'm saying, in my particular
27  scenario, I can then wipe out their debts.  So here, there is a
28  scenario where they could go and again transfer it to someone

1   else to try to say we don't change the name, so we now transfer

2   it to something else that has "The" in front of it, and we're

3   going to make another transfer to wipe out debts and to

4   potentially wipe out my client's --

5           THE COURT:  You think AHLC would do that?

6           MR. PENNINGTON:  I'm thinking the Court's ruling now

7   gives this opportunity, because there is a huge gap in the law,

8   which is to say everything that the County Recorder does, where

9   it omits "The" from the beginning of the name, is now no

10  longer -- the Court has found that every document that the

11  County Recorder records that indexes it where the name "The" is

12  at the beginning is improperly indexed.  So that's the finding

13  as a result of this.  So if that finding then applies to every

14  other case, there would be no reason for someone not to try to

15  take advantage of that gap, between how it should be recorded

16  and how the County Recorder actually recorded it.

17          THE COURT:  Usually title companies are involved, and

18  they know about this thing.  So as a practical matter, it's not

19  changing really anything.  This was a strange case, because it

20  involved a title company, but the title company did not,

21  according to your papers, didn't do a more recent check.  Had a

22  title company done a more recent check, and did it within the

23  standard of care, recognizing this "The" issue, it would have

24  been detected.  It just wasn't here.  So I don't think this is

25  really a game changer on how things are done.  This is kind of

26  a very unique factual situation that just seemed to fall right

27  through the cracks.

28          But getting back to my question, again, we have got an

1    $8 million property, and you have, I mean, because you have a
2    thirty-five --
3              MR. PENNINGTON:  Four plus --
4              MR. PARKER:  It's 3,797,273.82 as of today.
5              THE COURT:  So if you win on this, won't the value of
6    that property be able to pay off your then recognized lien?  I
7    think so.
8              MR. PENNINGTON:  We'll defer to the Court.  Thank you
9    for hearing our arguments.
10             THE COURT:  What I can say is if you find out about
11   shenanigans, if you're passing it on or so forth, whatever, you
12   can come back to Court and get some kind of relief, I would
13   think.  Okay.  So I'm going to order just a minimal $10,000
14   bond, with the understanding that at any point in time if
15   things change, I can augment that bond.  Okay.
16             MR. PENNINGTON:  Thank you, your Honor.
17             MR. PARKER:  May I make just one clarification for the
18   record?
19             THE COURT:  Yes.
20             MR. PARKER:  This has nothing to -- this just is for
21   our mind-sets going forward.
22             THE COURT:  Okay.
23             MR. PARKER:  So this fiction of constructive notice
24   that the law creates, it doesn't impose a duty of searching.
25   You, John Q. Public, when you buy and sell real estate, whether
26   you're a mom and pop or a sophisticated entity, you are
27   chargeable only with documents that are precisely recorded in
28   the name of the party.

1    THE COURT:  See, this was recorded properly.  It just
2  wasn't indexed properly.
3    MR. PARKER:  It wasn't indexed -- well, proper
4  recordation is both the fact of recording and indexing.
5  Recordation is not deemed complete until you actually index it
6  and get it right.
7    THE COURT:  All right.  So it's a semantic --
8    MR. PARKER:  Anyway, I want to talk about two very
9  brief things.  One is --
10    THE COURT:  We have to leave at five minutes of 12:00.
11    MR. PARKER:  Yes.
12    THE COURT:  I made a promise.
13    MR. PARKER:  And I'm going to do my best not to grasp
14  defeat from the jaws of victory.
15    THE COURT:  Right, yeah.  On those rare occasions when
16  I was a lawyer and I won a motion, I was the first one out that
17  door, because I didn't want to give the judge time to change
18  his mind.  So you're in risk territory.
19    MR. PARKER:  I just wanted to let you know that, a
20  couple of things.  One is, as far as San Diego's practices go,
21  they are internally inconsistent.  The disclaimer from Jordan
22  Marks, our fine County Recorder, says, "We record
23  everything" --
24    THE COURT:  I saw that in your papers.
25    MR. PARKER:  -- "exactly as written."
26    So if you're a member of the public searching the
27  public record, you're going to think, well, the guy on my
28  purchase contract, on my escrow instruction, on the deed to me,

1   is The Phair Company, and I'll search The Phair Company LLC.

2   And that's the law.  You know, that's the *Orr* case.  That is

3   the *Hochstein* case.  That's the *Vasquez* case.  It's got to be

4   exact.

5         And this whole idea of title, it's really a red

6   herring, because the fiction of constructive notice, that

7   wisdom is only imparted to people for documents that are

8   properly indexed based on what a search of the grantor-grantee

9   indices at the County Recorder would show.  Title companies

10  have proprietary databases.  TitlePoint.  It's in the papers.

11  They don't search the County Recorder.  And what they search

12  and what they find as a matter of law is only for the purposes

13  of making an offer to insure.

14        So what title does and doesn't do and what it puts in

15  the preliminary report or doesn't put in the preliminary report

16  has no bearing for liability since -- from my clients.  They

17  can't sue their title company for something that was or wasn't

18  in the preliminary report, as a matter of statute, because all

19  it is is an offer to insure, and no reliance can be placed on

20  that.

21        THE COURT:  No.  But if they hired the title company

22  to do another search three days before, and the title search --

23  and the title company does that search and misses this, I would

24  think that would be actionable.

25        MR. PARKER:  No.  It's like being angry at a life

26  insurance policy if you die.  Title insurance doesn't exist to

27  say there are no defects in title.  It exists in the event

28  there is a defect that's missed.  It's entirely backwards from

1     what most people -- the way most people think about it.

2           But anyway, so the *Southland* case cited in our papers,

3     and the Insurance Code 12340.10 and .11 make very clear, title

4     has no liability, and knowledge isn't imputed.  So even if it's

5     searched and you found it, what we're looking at is what you

6     would find if you, not title searching its proprietary database

7     to figure out if it's going to be an issue of policy, what

8     we're looking at is, what would you find if you went to the

9     County Recorder's Office and that County Recorder's Office

10    searched in the exact name of your grantor.  Here, if Bobby

11    Ashrafi did that, he'd find nothing.  He wouldn't find the

12    abstract.  The question is would you find --

13          THE COURT:  Even the County person conceded that.

14          MR. PARKER:  Yeah, they did.  They did.

15          THE COURT:  That was undisputed.

16          Okay.  All right.  Anything else?  So what's the next

17    step in this case now?

18          MR. PARKER:  They have got to settle it.  They have

19    got a bunch of other --

20          MR. PENNINGTON:  I think our next step in this case is

21    for I think for both preliminary injunction and for the

22    anti-SLAPP.  My client has an automatic appeal right.

23          THE COURT:  Okay.  Yeah.

24          MR. PENNINGTON:  So my client is planning on doing

25    both of those issues.  We greatly appreciate the Court's --

26          THE COURT:  No, no.  That's fine.

27          MR. PENNINGTON:  So we are going to request that.

28          THE COURT:  Let me ask -- request what?

1    MR. PENNINGTON:  Request a review from, I thought you

2    had a ruling of the Court.

3    THE COURT:  Because you're not entitled to a statement

4    of decision.

5    But let me ask you this.  My understanding, I think I

6    saw it in the papers, there is other property out there that

7    Phair has that can be attached.  Right?  Maybe "attached" isn't

8    the right word, but levied upon.  Right?

9    MR. PENNINGTON:  There is one parcel that's going for

10   sale later this month, so on the 26th.  So there is some money

11   from there.  Not --

12   THE COURT:  But not enough?

13   MR. PENNINGTON:  Not enough.  And then the other

14   parcels are not owned by Mr. Phair or these particular

15   companies.  They're owned by LLCs that Mr. Phair owns.  So we

16   have an order -- we have a motion to foreclose on the LLC.  And

17   we already have a charging order.  And so we have to foreclose.

18   But I don't know that selling LLCs that owned real property,

19   even if the LLC is really valuable, and I don't know what

20   Mr. Phair will do between now and that time.

21   THE COURT:  Yeah.  Okay.

22   MR. PENNINGTON:  So as to whether those properties

23   could get moved to another entity.

24   THE COURT:  But there is a scenario where you could

25   collect it, the full amount, the 3.5, from his other

26   properties.  That scenario exists.

27   MR. PENNINGTON:  We're working to exercise all of

28   those, all of the options that my client has to get paid from

1    Mr. Phair.

2              THE COURT:  Yeah.  Okay.  Anything else?

3              MR. SMITH:  And we have a mediation with Justice

4    Haller.

5              THE COURT:  Oh, wow.  Is that going to include this as

6    well?

7              MR. PENNINGTON:  No.

8              THE COURT:  It's not.

9              MR. PARKER:  We weren't invited.

10             THE COURT:  What's that?  You weren't invited?

11             Do you want them there.

12             MR. PENNINGTON:  No, I don't think that it matters.  I

13   think from their perspective, that once if the judgment is

14   satisfied, then this is moot, because my client would remove

15   the abstract of judgment, and so then the whole case is moot.

16             THE COURT:  Is the thinking -- well, we've got to go.

17   Take care.

18             (The proceedings concluded at 11:55 a.m.)

19                          --oOo--

20

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA )
                    : SS.
COUNTY OF SAN DIEGO )

I, ROBERT JAMEYSON, Pro Tem Reporter for the Superior Court of the State of California, in and for the County of San Diego, do hereby certify:

That as such reporter, I reported in machine shorthand the proceedings held in the foregoing case;

That my notes were transcribed into typewriting under my direction, and the proceedings held on February 7, 2025, contained within pages 1 through 23, inclusive, are a true and correct transcription.

Dated this 10th day of February, 2025.

_____
ROBERT JAMEYSON
CSR NO. 8936

# Exhibit 19

IRS Logo

This Product Contains Sensitive Taxpayer Data

# Account Transcript

|  |  |
|---|---|
| Request Date: | 10-23-2024 |
| Response Date: | 10-23-2024 |
| Tracking Number: | 106795717649 |

FORM NUMBER:     1040
TAX PERIOD:      Dec. 31, 2022

TAXPAYER IDENTIFICATION NUMBER:     XXX-XX-4458

Requested Data Not Found.

This Product Contains Sensitive Taxpayer Data

IRS Logo

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | |
|---|---|
| Request Date: | 10-23-2024 |
| Response Date: | 10-23-2024 |
| Tracking Number: | 106795717649 |

FORM NUMBER:    1040
TAX PERIOD:     Dec. 31, 2023

                TAXPAYER IDENTIFICATION NUMBER:    XXX-XX-4458

Requested Data Not Found.

This Product Contains Sensitive Taxpayer Data

# Exhibit 20

## MINUTE ORDER

DATE: 11/27/2024                TIME: 8:30 AM            DEPT: C-74

JUDICIAL OFFICER: BLAINE K. BOWMAN
CLERK: Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: J. Cortes

CASE NO: **37-2022-00046736-CU-BC-CTL** CASE INIT.DATE: 11/15/2022
CASE TITLE: **JEFF PHAIR vs RENZULLI PROPERTIES LLC [IMAGED]**
CASE CATEGORY: Civil        CASE TYPE: (U)Breach of Contract/Warranty:Specific Performance

**HEARING TYPE:** Motion Hearing
MOVING PARTY:

**APPEARANCES**
Nathaniel R Smith, Attorney for Respondent(s), Plaintiff(s), Cross Defendant(s), and Respondent on Appeal(s), present in person.
Walt Pennington, Attorney for Defendant(s), Petitioner(s), Cross Complainant(s), Appellant(s), and Judgment Creditor(s), present via remote video appearance.

(Clerk's Note: case #37-2022-00046736-CU-BC-CTL, Phair vs. Renzulli (lead case) and case #37-2024-00015835-CU-BC-CTL, Phair vs. Renzulli (subordinate case) are consolidated.)

The Court hears argument of counsel.

The Court CONFIRMS the tentative ruling as follows:

**The court addresses the evidentiary issues.** Defendants Renzulli Properties LLC and Thomas Renzulli's request for judicial notice contained in footnote 1 of Defendants' moving papers is DENIED for failure to comply with the requirements of California Rules of Court, rule 3.1113(*l*). Renzulli's separately filed request for judicial notice is GRANTED.

**The court then rules as follows.** Defendants Renzulli Properties LLC and Thomas Renzulli's motion to require Plaintiffs Jeff Phair, The Phair Company LLC and Green Phair Scripps Partners, LLC to post an undertaking for the Notice of Pendency of Action (Lis Pendens) filed by Plaintiffs in consolidated Case No. 37-2024-00015835-CU-BC-CTL [ROA 28] is GRANTED IN PART. CCP § 405.34.

Preliminarily, the court finds Plaintiffs' opposition timely. CCP § 1005(c).

Defendants seek an under taking pursuant to CCP § 405.34. This section provides:

---

DATE: 11/27/2024                MINUTE ORDER                Page 1

Subject to the provisions of Sections 405.31 and 405.32, at any time after a notice of pendency of action has been recorded, and regardless of whether a motion to expunge has been filed, the court may, upon motion by any person with an interest in the property, require the claimant to give the moving party an undertaking as a condition of maintaining the notice in the record title. However, a person who is not a party to the action shall obtain leave to intervene from the court at or before the time the person moves to require an undertaking. The court may permit evidence to be received in the form of oral testimony and may make any orders it deems just to provide for discovery by any affected party. An undertaking required pursuant to this section shall be of such nature and in such amount as the court may determine to be just. In its order requiring an undertaking, the court shall set a return date for the claimant to show compliance and if the claimant fails to show compliance on the return date, the court shall order the notice of pendency of action expunged without further notice or hearing.

Recovery on an undertaking required pursuant to this section may be had in an amount not to exceed the undertaking, pursuant to Section 996.440, upon a showing (a) that the claimant did not prevail on the real property claim and (b) that the person seeking recovery suffered damages as a result of the maintenance of the notice. In assessing these damages, the court shall not consider the claimant's intent or the presence or absence of probable cause.

There is little case law interpreting CCP § 405.34. However, the Code Comment to CCP § 405.34 provides an explanation as to the purpose of this section.

*Prior Law, origin and Purpose*

1. The last sentence of Former CCP 409.1 authorized a court to require the proponent of a lis pendens to give the other party an undertaking as a condition of denial of an expungement motion. This section continues the court's authority to order the claimant to give an undertaking, but allows the court to order an undertaking on motion independent of a motion to expunge. This separation of motion to expunge from motion to require undertaking serves two purposes. First, it brings lis pendens undertaking procedures into line with provisional remedy practice generally, in which the party receiving the provisional relief typically is required to provide an undertaking. Second, the former inclusion of the undertaking authority within the provisions dealing with expungement has lead some courts to regard an undertaking as an alternative to expungement. CCP 405.31 and CCP 405.32 now make clear that a lis pendens must be expunged if the claimant cannot meet the statutory tests. This section provides the court with authority to require an undertaking when appropriate even if the claimant does meet the statutory tests. Decisions regarding an undertaking requirement are to be governed by normally applicable equitable principles.

. . . .

Defendants first argue that Plaintiffs cannot prevail in the 2024 case because all claims related to the Purchase and Sale Agreement (PSA) were adjudicated in the 2022 case and thus, Plaintiffs' claims in

the 2024 case are barred by res judicata. In opposition Plaintiffs argue that, in contrast to the extensions at issue in the 2022 case, the 2024 case is based on Renzulli's conduct "that occurred after entry of judgment in the 2022 Action." [Plaintiffs' opposition p. 8, ll. 25-28.] Plaintiffs also argue that "[t]he PSA continues to be in full force and effect" [Cplt. ¶ 45]. In reply, Defendants argue that Plaintiffs cannot establish that the PSA still exists, or that, if the PSA still exists, the PSA allows for the access to the property Plaintiffs seek.

Setting aside the res judicata issue, the court first addresses the issue of whether the PSA is still in effect. The Judgment confirms the arbitrator's Final Award which reads:

### FINAL AWARD

The City of San Diego Planning Department did not and in the foreseeable future will not open for in-person meetings, thus making the satisfaction of the condition that obligates Phair to close Escrow or pay the Close of Escrow Extension fee unreasonably open ended for the benefit of Phair. Finding that March 15, 2021 is a reasonable date for the expiration of the COVID Extension and finding that thereafter Phair would be in breach of their obligation to close Escrow or pay the Close of Escrow extension fees, it is equitable to extend Phair's obligation to close Escrow until no later than 30 days of service of the Final Award in exchange for Phair's payment to Renzulli of Close of Escrow Extensions fees from March 15, 2021, until the close of Escrow.

If Phair does not close Escrow within 30 days of service of the Final Award, they will be in breach of the PSA and shall pay to Renzulli Close of Escrow fees from March 16, 2021, for 12 months or until March 15, 2022. Thereafter, they shall pay breach of contract damages of prejudgment interest on the balance of the purchase price until close of Escrow.

### Damages and Payment

No later than thirty (30) days after the Final Award is served on Counsel for the Parties, Phair shall close Escrow and pay Renzulli $20,000 per month through Close of Escrow to compensate for monthly Close of Escrow Extensions from March 16, 2021, through the date of Close of Escrow, prorated for partial months.

If Phair fails to Close Escrow within thirty (30) days after the Final Award is served on Counsel for the Parties, Phair shall pay Renzulli $20,000 per month through Close of Escrow to compensate for monthly Close of Escrow Extensions from March 16, 2021, through March 15, 2022 ($240,000), plus interest at the legal rate on the purchase price of the property ($15,730,000 [$16,026,000 less $296,000]), from March 16, 2022 through the Close of Escrow.

No later than thirty (30) days after the Final Award is served on Counsel for the Parties, Phair shall pay Renzulli, as the prevailing Party, Costs of $21,816.65, plus interest at the legal rate of interest for each day thereafter.

Preliminarily, the court finds nothing in the Award/Judgment indicates that the PSA was terminated by the Award/Judgment. Rather, by its terms, the Award/Judgment contemplates that the close of escrow would occur at some point after entry of Judgment (e.g., "[i]f Phair fails to Close Escrow within thirty (30)

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 20 - Page 3

days of service of the Final Award they will be in breach of the PSA . . . ."). However, Defendants also argue that, when Plaintiffs failed to pay certain fees, the PSA expired by its own terms. Pursuant to ¶ 23 of the PSA,

> 23.    Liquidated Damages – By placing their initials immediately below, Buyer and Seller agree that it would be impracticable or extremely difficult to fix actual damages in the event of a default by Buyer, that the amount of Buyer's Deposits hereunder (as same may be increased by the terms hereof) is the parties' reasonable estimate of Seller's damages in the event of Buyer's default, and that ==upon Buyer's default in his purchase obligations under this Agreement, not caused by any breach by Seller, Seller shall be released from its obligations to sell the Property and shall retain Buyer's Deposits==. [Emphasis added.]

As set forth above, the Award specifically provides: "If Phair does not close Escrow within 30 days of service of the Final Award, they will be in breach of the PSA . . . ." ==It is undisputed that escrow has not closed. Thus, as defined in the Award, it appears that Plaintiffs are in breach of the PSA. Pursuant ¶ 23 of the PSA such breach of the PSA may be sufficient to release Defendants' obligations to sell the property to Plaintiffs, in effect terminating the PSA.==

Defendants also argue that, even if the PSA was not terminated, the PSA does not provide Plaintiffs with a right to the enter the property during the extension of the close of escrow. Defendants rely on the due diligence investigation and "Physical Inspections" provisions of the PSA [¶¶ 11, 12, 13, 20] to argue that Plaintiffs no longer have a right to access to the property. Plaintiffs rely on the "Cooperation with Buyer's Entitlements" provision of the PSA to support Plaintiffs' right to access to the property. Such arguments demonstrate a dispute as to whether the PSA allows for the inspections Plaintiffs seek in the 2024 case.

The court finds there are significant disputes as to whether the PSA has been terminated and, if not, whether Plaintiffs have a right to access the property. Considering these disputes, considering the history of the parties' disputes regarding the property, and also considering equitable principles, the court exercises its discretion in favor of imposing an undertaking for Plaintiffs' maintenance of the Notice of Pendency of Action (Lis Pendens).

As to the amount of the undertaking, the court exercises its discretion in favor of setting the undertaking in an amount based on 10% of the purchase price, for the time period April 4, 2024 (the date the 2024 complaint was filed) through April 3, 2027. Using the adjusted purchase price from the Award/Judgment and Defendants' formula, the court calculates the amount of the undertaking as follows: $15,730,000 x 10% = 1,573,000 x 3 (years) = $4,719,000.

The court sets a return date of December 27, 2024, for Plaintiffs to show compliance with the $4,719,000 undertaking requirement. The court also sets a compliance hearing for December 27, 2024, at 8:30am. If Plaintiffs fail to show compliance at the December 27, 2024, hearing, the court will order the Notice of Pendency of Action (Lis Pendens) expunged without further notice or hearing." CCP § 405.34.

This ruling is without prejudice to Defendants' ability to seek an additional undertaking on or after April 4, 2027.

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 20 - Page 4

If this tentative ruling is confirmed the Minute Order will be the final order of the court and the parties shall not submit any further order on this motion.

Parties waive notice.

IT IS SO ORDERED.

*Blaine K. Bowman*

Judge Blaine K. Bowman



**CLERK'S CERTIFICATE**

The foregoing __5__ page(s) is a true and correct copy of ☒ the original ☐ a copy on file with this office. It is ☒ the entire document ☐ an excerpt from a document

Clerk of the Superior Court

5/9/25 by K. Skille
Date Deputy K. Skille

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 20 - Page 5

# Exhibit 21



Walt Pennington <wpennington@pennfirm.com>

## Phair - 11 USC 544 and 548 - Account for missing $6,101,661.42

**Walt Pennington** <wpennington@pennfirm.com>                                    Thu, May 1, 2025 at 11:14 AM
To: vr@pinlegal.com, "Aaron E. de Leest" <adeleest@marshackhays.com>
Bcc: Tom Renzulli <dagocrunch@aol.com>

Dear Mr. de Leest and Mr. Renda,

Attached is my clients' correspondence that asks your clients to investigate the missing $4,801,661.42 from the July 3, 2024 sale of 3145 and 3167 Beyer Blvd, San Diego, California and the $1,300,000 from the July 26, 2024 loan by IRAR Trust Company secured by 945 E. J Street, Chula Vista, California. My clients, Renzulli Properties LLC and Thomas Renzulli, offer your clients 10 days to return the $6,101,661.42 to the bankruptcy estate, provide an accounting for the $6,101,661.42, or initiate an investigation by the debtors in possession. After the 10 days, my client will seek authority from the Bankruptcy Court to prosecute the claims, plus attorney's fees and costs.

Either you know that Mr. Phair is not credible or you have chosen to ignore the false and inconsistent statements made by Mr. Phair under penalty of perjury. Mr. Phair's false statements are why Judge Pollack said, on the record, that Mr. Phair is a crook. Mr. Phair's tax returns show that by IRS standards, Mr. Phair is running a hobby because Mr. Phair and The Phair Company LLC have never made any money, has annual tax losses over $500,000, Mr. Phair cannot account for how he funds the losses and Mr. Phair does not generate any money from the business to support himself. Here's the IRS definition of a hobby.

- The taxpayer depends on income from the activity for their livelihood.
- The taxpayer has enough income from other sources to fund the activity
- Losses are due to circumstances beyond the taxpayer's control or are normal for the startup phase of their type of business

Mr. Phair claims that he has no savings and no income, yet he can lose $836,000 in 2023 without identifying the source of that $836,000. Mr. Phair's claims are unbelievable.

I would encourage you not to enable Mr. Phair to continue to make obviously false statements to the IRS and the courts about his assets, income and profitability. Mr. Phair's most recent amended schedules filed on April 28, 2025 are false. Mr. Phair's amended schedules claim millions of dollars for businesses that have no income, no assets and no active projects. The Phair Real Estate Acquisition Fund III paid $800,000 for a property in October 2024 and Mr. Phair now claims that property is worth $4,000,000 without any justification for why the property appreciated by a multiple of five over six months. Because Mr. Phair's schedules are false, I've engaged both a real estate appraiser and a CPA to provide real values for Mr. Phair's businesses. Many of Mr. Phair's businesses are worth $0 now based on the assets, profit, and lack of active projects. Your client claims a value over $9,000,000 against Renzulli Properties LLC even though my client, Renzulli Properties LLC, obtained a *judgment* that found that Mr. Phair breached the parties' contract and the Superior Court in November 2024 wrote that paragraph 25 of the parties' contract released Renzulli Properties LLC from all obligations under the contract upon Mr. Phair's breach. You should encourage your client to make truthful statements or be prepared to face the consequences of his false statements.

Sincerely,
Walt Pennington
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
+1 619 940-6157
wpennington@pennfirm.com
http://www.pennfirm.com

Confidentiality Notice: This email is from a law firm and may contain confidential or privileged information protected by law. If it was not intended for you, please delete it, do not share it, and notify the sender.

 **Renz - Jeff - Bankruptcy - 0039 - 20250501.pdf**
275K



Walt Pennington <wpennington@pennfirm.com>

## Phair and Phair Co.
4 messages

**Aaron E. de Leest** <adeleest@marshackhays.com>                     Fri, May 9, 2025 at 6:23 PM
To: Walt Pennington <wpennington@pennfirm.com>
Cc: Ed Hays <EHays@marshackhays.com>, Sarah Hasselberger <shasselberger@marshackhays.com>, "vr@pinlegal.com" <vr@pinlegal.com>

Walt,

I hope you are doing well. In response to your communications dated May 1, 2025, we are aware of the alleged transfers that you have identified and Mr. Phair, on behalf of the Phair estate and Phair Co. estate, is investigating recovery of same for the respective estates. As you probably know, pursuant to 11 U.S.C. 546(a), the debtors' estates have 2 years to commence an adversary proceeding with respect to any avoidable transfers. Notwithstanding that deadline, we are moving expeditiously and will let you know when the investigation is complete and its outcome.

With respect to your other assertions and statements in your May 1, 2025, communications, the debtors' respectfully disagree.

Regards,

Aaron

**Walt Pennington** <wpennington@pennfirm.com>                     Fri, May 9, 2025 at 6:41 PM
To: "Aaron E. de Leest" <adeleest@marshackhays.com>
Cc: Ed Hays <EHays@marshackhays.com>, Sarah Hasselberger <shasselberger@marshackhays.com>, Vincent Renda <vr@pinlegal.com>

Hi Aaron,

Thank you for your email. Your clients' response is too vague and indefinite to prevent my client from moving forward. My clients need specific facts to show that your Mr. Phair and The Phair Company LLC and taking steps to investigate the missing $4,801,661.42 from the sale of 3145 and 3167 Beyer Blvd and $1,300,000 on the loan from IRAR Trust Company.
My clients need:
1. Bank account numbers where the money was received;
2. Bank name;
3. Name of the account owner for the bank account numbers; and
4. Names of designers on the bank accounts.
The above items are easy to find. A request to the escrow company for the Beyer Boulevard sale and First American Title will provide the escrow delivery instructions if Mr. Phair cannot identified the accounts.

If your clients are not willing to take these steps now, then your clients are not seriously interested in finding the missing money and my client will move forward.

Sincerely,
Walt Pennington
Pennington Law Firm
3304 30th Street

San Diego, CA 92104
619-940-6157
wpennington@pennfirm.com

Confidentiality Notice: This email is from a law firm and may contain confidential or privileged information protected by law. If it was not intended for you, please delete it, do not share it, and notify the sender.

[Quoted text hidden]

---

**Aaron E. de Leest** <adeleest@marshackhays.com>                    Mon, May 12, 2025 at 5:35 PM
To: Walt Pennington <wpennington@pennfirm.com>
Cc: Ed Hays <EHays@marshackhays.com>, Sarah Hasselberger <shasselberger@marshackhays.com>, Vincent Renda <vr@pinlegal.com>

Walt,


Mr. Phair is in the process of corresponding with the individuals who received the funds from the Beyer sale that you referenced.  He is instructing the recipients to return the funds to Phair Co.  You will be notified upon receipt.  The funds, when received, will be held in a segregated debtor-in-possession account.


Regards,

Aaron

[Quoted text hidden]

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 21 - Page 5

PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535
(619) 940-6157
PENNFIRM.COM

May 1, 2025

Aaron E. de Leest, Esq.
Marshack Hays Wood LLP
870 Roosevelt
Irvine, CA 92620

Vincent Renda, Esq.
Pinnacle Legal P.C.
9565 Waples Street
Suite #200
San Diego, CA 92121

> Re: Request for Debtor-in-Possession to Pursue Fraudulent Transfer
>      Claims
>      United States Bankruptcy Court, Southern District of California
>      Case numbers: 25-00661-JBM-11 and 25-00667-JBM-11

Dear Mr. de Leest and Mr. Renda:

I represent Renzulli Properties LLC and Thomas Renzulli ("Creditors") in the above-captioned Chapter 11 cases of Jeffrey David Phair and The Phair Company LLC ("Debtors").

After July 2024, the Debtors transferred $4,801,661.42 and $1,300,000 out of their control without receiving reasonably equivalent value in return. The circumstances suggest Debtors were insolvent at the time or was rendered insolvent as a result of such transfers.

Attached is a settlement statement dated July 3, 2024, where Debtor The Phair Company LLC sold 3145 and 3167 Beyer Blvd., San Diego, California and received $4,801,661.42. Debtor Jeffrey David Phair is the managing member and the sole owner of Debtor The Phair Company LLC. Mr. Phair executed the sale transaction on behalf of The Phair Company LLC. The attached settlement statement showing three payments to The Phair Company LLC of $200,000, $300,000 and $4,301,661.42 that combine for a total of $4,801,661.42. For this $4,801,661.42, Renzulli Properties LLC had two security interests, an abstract of judgment and a charging order, which gave Renzulli Properties LLC a preference above all other creditors.

On July 26, 2024, Debtor the Phair Company obtained a loan of $1,300,000 from IRAR Trust Company. Attached is the closing statement for the $1,300,000 loan. Although the loan shows a payment to the Trustees, the attached a preliminary title report shows that the loan by trustees Robert and Barbara Scott was not satisfied and is still a lien on 945 E. J Street, Chula Vista, California. Therefore, either the loan by trustees Robert and Barbara Scott was not satisfied or was satisfied and a notice of reconveyance has not been recorded. Mr. Phair was responsible for signing the documents obligating The Phair Company LLC for the funds.

None of the $6,101,661.42 appear in the accounting schedules of either Mr. Phair or The Phair Company LLC nor have Debtors accounted for the missing $6,101,661.42.

Pursuant to 11 U.S.C. §§ 544 and 548, the estate possesses claims to avoid and recover these transfers for the benefit of creditors. My clients therefore respectfully demand that the

Debtors, as debtors-in-possession, promptly investigate and, if appropriate, commence an adversary proceeding to pursue recovery of these transfers. My clients request that the Debtors confirm in writing, within ten days of the date of this letter, whether they intend to pursue these claims.

Should the Debtors decline to act, or fail to respond within the requested timeframe, Creditors will seek authority from the Bankruptcy Court to prosecute the claims on behalf of the estate. Please contact me if you wish to discuss this matter further. We look forward to your timely response.

Sincerely,

Walt Pennington
wpennington@pennfirm.com

Enclosures

# Chicago Title Company
## Final Disbursement Report

Print Date - Time: 07/03/2024 - 11:54:25 AM

Page 1 of 2

User: TW1

| File Information | | | | | | |
|---|---|---|---|---|---|---|
| **Escrow Number:** | 00204793-004 | | | | **Open Date:** | 02/16/2024 |
| **Escrow Officer:** | Renee Marshall | | | | **Close Date:** | 07/03/2024 |
| **Seller / Buyer:** | THE PHAIR COMPANY LLC | | | | | |
| **Property Address:** | 3145 & 3167 Beyer Boulevard, (Trolley Stop Apartments) San Diego, CA 92154 | | | | | |

| | Payee / Payor | Ref Num | Date | Status / Type / Sub Amount | Amount | Totals |
|---|---|---|---|---|---|---|
| **Receipts** | | | | | | |
| | **Receipts** | | | | | |
| 1. | AMG & ASSOCIATES, LLC | 5014419 | 02/20/2024 | WIN | 200,000.00 | |
| 2. | ALEXIS GEVORGIAN PRIORITY CREDIT LINE | 5014759 | 04/29/2024 | WIN | 300,000.00 | |
| 3. | AFORDABLE HOUSING | 5015066 | 07/01/2024 | WIN | 1,375,773.50 | |
| 4. | CENTURY HOUSING CORPORATION | 5015076 | 07/02/2024 | WIN | 5,286,650.00 | |
| | | | | | | 7,162,423.50 |
| **Disbursements** | | | | | | |
| | **Disbursements** | | | | | |
| 1. | THE PHAIR COMPANY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY | 5016158 | 04/16/2024 | | (200,000.00) | |
| | 945 EAST J STREET  CHULA VISTA, CA 91910 | | | | | |
| | Release funds to Seller per amendment da | | | (200,000.00) | | |
| 2. | DISCLOSURE SOURCE NHD ORD NO. 240226-00271 | 5016610 | 07/03/2024 | | (174.00) | |
| | P. O. BOX 51113  LOS ANGELES, CA 90051-5412 | | | | | |
| | NHD | | | (174.00) | | |
| 3. | DUHS COMMERCIAL | 5016611 | 07/03/2024 | | (213,000.00) | |
| | 3830 RAY STREET  SAN DIEGO, CA 92104 | | | | | |
| | Commission due | | | (213,000.00) | | |
| 4. | AFFORDABLE HOUSING LAND CONSULTANTS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY REFUND | 5016620 | 07/03/2024 | | (4,698.68) | |
| | PO BOX 260770  ENCINO CA 91426 | | | | | |
| | Refund | | | (4,698.68) | | |
| 5. | THE PHAIR COMPANY LLC | 5018491 | 04/30/2024 | WIO | (300,000.00) | |
| 6. | TRUST "B" OF THE CHERNIAK FAMILY TRUST DAT | 5018836 | 07/03/2024 | WIO | (1,423,821.00) | |
| 7. | THE PHAIR COMPANY LLC | 5018838 | 07/03/2024 | WIO | (4,301,661.42) | |
| 8. | THE VICTOR B CHERNIAK TRUST DATED AUGUST 2 | 5018842 | 07/03/2024 | WIO | (656,449.82) | |
| **Fees** | | | | | | |
| 1. | CHICAGO TITLE COMPANY | 1000132113 | 07/03/2024 | | (62,618.58) | |
| | 9971 County Transfer Tax | | | (7,810.00) | | |
| | 9980 Recording fee estimate | | | (124.00) | | |
| | 1001 Owners Policy - CLTA | | | (7,902.00) | | |
| | 5020 Escrow Charge | | | (7,000.00) | | |
| | 5020 FTB Filing | | | (45.00) | | |
| | 3202 Lenders Policy | | | (3,576.00) | | |
| | 5020 Escrow Charge - Loan Tie In Fee | | | (340.00) | | |
| | 8866 Recording Service Fee | | | (45.00) | | |
| | 4201 Endorsements - Lender Policy | | | 0.00 | | |
| | 5537 Inspection estimate | | | (185.00) | | |

DISBURSE (05/14/2018)

# CHICAGO TITLE COMPANY

2365 Northside Drive, Suite 600, San Diego, CA 92108

Phone: (619) 233-3000    Fax: (619) 230-6368

**Borrower(s) Closing Statement**

**Final Amended**

**Escrow No:** 00194123 - 004 RM1    **Close Date:** 07/26/2024    **Proration Date:**    **Disbursement Date:** 07/26/2024

**Buyer(s)/Borrower(s):** The Phair Company, LLC, a California Limited Liability Company

| Lender: | IRAR TRUST COMPANY – Dwight H. DeSantis Roth IRA- #35-22055 | **Loan #:** |
| Property: | 945 East J Street Chula Vista, CA | |

| Description | Debit | Credit |
|---|---:|---:|
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| New Loan from IRAR TRUST COMPANY – Dwight H. DeSantis Roth IRA- #35-22055 | | 1,300,000.00 |
| **NEW LOAN CHARGES: - IRAR TRUST COMPANY – Dwight H. DeSantis Roth IRA- #35-22055** | | |
| loan fee of 2 points | 26,000.00 | |
| **ESCROW AND TITLE CHARGES:** | | |
| Escrow Charge to Chicago Title Company | 975.00 | |
| Lenders Policy - Estiamte Only for $1,300,000.00 to Chicago Title Company | 2,165.00 | |
| **RECORDING FEES:** | | |
| Recording Fee to Chicago Title Company | 74.00 | |
| Recording Service Fee to Chicago Title Company | 45.00 | |
| Affodrable Housing Fee to Chicago Title Company | 225.00 | |
| **ADDITIONAL CHARGES:** | | |
| Notary Fee for Payoff Private Beni to Christopher Kielb | 100.00 | |
| **PAYOFFS:** | | |
| Robert Scott and Barbara Scott | 592,708.20 | |
| Principal balance                                                    590,000.00 | | |
| Interest From 07/01/2024 to 07/29/2024                                  2,708.20 | | |
| Sub Totals | 622,292.20 | 1,300,000.00 |
| Refund Due Borrower | 677,707.80 | |
| Totals | 1,300,000.00 | 1,300,000.00 |

**CLTA Preliminary Report Form**
(Rev. 11/06)

Order Number: DIV-7206025
Page Number: 1

 *First American Title*™

# First American Title Company

California Department of Insurance License No. 2549-4

Title Officer:
Phone:
Fax No.:
E-Mail:

Matthew Dishman
(619)231-4631
(866)497-8905
titleunit9@firstam.com

E-Mail Loan Documents to:

Owner:
Property:

Lenders please contact the Escrow Officer for email address for
sending loan documents.
Phair Company LLC
945 E J Street
Chula Vista, CA 91910

## PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, this company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit A attached. *The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.* Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit A. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

**Please be advised that any provision contained in this document, or in a document that is attached, linked or referenced in this document, that under applicable law illegally discriminates against a class of individuals based upon personal characteristics such as race, color, religion, sex, sexual orientation, gender identity, familial status, disability, national origin, or any other legally protected class, is illegal and unenforceable by law.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Order Number: **DIV-7206025**
Page Number: 2

Dated as of December 03, 2024 at 7:30 A.M.

The form of Policy of title insurance contemplated by this report is:

ALTA/CLTA Homeowner's (EAGLE) Policy of Title Insurance and ALTA Ext Loan Policy if the land
described is an improved residential lot or condominium unit on which there is located a one-to-four
family residence; or ALTA Standard Owner's Policy (with Western Regional Exceptions) and the ALTA
Loan Policy if the land described is an unimproved residential lot or condominium unit.

A specific request should be made if another form or additional coverage is desired.

Title to said estate or interest at the date hereof is vested in:

THE Phair Company, LLC, a California Limited Liability Company

The estate or interest in the land hereinafter described or referred to covered by this Report is:

FEE

The Land referred to herein is described as follows:

(See attached Legal Description)

At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said
policy form would be as follows:

1.  General and special taxes and assessments for the fiscal year 2024-2025.

    | | |
    |---|---|
    | First Installment: | $2,603.60, OPEN |
    | Penalty: | $0.00 |
    | Second Installment: | $2,603.60, OPEN |
    | Penalty: | $0.00 |
    | Tax Rate Area: | 01277 |
    | A. P. No.: | 640-080-47-00 |

2.  The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75
    of the California Revenue and Taxation Code.

3.  An easement or right of way for the construction and maintenance of flumes canals or aqueducts,
    conveyed by Deed from Frank A. Kimball and Warren G. Kimball, to Kimball Brothers Water Company,
    a corporation, dated June 9, 1869, and recorded October 14, 1869 in Book 7, Page 124 of Deeds.
    The interest of said Grantee has since passed and now vests of record in the California Water and
    &Telephone Company, a corporation.

Renzulli Properties Motion to Expunge Lis Pendens - Exhibit 1 - Page 2
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 21 - Page 9

15.    A deed of trust to secure an original indebtedness of $590,000.00 recorded SEPTEMBER 15, 2022 as INSTRUMENT NO. 22-365117 OF OFFICIAL RECORDS.

| | |
|---|---|
| Dated: | SEPTEMBER 07, 2022 |
| Trustor: | THE PHAIR COMPANY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY |
| Trustee: | CHICAGO TITLE COMPANY |
| Beneficiary: | ROBERT SCOTT AND BARBARA A. SCOTT, TRUSTEES OF THE DECLARATION OF TRUST DATED NOVEMBER 19, 1987, RESTATED ON 02/06/2003 AND RESTATED ON 11/15/2019 |

Affects:    The land and other property.

a.    If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, the company will require the following for review prior to the recordation of any documents or the issuance of any policy of title insurance:
      i.    Original note and deed of trust.
      ii.   Payoff demand statement signed by all present beneficiaries.
      iii.  Request for reconveyance or substitution of trustee and full reconveyance must be signed by all present beneficiaries and must be notarized by a First American approved notary.

b.    If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.

c.    If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18100.5 of the California Probate Code in a form satisfactory to the Company.

16.    A certified copy of a judgment or an abstract thereof, recorded APRIL 02, 2024 as INSTRUMENT NO. 24-79649 of Official Records.

| | |
|---|---|
| Court: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
| Case No.: | 37-2022-00046736-CU-BC-CTL |
| Debtor: | JEFFREY D. PHAIR; GREEN PHAIR SCRIPPS PARTNERS LLC AGENT: JEFF PHAIR; THE PHAIR COMPANY LLC AGENT: JEFF PHAIR |
| Creditor: | RENZULLI PROPERTIES LLC, AGENT: THOMAS RENZULLI |
| Amount: | $3,489,438.60, and any other amounts due thereunder |

A writ of execution recorded AUGUST 05, 2024 as INSTRUMENT NO. 24-206855 of Official Records.

| | |
|---|---|
| Court: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
| Case No.: | 37-2022-00046736-CU-BC-CTL |
| Debtor: | JEFF PHAIR, ET AL.; GREEN PHAIR SCRIPPS PARTNERS LLC: THE PHAIR COMPANY LLC |
| Creditor: | RENZULLI PROPERTIES, LLC, ET AL. |
| Amount: | $3,529,873.07 |

# Exhibit 22

Form **1065**

Department of the Treasury
Internal Revenue Service

## U.S. Return of Partnership Income

For calendar year 2021, or tax year beginning _____, 2021, ending _____, 20____

▶ Go to *www.irs.gov/Form1065* for instructions and the latest information.

OMB No. 1545-0123

**2021**

| A Principal business activity | Name of partnership | D Employer identification number |
|---|---|---|
| REAL ESTATE | The Phair Company LLC | 20-4183527 |

| B Principal product or service | Type or Print | Number, street, and room or suite no. If a P.O. box, see instructions. | E Date business started |
|---|---|---|---|
| | | 945 East J Street | 1-2-2006 |

| C Business code number | City or town, state or province, country, and ZIP or foreign postal code | F Total assets (see instructions) |
|---|---|---|
| 233110 | Chula Vista, CA 91910 | $ |

G Check applicable boxes:   (1) ☐ Initial return   (2) ☒ Final return   (3) ☐ Name change   (4) ☐ Address change   (5) ☐ Amended return

H Check accounting method:   (1) ☒ Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ▶

I Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶

J Check if Schedules C and M-3 are attached

K Check if partnership:   (1) ☐ Aggregated activities for section 465 at-risk purposes   (2) ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See instructions for more information.

### Income

| | | | | |
|---|---|---|---|---|
| 1a | Gross receipts or sales | 1a | 628,154 | |
| b | Returns and allowances | 1b | 0 | |
| c | Balance. Subtract line 1b from line 1a | | | 1c | -1,334,710 |
| 2 | Cost of goods sold (attach Form 1125-A) | | | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | | | 3 | |
| 4 | Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) | | | 4 | |
| 5 | Net farm profit (loss) (attach Schedule F (Form 1040)) | | | 5 | |
| 6 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | | 6 | |
| 7 | Other income (loss) (attach statement) | | | 7 | |
| 8 | **Total income (loss).** Combine lines 3 through 7 | | | 8 | -706,556 |

### Deductions (see instructions for limitations)

| | | | | |
|---|---|---|---|---|
| 9 | Salaries and wages (other than to partners) (less employment credits) | | 9 | |
| 10 | Guaranteed payments to partners | | 10 | |
| 11 | Repairs and maintenance | | 11 | |
| 12 | Bad debts | | 12 | |
| 13 | Rent | | 13 | |
| 14 | Taxes and licenses | | 14 | |
| 15 | Interest (see instructions) | | 15 | |
| 16a | Depreciation (if required, attach Form 4562) | 16a | | |
| b | Less depreciation reported on Form 1125-A and elsewhere on return | 16b | | 16c |
| 17 | Depletion (**Do not deduct oil and gas depletion.**) | | 17 | |
| 18 | Retirement plans, etc. | | 18 | |
| 19 | Employee benefit programs | | 19 | |
| 20 | Other deductions (attach statement) | | 20 | -271,768 |
| 21 | **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | 21 | -271,768 |
| 22 | **Ordinary business income (loss).** Subtract line 21 from line 8 | | 22 | -978,324 |

### Tax and Payment

| | | | |
|---|---|---|---|
| 23 | Interest due under the look-back method—completed long-term contracts (attach Form 8697) | 23 | |
| 24 | Interest due under the look-back method—income forecast method (attach Form 8866) | 24 | |
| 25 | BBA AAR imputed underpayment (see instructions) | 25 | |
| 26 | Other taxes (see instructions) | 26 | |
| 27 | **Total balance due.** Add lines 23 through 26 | 27 | |
| 28 | Payment (see instructions) | 28 | |
| 29 | **Amount owed.** If line 28 is smaller than line 27, enter amount owed | 29 | 0 |
| 30 | **Overpayment.** If line 28 is larger than line 27, enter overpayment | 30 | |

### Sign Here

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ *[signature]*    ▶ 4/8/22

Signature of partner or limited liability company member    Date

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No

### Paid Preparer Use Only

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| | | | | |

Firm's name ▶     Firm's EIN ▶

Firm's address ▶     Phone no.

For Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 11390Z     Form **1065** (2021)

| Schedule B | Other Information |
| --- | --- |

| | | Yes | No |
| --- | --- | --- | --- |
| **1** | What type of entity is filing this return? Check the applicable box: | | |

- **a** ☐ Domestic general partnership
- **b** ☐ Domestic limited partnership
- **c** ☐ Domestic limited liability company
- **d** ☐ Domestic limited liability partnership
- **e** ☐ Foreign partnership
- **f** ☐ Other ▶

| | | Yes | No |
| --- | --- | --- | --- |
| **2** | At the end of the tax year: | | |
| **a** | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | X |
| **b** | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . | | X |
| **3** | At the end of the tax year, did the partnership: | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below . . . . . . . . . . . . . . . . . . . | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |

| | | Yes | No |
| --- | --- | --- | --- |
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
| --- | --- | --- | --- | --- |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
| --- | --- | --- | --- |
| **4** | Does the partnership satisfy **all four** of the following conditions? | | |
| **a** | The partnership's total receipts for the tax year were less than $250,000. | | |
| **b** | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| **c** | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| **d** | The partnership is not filing and is not required to file Schedule M-3 . . . . . . . . . . | | X |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065; or item L on Schedule K-1. | | |
| **5** | Is this partnership a publicly traded partnership, as defined in section 469(k)(2)? . . . . . . . . . . | | X |
| **6** | During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | X |
| **7** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . | | X |
| **8** | At any time during calendar year 2021, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country ▶ | | X |
| **9** | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . . . . . | | X |
| **10a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . | | X |
| | See instructions for details regarding a section 754 election. | | |
| **b** | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . | | X |

Form **1065** (2021)

PHAIR 01628
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 22 - Page 2

| Schedule B | Other Information *(continued)* | Yes | No |
|---|---|---|---|

|  |  | Yes | No |
|---|---|---|---|
| **c** | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions |  | X |
| **11** | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . ▶ ☐ |  |  |
| **12** | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? . . . . . . . . . . . . . . . |  | X |
| **13** | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities (FDEs) and Foreign Branches (FBs), enter the number of Forms 8858 attached. See instructions . . . . . . . . . . . . . . . . . . . . . . ▶ |  |  |
| **14** | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership . . . ▶ |  | X |
| **15** | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return . . . . . . . . . . . . . . . . . . . . . . . ▶ |  |  |
| **16a** | Did you make any payments in 2021 that would require you to file Form(s) 1099? See instructions . . . . |  | X |
| **b** | If "Yes," did you or will you file required Form(s) 1099? . . . . . . . . . . . . . . . |  | X |
| **17** | Enter the number of Forms 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return . . . . . . . . . . . . . . . . . . . ▶ |  |  |
| **18** | Enter the number of partners that are foreign governments under section 892 . . . . . . . . ▶ |  |  |
| **19** | During the partnership's tax year, did the partnership make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? . . . . . |  | X |
| **20** | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 |  | X |
| **21** | Is the partnership a section 721(c) partnership, as defined in Regulations section 1.721(c)–1(b)(14)? . . . . |  | X |
| **22** | During the tax year, did the partnership pay or accrue any interest or royalty for which one or more partners are not allowed a deduction under section 267A? See instructions . . . . . . . . . . . . . If "Yes," enter the total amount of the disallowed deductions . . . . . . . . . . ▶ $ |  | X |
| **23** | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions . . . . . . . . . . . . . . |  | X |
| **24** | Does the partnership satisfy one or more of the following? See instructions . . . . . . . . . . |  | X |
| **a** | The partnership owns a pass-through entity with current, or prior year carryover, excess business interest expense. |  |  |
| **b** | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the partnership has business interest. |  |  |
| **c** | The partnership is a tax shelter (see instructions) and the partnership has business interest expense. If "Yes" to any, complete and attach Form 8990. |  |  |
| **25** | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund? . . . . . . . If "Yes," enter the amount from Form 8996, line 15 . . . . . . . . . . . . . ▶ $ |  | X |
| **26** | Enter the number of foreign partners subject to section 864(c)(8) as a result of transferring all or a portion of an interest in the partnership or of receiving a distribution from the partnership . . . . . ▶ Complete Schedule K-3 (Form 1065), Part XIII, for each foreign partner subject to section 864(c)(8) on a transfer or distribution. |  |  |
| **27** | At any time during the tax year, were there any transfers between the partnership and its partners subject to the disclosure requirements of Regulations section 1.707-8? . . . . . . . . . . . . . . |  | X |
| **28** | Since December 22, 2017, did a foreign corporation directly or indirectly acquire substantially all of the properties constituting a trade or business of your partnership, and was the ownership percentage (by vote or value) for purposes of section 7874 greater than 50% (for example, the partners held more than 50% of the stock of the foreign corporation)? If "Yes," list the ownership percentage by vote and by value. See instructions. Percentage:                          By Vote                          By Value |  | X |
| **29** | Is the partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions. If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3 ▶ If "No," complete Designation of Partnership Representative below. |  | X |

**Designation of Partnership Representative** (see instructions)

Enter below the information for the partnership representative (PR) for the tax year covered by this return.

Name of PR ▶ The Phair Company

| U.S. address of PR ▶ 945 East J Street<br>Chula Vista, CA 91910 | U.S. phone number of PR ▶ (619) 426-0441 |
|---|---|

If the PR is an entity, name of the designated individual for the PR ▶

| U.S. address of designated individual ▶ 8311 The Grant Place<br>Bonita, CA 91902 | U.S. phone number of designated individual ▶ (619) 985-4030 |
|---|---|

Form **1065** (2021)

| Schedule K | Partners' Distributive Share Items | | Total amount |
|---|---|---|---|

| | | | | Total amount |
|---|---|---|---|---|
| Income (Loss) | **1** | Ordinary business income (loss) (page 1, line 22) . . . . . . . . . . . | **1** | -978,324 |
| | **2** | Net rental real estate income (loss) (attach Form 8825) . . . . . . . | **2** | |
| | **3a** | Other gross rental income (loss) . . . . . . . | **3a** | | |
| | **b** | Expenses from other rental activities (attach statement) . . . . | **3b** | | |
| | **c** | Other net rental income (loss). Subtract line 3b from line 3a . . . . | **3c** | |
| | **4** | Guaranteed payments: **a** Services | **4a** | | **b** Capital | **4b** | | |
| | | **c** Total. Add lines 4a and 4b . . . . . . . . . . . . . . . | **4c** | |
| | **5** | Interest income . . . . . . . . . . . . . . . . . . . . . | **5** | |
| | **6** | Dividends and dividend equivalents: **a** Ordinary dividends . . . . . | **6a** | |
| | **b** | Qualified dividends | **6b** | | **c** Dividend equivalents | **6c** | | |
| | **7** | Royalties . . . . . . . . . . . . . . . . . . . . . . | **7** | |
| | **8** | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) . . | **8** | |
| | **9a** | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) . . | **9a** | |
| | **b** | Collectibles (28%) gain (loss) . . . . . . . | **9b** | | |
| | **c** | Unrecaptured section 1250 gain (attach statement) . . . . | **9c** | | |
| | **10** | Net section 1231 gain (loss) (attach Form 4797) . . . . . . . . | **10** | |
| | **11** | Other income (loss) (see instructions)   Type ▶ | **11** | |
| Deductions | **12** | Section 179 deduction (attach Form 4562) . . . . . . . . . . . | **12** | |
| | **13a** | Contributions . . . . . . . . . . . . . . . . . . . . | **13a** | |
| | **b** | Investment interest expense . . . . . . . . . . . . . . . | **13b** | |
| | **c** | Section 59(e)(2) expenditures:   **(1)** Type ▶ _____ **(2)** Amount ▶ | **13c(2)** | |
| | **d** | Other deductions (see instructions)   Type ▶ | **13d** | |
| Self-Employ-ment | **14a** | Net earnings (loss) from self-employment . . . . . . . . . . . | **14a** | |
| | **b** | Gross farming or fishing income . . . . . . . . . . . . . . | **14b** | |
| | **c** | Gross nonfarm income . . . . . . . . . . . . . . . . . | **14c** | |
| Credits | **15a** | Low-income housing credit (section 42(j)(5)) . . . . . . . . . . | **15a** | |
| | **b** | Low-income housing credit (other) . . . . . . . . . . . . . | **15b** | |
| | **c** | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | **15c** | |
| | **d** | Other rental real estate credits (see instructions)   Type ▶ | **15d** | |
| | **e** | Other rental credits (see instructions)   Type ▶ | **15e** | |
| | **f** | Other credits (see instructions)   Type ▶ | **15f** | |
| International Transactions | **16** | Attach Schedule K-2 (Form 1065), Partners' Distributive Share Items-International, and check this box to indicate that you are reporting items of international tax relevance . . . . . ☐ | | |
| Alternative Minimum Tax (AMT) Items | **17a** | Post-1986 depreciation adjustment . . . . . . . . . . . . . | **17a** | |
| | **b** | Adjusted gain or loss . . . . . . . . . . . . . . . . . | **17b** | |
| | **c** | Depletion (other than oil and gas) . . . . . . . . . . . . . | **17c** | |
| | **d** | Oil, gas, and geothermal properties—gross income . . . . . . . | **17d** | |
| | **e** | Oil, gas, and geothermal properties—deductions . . . . . . . . | **17e** | |
| | **f** | Other AMT items (attach statement) . . . . . . . . . . . . | **17f** | |
| Other Information | **18a** | Tax-exempt interest income . . . . . . . . . . . . . . . | **18a** | |
| | **b** | Other tax-exempt income . . . . . . . . . . . . . . . . | **18b** | |
| | **c** | Nondeductible expenses . . . . . . . . . . . . . . . . | **18c** | |
| | **19a** | Distributions of cash and marketable securities . . . . . . . . . | **19a** | |
| | **b** | Distributions of other property . . . . . . . . . . . . . . | **19b** | |
| | **20a** | Investment income . . . . . . . . . . . . . . . . . . | **20a** | |
| | **b** | Investment expenses . . . . . . . . . . . . . . . . . | **20b** | |
| | **c** | Other items and amounts (attach statement) . . . . . . . . . . | | |
| | **21** | Total foreign taxes paid or accrued . . . . . . . . . . . . . | **21** | |

Form **1065** (2021)

## Analysis of Net Income (Loss)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 21 . . . . . . . . . . . . . . . . . . | | | | | | **1** |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| a | General partners | | | | | | |
| b | Limited partners | | | | | | |

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | | | |
| 2a | Trade notes and accounts receivable . . . . . . | | | | |
| b | Less allowance for bad debts . . . . . . | | | | |
| 3 | Inventories . . . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . . . | | | | |
| 5 | Tax-exempt securities . . . . . . . | | | | |
| 6 | Other current assets (attach statement) . . . . | | | | |
| 7a | Loans to partners (or persons related to partners) | | | | |
| b | Mortgage and real estate loans . . . . . | | | | |
| 8 | Other investments (attach statement) . . . . | | | | |
| 9a | Buildings and other depreciable assets . . . . | | | | |
| b | Less accumulated depreciation . . . . . | | | | |
| 10a | Depletable assets . . . . . . . . | | | | |
| b | Less accumulated depletion . . . . . | | | | |
| 11 | Land (net of any amortization) . . . . . | | | | |
| 12a | Intangible assets (amortizable only) . . . . | | | | |
| b | Less accumulated amortization . . . . . | | | | |
| 13 | Other assets (attach statement) . . . . . | | | | |
| 14 | Total assets . . . . . . . . . | | | | |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable . . . . . . . . | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities (attach statement) . . . | | | | |
| 18 | All nonrecourse loans . . . . . . . . | | | | |
| 19a | Loans from partners (or persons related to partners) . | | | | |
| b | Mortgages, notes, bonds payable in 1 year or more . | | | | |
| 20 | Other liabilities (attach statement) . . . . . | | | | |
| 21 | Partners' capital accounts . . . . . . | | | | |
| 22 | Total liabilities and capital . . . . . | | | | |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books . . . | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): _____ | | a | Tax-exempt interest $_____ | |
| 3 | Guaranteed payments (other than health insurance) . . . . . . . . | | 7 | Deductions included on Schedule K, lines 1 through 13d, and 21, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 21 (itemize): | | a | Depreciation $_____ | |
| a | Depreciation $_____ | | 8 | Add lines 6 and 7 . . . . . . . | |
| b | Travel and entertainment $_____ | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | |
| 5 | Add lines 1 through 4 . . . . . . | | | | |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year . . . | | 6 | Distributions: a Cash . . . . . | |
| 2 | Capital contributed: a Cash | | | b Property . . . . | |
| | b Property | | 7 | Other decreases (itemize): _____ | |
| 3 | Net income (loss) (see instructions) . . | | | | |
| 4 | Other increases (itemize): _____ | | 8 | Add lines 6 and 7 . . . . . . . | |
| 5 | Add lines 1 through 4 . . . . . . | | 9 | Balance at end of year. Subtract line 8 from line 5 | |

Form **1065** (2021)

THE PHAIR COMPANY LLC                    20-4183527

---

FORM 1065                  DEDUCTIBLE EXPENSES                  2021

---

|            DESCRIPTION            |   AMOUNT      |
|-----------------------------------|---------------|
| Utilities                         | $  2,371.42   |
| Salaries                          |    68,765.00  |
| Consulting                        |   188,491.00  |
| Auto                              |       789.93  |
| Postage/Delivery                  |     1,367.55  |
| Repairs & Maintenance             |     1,117.64  |
| Subscriptions                     |       155.00  |
| Community Support / PR            |     5,350.00  |
| Office Supplies                   |       739.24  |
| Insurance                         |     1,388.45  |
| Software                          |       160.22  |
| Pest Control                      |       452.00  |
| Equipment Repair                  |       217.65  |
| Miscellaneous                     | $     443.12  |
| **TOTAL:**                        | $  271,768.20 |

Exhibit 23

| Form **1065** | | **U.S. Return of Partnership Income** | | | OMB No. 1545-0123 |
|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service | | For calendar year 2021, or tax year beginning _____, 2021, ending _____, 20____ <br> ▶ Go to *www.irs.gov/Form1065* for instructions and the latest information. | | | **2021** |

| A Principal business activity | Name of partnership | D Employer identification number |
|---|---|---|
| **REAL ESTATE** | **The Phair Company** | 20-4183527 |

| B Principal product or service | Type or Print | Number, street, and room or suite no. If a P.O. box, see instructions. | E Date business started |
|---|---|---|---|
| | | **945 East J Street** | |

| C Business code number | | City or town, state or province, country, and ZIP or foreign postal code | F Total assets (see instructions) |
|---|---|---|---|
| **233110** | | **Chula Vista, CA 91910** | $ |

**G** Check applicable boxes: (1) ☐ Initial return (2) ☑ Final return (3) ☐ Name change (4) ☐ Address change (5) ☐ Amended return

**H** Check accounting method: (1) ☐ Cash (2) ☐ Accrual (3) ☐ Other (specify) ▶

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶ _____

**J** Check if Schedules C and M-3 are attached . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**K** Check if partnership: (1) ☐ Aggregated activities for section 465 at-risk purposes (2) ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See instructions for more information.

### Income

| | | | | | |
|---|---|---|---|---|---|
| 1a | Gross receipts or sales . . . . . . . . . . . . . . . | 1a | | | |
| b | Returns and allowances . . . . . . . . . . . . . . | 1b | | | |
| c | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . | | | 1c | |
| 2 | Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . | | | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . | | | 3 | |
| 4 | Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) . . . | | | 4 | |
| 5 | Net farm profit (loss) (attach Schedule F (Form 1040)) . . . . . . . . . | | | 5 | |
| 6 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . . . | | | 6 | |
| 7 | Other income (loss) (attach statement) . . . . . . . . . . . . . | | | 7 | |
| 8 | **Total income (loss).** Combine lines 3 through 7 . . . . . . . . . . . | | | 8 | |

### Deductions (see instructions for limitations)

| | | | | | |
|---|---|---|---|---|---|
| 9 | Salaries and wages (other than to partners) (less employment credits) . . . . . . | | | 9 | |
| 10 | Guaranteed payments to partners . . . . . . . . . . . . . . | | | 10 | |
| 11 | Repairs and maintenance . . . . . . . . . . . . . . . . | | | 11 | |
| 12 | Bad debts . . . . . . . . . . . . . . . . . . . . | | | 12 | |
| 13 | Rent . . . . . . . . . . . . . . . . . . . . . . | | | 13 | |
| 14 | Taxes and licenses . . . . . . . . . . . . . . . . . . | | | 14 | |
| 15 | Interest (see instructions) . . . . . . . . . . . . . . . . | | | 15 | |
| 16a | Depreciation (if required, attach Form 4562) . . . . . . . . . | 16a | | | |
| b | Less depreciation reported on Form 1125-A and elsewhere on return . | 16b | | 16c | |
| 17 | Depletion (**Do not deduct oil and gas depletion.**) . . . . . . . . . . | | | 17 | |
| 18 | Retirement plans, etc. . . . . . . . . . . . . . . . . . | | | 18 | |
| 19 | Employee benefit programs . . . . . . . . . . . . . . . | | | 19 | |
| 20 | Other deductions (attach statement) . . . . . . . . . . . . . | | | 20 | -1916791 |
| 21 | **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 . . . | | | 21 | -1916791 |
| 22 | **Ordinary business income (loss).** Subtract line 21 from line 8 . . . . . . . . | | | 22 | |

### Tax and Payment

| | | | |
|---|---|---|---|
| 23 | Interest due under the look-back method—completed long-term contracts (attach Form 8697) | 23 | |
| 24 | Interest due under the look-back method—income forecast method (attach Form 8866) . . . | 24 | |
| 25 | BBA AAR imputed underpayment (see instructions) . . . . . . . . . . . | 25 | |
| 26 | Other taxes (see instructions) . . . . . . . . . . . . . . . | 26 | |
| 27 | **Total balance due.** Add lines 23 through 26 . . . . . . . . . . . . | 27 | |
| 28 | Payment (see instructions) . . . . . . . . . . . . . . . . | 28 | |
| 29 | **Amount owed.** If line 28 is smaller than line 27, enter amount owed . . . . . . | 29 | |
| 30 | **Overpayment.** If line 28 is larger than line 27, enter overpayment . . . . . . | 30 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No

▶ Signature of partner or limited liability company member ▶ Date

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ▶ | | | Firm's EIN ▶ | |
| Firm's address ▶ | | | Phone no. | |

For Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 11390Z     Form **1065** (2021)

PHAIR01560
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 23 - Page 1

| Schedule B | Other Information |
|---|---|

| | | Yes | No |
|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: | | |

- **a** ☐ Domestic general partnership     **b** ☐ Domestic limited partnership
- **c** ☑ Domestic limited liability company     **d** ☐ Domestic limited liability partnership
- **e** ☐ Foreign partnership     **f** ☐ Other ▶

| | | Yes | No |
|---|---|---|---|
| **2** | At the end of the tax year: | | |
| **a** | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . . . . . | | ✓ |
| **b** | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . | | ✓ |
| **3** | At the end of the tax year, did the partnership: | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any domestic or foreign corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below . . . . . . . . . . . . . . . . . . . . . | | ✓ |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . | | ✓ |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **4** | Does the partnership satisfy **all four** of the following conditions? | | |
| **a** | The partnership's total receipts for the tax year were less than $250,000. | | |
| **b** | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| **c** | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| **d** | The partnership is not filing and is not required to file Schedule M-3 . . . . . . . . . . . . | ✓ | |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065; or item L on Schedule K-1. | | |
| **5** | Is this partnership a publicly traded partnership, as defined in section 469(k)(2)? . . . . . . . . . | | ✓ |
| **6** | During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? . . . . . . . . . . . . . . . . . . . | | ✓ |
| **7** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . | | ✓ |
| **8** | At any time during calendar year 2021, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country ▶ | | ✓ |
| **9** | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . . . . . | | ✓ |
| **10a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . . | | |
| | See instructions for details regarding a section 754 election. | | |
| **b** | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . | | ✓ |

Form **1065** (2021)

PHAIR01561
Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 23 - Page 2

## Schedule B    Other Information (continued)

| | | Yes | No |
|---|---|---|---|
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | ✓ |
| 11 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ | | |
| 12 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? . . . . . . . . . . . . . . . . . . . . . . . | | ✓ |
| 13 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Certain Disregarded Entities (FDEs) and Foreign Branches (FBs), enter the number of Forms 8858 attached. See instructions . . . . . . . . . . . . . . . . . . . . . . . . ▶ | | |
| 14 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership . . . ▶ | | ✓ |
| 15 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | | |
| 16a | Did you make any payments in 2021 that would require you to file Form(s) 1099? See instructions . . . . . | | ✓ |
| b | If "Yes," did you or will you file required Form(s) 1099? . . . . . . . . . . . . . . . . . . . | | ✓ |
| 17 | Enter the number of Forms 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return . . . . . . . . . . . . . . . . . . . . . ▶ | | |
| 18 | Enter the number of partners that are foreign governments under section 892 . . . . ▶ | | |
| 19 | During the partnership's tax year, did the partnership make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? . . . . | | ✓ |
| 20 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 | | ✓ |
| 21 | Is the partnership a section 721(c) partnership, as defined in Regulations section 1.721(c)-1(b)(14)? . . . . . | | ✓ |
| 22 | During the tax year, did the partnership pay or accrue any interest or royalty for which one or more partners are not allowed a deduction under section 267A? See instructions . . . . . . . . . . . . . . . . If "Yes," enter the total amount of the disallowed deductions . . . . . . . . . . ▶ $ | | ✓ |
| 23 | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions . . . . . . . . . . . . . . . . . . | | ✓ |
| 24 | Does the partnership satisfy one or more of the following? See instructions . . . . . . . . . . . . | | ✓ |
| a | The partnership owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | |
| b | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the partnership has business interest expense. | | |
| c | The partnership is a tax shelter (see instructions) and the partnership has business interest expense. If "Yes" to any, complete and attach Form 8990. | | |
| 25 | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund? . . . . . . . . . If "Yes," enter the amount from Form 8996, line 15 . . . . . . . . . . . . . ▶ $ | | ✓ |
| 26 | Enter the number of foreign partners subject to section 864(c)(8) as a result of transferring all or a portion of an interest in the partnership or of receiving a distribution from the partnership . . . . . ▶ _____ Complete Schedule K-3 (Form 1065), Part XIII, for each foreign partner subject to section 864(c)(8) on a transfer or distribution. | | |
| 27 | At any time during the tax year, were there any transfers between the partnership and its partners subject to the disclosure requirements of Regulations section 1.707-8? . . . . . . . . . . . . . . . . . . | | ✓ |
| 28 | Since December 22, 2017, did a foreign corporation directly or indirectly acquire substantially all of the properties constituting a trade or business of your partnership, and was the ownership percentage (by vote or value) for purposes of section 7874 greater than 50% (for example, the partners held more than 50% of the stock of the foreign corporation)? If "Yes," list the ownership percentage by vote and by value. See instructions. Percentage:                By Vote _____                By Value _____ | | ✓ |
| 29 | Is the partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions. If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3 ▶ _____ If "No," complete Designation of Partnership Representative below. | | ✓ |

**Designation of Partnership Representative** (see instructions)
Enter below the information for the partnership representative (PR) for the tax year covered by this return.

Name of PR ▶

| U.S. address of PR ▶ _____ | U.S. phone number of PR ▶ |
|---|---|

If the PR is an entity, name of the designated individual for the PR ▶

| U.S. address of designated individual ▶ _____ | U.S. phone number of designated individual ▶ |
|---|---|

Form **1065** (2021)

| Schedule K | Partners' Distributive Share Items | | | | | Total amount |
|---|---|---|---|---|---|---|

**Income (Loss)**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) (page 1, line 22) | | | | 1 | |
| 2 | Net rental real estate income (loss) (attach Form 8825) | | | | 2 | |
| 3a | Other gross rental income (loss) | 3a | | | | |
| b | Expenses from other rental activities (attach statement) | 3b | | | | |
| c | Other net rental income (loss). Subtract line 3b from line 3a | | | | 3c | |
| 4 | Guaranteed payments: **a** Services 4a | **b** Capital 4b | | | | |
| c | Total. Add lines 4a and 4b | | | | 4c | |
| 5 | Interest income | | | | 5 | |
| 6 | Dividends and dividend equivalents: **a** Ordinary dividends | | | | 6a | |
| b | Qualified dividends 6b | **c** Dividend equivalents 6c | | | | |
| 7 | Royalties | | | | 7 | |
| 8 | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | | | | 8 | |
| 9a | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | | | | 9a | |
| b | Collectibles (28%) gain (loss) | 9b | | | | |
| c | Unrecaptured section 1250 gain (attach statement) | 9c | | | | |
| 10 | Net section 1231 gain (loss) (attach Form 4797) | | | | 10 | |
| 11 | Other income (loss) (see instructions)   Type ▶ | | | | 11 | |

**Deductions**

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | Section 179 deduction (attach Form 4562) | | | | 12 | |
| 13a | Contributions | | | | 13a | |
| b | Investment interest expense | | | | 13b | |
| c | Section 59(e)(2) expenditures:   **(1)** Type ▶_____ | **(2)** Amount ▶ | | | 13c(2) | |
| d | Other deductions (see instructions)   Type ▶ | | | | 13d | |

**Self-Employment**

| | | | | | | |
|---|---|---|---|---|---|---|
| 14a | Net earnings (loss) from self-employment | | | | 14a | |
| b | Gross farming or fishing income | | | | 14b | |
| c | Gross nonfarm income | | | | 14c | |

**Credits**

| | | | | | | |
|---|---|---|---|---|---|---|
| 15a | Low-income housing credit (section 42(j)(5)) | | | | 15a | |
| b | Low-income housing credit (other) | | | | 15b | |
| c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | | | | 15c | |
| d | Other rental real estate credits (see instructions)   Type ▶_____ | | | | 15d | |
| e | Other rental credits (see instructions)   Type ▶_____ | | | | 15e | |
| f | Other credits (see instructions)  Type ▶ | | | | 15f | |

**International Transactions**

| | | | | | | |
|---|---|---|---|---|---|---|
| 16 | Attach Schedule K-2 (Form 1065), Partners' Distributive Share Items-International, and check this box to indicate that you are reporting items of international tax relevance . . . . . ☐ | | | | | |

**Alternative Minimum Tax (AMT) Items**

| | | | | | | |
|---|---|---|---|---|---|---|
| 17a | Post-1986 depreciation adjustment | | | | 17a | |
| b | Adjusted gain or loss | | | | 17b | |
| c | Depletion (other than oil and gas) | | | | 17c | |
| d | Oil, gas, and geothermal properties—gross income | | | | 17d | |
| e | Oil, gas, and geothermal properties—deductions | | | | 17e | |
| f | Other AMT items (attach statement) | | | | 17f | |

**Other Information**

| | | | | | | |
|---|---|---|---|---|---|---|
| 18a | Tax-exempt interest income | | | | 18a | |
| b | Other tax-exempt income | | | | 18b | |
| c | Nondeductible expenses | | | | 18c | |
| 19a | Distributions of cash and marketable securities | | | | 19a | |
| b | Distributions of other property | | | | 19b | |
| 20a | Investment income | | | | 20a | |
| b | Investment expenses | | | | 20b | |
| c | Other items and amounts (attach statement) | | | | | |
| 21 | Total foreign taxes paid or accrued | | | | 21 | |

Form **1065** (2021)

## Analysis of Net Income (Loss)

| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 21 . . . . . . . . . . . . . . . . | 1 | |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| a | General partners | | | | | | |
| b | Limited partners | | | | | | |

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash . . . . . . . . . . | | | | |
| 2a | Trade notes and accounts receivable . . . . | | | | |
| b | Less allowance for bad debts . . . . | | | | |
| 3 | Inventories . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . | | | | |
| 5 | Tax-exempt securities . . . . . . | | | | |
| 6 | Other current assets (attach statement) . . . . | | | | |
| 7a | Loans to partners (or persons related to partners) . | | | | |
| b | Mortgage and real estate loans . . . . | | | | |
| 8 | Other investments (attach statement) . . . . | | | | |
| 9a | Buildings and other depreciable assets . . . . | | | | |
| b | Less accumulated depreciation . . . . | | | | |
| 10a | Depletable assets . . . . . . . | | | | |
| b | Less accumulated depletion . . . . | | | | |
| 11 | Land (net of any amortization) . . . . | | | | |
| 12a | Intangible assets (amortizable only) . . . . | | | | |
| b | Less accumulated amortization . . . . | | | | |
| 13 | Other assets (attach statement) . . . . | | | | |
| 14 | Total assets . . . . . . . . | | | | |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable . . . . . . . | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities (attach statement) . . . . | | | | |
| 18 | All nonrecourse loans . . . . . . | | | | |
| 19a | Loans from partners (or persons related to partners) . | | | | |
| b | Mortgages, notes, bonds payable in 1 year or more . | | | | |
| 20 | Other liabilities (attach statement) . . . . | | | | |
| 21 | Partners' capital accounts . . . . . | | | | |
| 22 | Total liabilities and capital . . . . | | | | |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| 1 | Net income (loss) per books . . . | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): _____ | | a | Tax-exempt interest $ _____ | |
| 3 | Guaranteed payments (other than health insurance) . . . . . . . | | 7 | Deductions included on Schedule K, lines 1 through 13d, and 21, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 21 (itemize): | | a | Depreciation $ _____ | |
| a | Depreciation $ _____ | | 8 | Add lines 6 and 7 . . . . . . . . | |
| b | Travel and entertainment $ _____ | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | |
| 5 | Add lines 1 through 4 . . . . . | | | | |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| 1 | Balance at beginning of year . . . | | 6 | Distributions: a Cash . . . . . | |
| 2 | Capital contributed: a Cash . . . | | | b Property . . . . | |
| | b Property . . | | 7 | Other decreases (itemize): _____ | |
| 3 | Net income (loss) (see instructions) . | | | | |
| 4 | Other increases (itemize): _____ | | 8 | Add lines 6 and 7 . . . . . . . | |
| 5 | Add lines 1 through 4 . . . . . . | | 9 | Balance at end of year. Subtract line 8 from line 5 | |

Form **1065** (2021)

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|------|-------|-------------|--------|
| 1/4/2021 | Armida Torres | Consulting | $4,980.00 |
| 1/11/2021 | Instone Investments | Interest | $5,512.50 |
| 1/15/2021 | Otay Water District | Utilities | $56.95 |
| 1/15/2021 | SDG&E | Utilities | $36.59 |
| 1/15/2021 | AT&T | Utilities | $251.10 |
| 1/15/2021 | AT&T | Utilities | $52.71 |
| 1/29/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 2/11/2021 | Mail & Parcels | Postage | $129.21 |
| 2/12/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 2/12/2021 | AT&T | Utilities | $42.80 |
| 2/12/2021 | AT&T | Utilities | $118.40 |
| 2/12/2021 | SDG&E | Utilities | $46.71 |
| 2/12/2021 | Otay Water District | Utilities | $111.64 |
| 3/1/2021 | Armida Torres | Consulting | $5,260.00 |
| 3/1/2021 | Otay Water District | Utilities | $54.69 |
| 3/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 3/15/2021 | Juveile Diabetes Assn. | Donation | $5,000.00 |
| 3/25/2021 | Republic Services | Trash | $99.76 |
| 3/25/2021 | SDG&E | Utilities | $39.79 |
| 3/25/2021 | AT&T | Utilities | $42.85 |
| 3/25/2021 | Instone Investments | Interest | $16,534.50 |
| 4/1/2021 | Armida Torres | Consulting | $5,800.00 |
| 4/6/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 4/7/2021 | Mail & Parcels | Postage | $48.29 |
| 4/15/2021 | System Go IT | Internet | $300.00 |
| 4/16/2021 | Corky's Pest Control | Pest Control | $69.00 |
| 4/16/2021 | SDG&E | Utilities | $38.89 |
| 4/16/2021 | AT&T | Utilities | $52.79 |
| 4/16/2021 | Mail & Parcels | Postage | $29.18 |
| 5/1/2021 | Armida Torres | Consulting | $5,800.00 |
| 5/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 5/14/2021 | Otay Water District | Utilities | $52.43 |
| 5/14/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 5/28/2021 | AT&T | Utilities | $67.68 |
| 6/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 6/1/2021 | Armida Torres | Consulting | $5,520.00 |
| 6/1/2021 | Republic Services | Trash | $49.88 |
| 6/25/2021 | SDG&E | Utilities | $71.12 |
| 6/25/2021 | AT&T | Utilities | $52.79 |
| 6/25/2021 | Mail & Parcels | Postage | $135.25 |
| 6/25/2021 | Otay Water District | Utilities | $54.69 |

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|------|-------|--------------|--------|
| 7/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 7/1/2021 | Armida Torres | Consulting | $6,000.00 |
| 7/15/2021 | AT&T | Utilities | $48.14 |
| 7/15/2021 | Mail & Parcels | Postage | $43.27 |
| 7/15/2021 | SDG&E | Utilities | $35.24 |
| 7/15/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 7/28/2021 | Dole & Sons | Insurance | $1,496.38 |
| 7/28/2021 | Otay Water District | Utilities | $58.23 |
| 8/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 8/1/2021 | Armida Torres | Consulting | $6,320.00 |
| 8/12/2021 | Mail & Parcels | Postage | $175.29 |
| 8/20/2021 | SDG&E | Utilities | $29.05 |
| 8/20/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 8/20/2021 | SDG&E | Utilities | $29.05 |
| 8/20/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 8/30/2021 | SD Business Journal | Publications | $79.00 |
| 9/1/2021 | Armida Torres | Consulting | $5,960.00 |
| 9/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 9/16/2021 | Corky's Pest Control | Pest Control | $69.00 |
| 9/17/2021 | SDG&E | Utilities | $25.96 |
| 9/17/2021 | Republic Services | Utilities | $49.88 |
| 9/17/2021 | Otay Water District | Utilities | $54.69 |
| 10/1/2021 | Armida Torres | Consulting | $4,960.00 |
| 10/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 10/13/2021 | Rotary Club of Lake Travis | Donation | $313.00 |
| 10/26/2021 | Corky's Pest Control | Pest Control | $207.00 |
| 10/26/2021 | AT&T | Utilities | $81.33 |
| 10/26/2021 | AT&T | Utilities | $256.17 |
| 10/26/2021 | SDG&E | Utilities | $46.19 |
| 10/26/2021 | Republic Services | Utilities | $100.50 |
| 10/26/2021 | Otay Water District | Utilities | $112.12 |
| 11/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 11/3/2021 | Armida Torres | Consulting | $5,600.00 |
| 12/1/2021 | Armida Torres | Consulting | $4,720.00 |
| 12/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 12/1/2021 | The Daily Transcript | Publication | $97.79 |
| 12/1/2021 | SDG&E | Utilities | $34.79 |
| 12/1/2021 | AT&T | Utilities | $130.47 |
| 12/1/2021 | Otay Water District | Utilities | $57.43 |
| 12/19/2021 | Armida Torres | Consulting | $5,000.00 |

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|------|-------|--------------|--------|
| | | TOTAL | $123,454.66 |

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|------|-------|-------------|--------|
| 1/4/2021 | Armida Torres | Consulting | $4,980.00 |
| 1/11/2021 | Instone Investments | Interest | $5,512.50 |
| 1/15/2021 | Otay Water District | Utilities | $56.95 |
| 1/15/2021 | SDG&E | Utilities | $36.59 |
| 1/15/2021 | AT&T | Utilities | $251.10 |
| 1/15/2021 | AT&T | Utilities | $52.71 |
| 1/29/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 2/11/2021 | Mail & Parcels | Postage | $129.21 |
| 2/12/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 2/12/2021 | AT&T | Utilities | $42.80 |
| 2/12/2021 | AT&T | Utilities | $118.40 |
| 2/12/2021 | SDG&E | Utilities | $46.71 |
| 2/12/2021 | Otay Water District | Utilities | $111.64 |
| 3/1/2021 | Armida Torres | Consulting | $5,260.00 |
| 3/1/2021 | Otay Water District | Utilities | $54.69 |
| 3/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 3/15/2021 | Juveile Diabetes Assn. | Donation | $5,000.00 |
| 3/25/2021 | Republic Services | Trash | $99.76 |
| 3/25/2021 | SDG&E | Utilities | $39.79 |
| 3/25/2021 | AT&T | Utilities | $42.85 |
| 3/25/2021 | Instone Investments | Interest | $16,534.50 |
| 4/1/2021 | Armida Torres | Consulting | $5,800.00 |
| 4/6/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 4/7/2021 | Mail & Parcels | Postage | $48.29 |
| 4/15/2021 | System Go IT | Internet | $300.00 |
| 4/16/2021 | Corky's Pest Control | Pest Control | $69.00 |
| 4/16/2021 | SDG&E | Utilities | $38.89 |
| 4/16/2021 | AT&T | Utilities | $52.79 |
| 4/16/2021 | Mail & Parcels | Postage | $29.18 |
| 5/1/2021 | Armida Torres | Consulting | $5,800.00 |
| 5/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 5/14/2021 | Otay Water District | Utilities | $52.43 |
| 5/14/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 5/28/2021 | AT&T | Utilities | $67.68 |
| 6/1/2021 | Mascot Trust | Debt Service | $2,187.50 |
| 6/1/2021 | Armida Torres | Consulting | $5,520.00 |
| 6/1/2021 | Republic Services | Trash | $49.88 |
| 6/25/2021 | SDG&E | Utilities | $71.12 |
| 6/25/2021 | AT&T | Utilities | $52.79 |
| 6/25/2021 | Mail & Parcels | Postage | $135.25 |
| 6/25/2021 | Otay Water District | Utilities | $54.69 |

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|---|---|---|---|
| 7/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 7/1/2021 | Armida Torres | Consulting | $6,000.00 |
| 7/15/2021 | AT&T | Utilities | $48.14 |
| 7/15/2021 | Mail & Parcels | Postage | $43.27 |
| 7/15/2021 | SDG&E | Utilities | $35.24 |
| 7/15/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 7/28/2021 | Dole & Sons | Insurance | $1,496.38 |
| 7/28/2021 | Otay Water District | Utilities | $58.23 |
| 8/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 8/1/2021 | Armida Torres | Consulting | $6,320.00 |
| 8/12/2021 | Mail & Parcels | Postage | $175.29 |
| 8/20/2021 | SDG&E | Utilities | $29.05 |
| 8/20/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 8/20/2021 | SDG&E | Utilities | $29.05 |
| 8/20/2021 | Corky's Pest Control | Pest Control | $138.00 |
| 8/30/2021 | SD Business Journal | Publications | $79.00 |
| 9/1/2021 | Armida Torres | Consulting | $5,960.00 |
| 9/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 9/16/2021 | Corky's Pest Control | Pest Control | $69.00 |
| 9/17/2021 | SDG&E | Utilities | $25.96 |
| 9/17/2021 | Republic Services | Utilities | $49.88 |
| 9/17/2021 | Otay Water District | Utilities | $54.69 |
| 10/1/2021 | Armida Torres | Consulting | $4,960.00 |
| 10/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 10/13/2021 | Rotary Club of Lake Travis | Donation | $313.00 |
| 10/26/2021 | Corky's Pest Control | Pest Control | $207.00 |
| 10/26/2021 | AT&T | Utilities | $81.33 |
| 10/26/2021 | AT&T | Utilities | $256.17 |
| 10/26/2021 | SDG&E | Utilities | $46.19 |
| 10/26/2021 | Republic Services | Utilities | $100.50 |
| 10/26/2021 | Otay Water District | Utilities | $112.12 |
| 11/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 11/3/2021 | Armida Torres | Consulting | $5,600.00 |
| 12/1/2021 | Armida Torres | Consulting | $4,720.00 |
| 12/1/2021 | Mascot Trust | Interest | $2,187.50 |
| 12/1/2021 | The Daily Transcript | Publication | $97.79 |
| 12/1/2021 | SDG&E | Utilities | $34.79 |
| 12/1/2021 | AT&T | Utilities | $130.47 |
| 12/1/2021 | Otay Water District | Utilities | $57.43 |
| 12/19/2021 | Armida Torres | Consulting | $5,000.00 |

# THE PHAIR COMPANY
## 2021 Expenses

| Date | Payee | Expense Item | Amount |
|------|-------|--------------|--------|
| | | | |

TOTAL  $123,454.66

# Exhibit 24

**RECORDING REQUESTED BY:**

Fidelity National Law Group

**AND WHEN RECORDED MAIL TO:**
Kyle DiNicola
FIDELITY NATIONAL LAW GROUP
4 Executive Circle, Suite 270
Irvine, CA 92614

APN: 640-080-47-00

DOC# 2025-0042918

Feb 19, 2025 04:54 PM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $179.00 (SB2 Atkins: $150.00)

PAGES: 6

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(ADDITIONAL RECORDING FEE APPLIES)**

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 24 - Page 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR RECORDER'S USE ONLY |
|---|---|
| Kyle R. DiNicola (Bar No. 297542)<br>Fidelity National Law Group<br>4 Executive Circle, Suite 270, Irvine, California 92614<br><br>TELEPHONE NO.: 949.255.9973      FAX NO.(Optional):<br>E-MAIL ADDRESS (Optional): kyle.dinicola@fnf.com<br>ATTORNEY FOR (Name): Plaintiff IRAR Trust Company | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☒ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF/ PETITIONER | CASE NUMBER |
|---|---|
| IRAR TRUST COMPANY – DWIGHT H. DESANTIS ROTH IRA – #35-22055 | 25CU007829C |
| DEFENDANT/RESPONDENT | FOR COURT USE ONLY |
| RENZULLI PROPERTIES, LLC, et al. | |

IN THE MATTER OF

IRAR Trust Company v. Renzulli Properties, LLC, et al.

## NOTICE OF PENDENCY OF ACTION

**NOTE:** Code Civ. Proc. § 405.21 allows an attorney of record in an action to sign a notice of pendency of action. A judge of the court in which an action is pending may, on request of a party thereto, approve such a notice. A notice of pendency of action may not be recorded unless it is signed by the attorney of record, or is signed by a self-represented litigant and approved by a judge. Code Civ. Proc. § 405.22 required service of a notice of pendency of action before recordation.

NOTICE IS GIVEN that an action commenced on _____, in the above-entitled court, which concerns real property or affects the title or right of possession of real property. The names of all parties to the action are as follows: RENZULLI PROPERTIES, LLC, a California Limited Liability Company; and DOES 1 through 20, Inclusive

_____

_____

The property in question is described as follows: 945 East J Street, Chula Vista, California 91910, designated as Assessor's Parcel Number 640-080-47-00

_____

Date: February 18, 2025

_____
Signature of Attorney or Self-Represented Litigant

## ORDER

The Notice of Pendency of Action contained herein is ☐ **APPROVED** ☐ **DENIED**.

Date: _____

_____
Judge of the Superior Court

Renzulli Properties LLC's Motion for Relief from the Stay - Exhibit 24 - Page 2

# EXHIBIT A

# EXHIBIT A

## EXHIBIT "A"

The subject real property is commonly known as 945 East J Street, Chula Vista, California 91910 (hereinafter the "Subject Property"), which is legally described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED CHULA VISTA, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:
THE SOUTHERLY 210.00 FEET OF THE SOUTHEAST QUARTER OF QUARTER SECTION 62 OF RANCHO DE LA NACION, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP NO. 166, FILED IN THE OFFICE OF THE COUNTY. REORDER OF SAN DIEGO COUNTY, MAY 11, 1869.

EXCEPT THEREFROM THAT PORTION WHICH IS NORTHWESTERLY OF A LINE WHICH INTERSECTS THE SOUTHWESTERLY CORNER OF SAID SOUTHEAST QUARTER AND WHICH IS PARALLEL WITH THE SOUTHEASTERLY LINE OF THE 250.00 FOOT WIDE SAN DIEGO GAS & ELECTRIC COMPANY EASEMENT AS DESCRIBED IN DOCUMENT RECORDED MARCH 09, 1960 AS FILE NO. 48825, SERIES 1, BOOK 1960, OFFICIAL RECORDS OF SAID COUNTY.

ALSO EXCEPT THEREFROM THAT PORTION WHICH IS EASTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF QUARTER SECTION 63 OF SAID RANCHO DE LA NACION.

ASSESSOR PARCEL NUMBER: 640-050-08-00

PARCEL 2:
PARCEL 1 OF PARCEL MAP NO. 18036, IN THE CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 22, 1998 AS INSTRUMENT NO. 1998-0305225 OF OFFICIAL RECORDS.

ASSESSOR PARCEL NUMBER 640-080-47-00

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 4 Executive Circle Suite 270, Irvine California 92614

On February 18, 2025, I served the foregoing document(s) described as: **NOTICE OF LIS PENDENCY ACTION on** the following interested party:

### (SEE ATTACHED SERVICE LIST)

[X]    By placing the original and/or a true copy thereof enclosed in a sealed envelope addressed as follows:

[X]    **(BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid for certified mail, return receipt requested. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY OVERNIGHT DELIVERY)** I delivered to an authorized driver authorized by Federal Express / U.S. Postal Service to receive documents, in an envelope or package designated by the applicable carrier with delivery fees paid or provided for, addressed to the person on who it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; or at that party's place of residence.

[ ]    **(BY PERSONAL SERVICE)** I caused such envelope to be personally delivered by an employee of First Legal Support Services, by hand, to the offices of the addressee. *[An additional Proof of Service will be executed by the messenger who personally delivered the documents and subsequently filed with the Court.]*

[ ]    **(BY E-MAIL)** I served said document by e-mail or electronic transmission, to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    **(BY E-SERVICE)** I caused such document to be electronically served through a Court approved electronic service provider to the e-mail address(es) shown on the attached service list.

[X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

[ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 18, 2025, at Orange, California.

*Mayra Portillo*
_____
Mayra Portillo

1

**PROOF OF SERVICE**

## SERVICE LIST

*Dwight H. Desantis, as owner v. Renzulli Properties LLC*
*San Diego County Superior Court Case No. 24CU007829C*

| | |
|---|---|
| Thomas Renzulli<br>**RENZULLI PROPERTIES LLC**<br>3383 La Junta Avenue,<br>San Diego CA 92117 | Walt Pennington<br>**PENNINGTON LAW FIRM**<br>3304 30th Street<br>San Diego, CA 92104 |
| **THE PHAIR COMPANY, LLC**<br>945 East J. Street,<br>Chula Vista CA 91910 | |

2

**SERVICE LIST**

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

*Jordan Z. Marks*

JORDAN Z. MARKS
Assessor/Recorder/Clerk
San Diego County, California

*Steven Bal*

Deputy

MAY 28 2025

**STEVEN BAL**