**WALT PENNINGTON, SBN 214470**
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com

*Attorney for Renzulli Properties LLC, and Thomas Renzulli, Movants and Creditors*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE PHAIR COMPANY LLC<br><br>    Debtor and Debtor-in-Possession<br><br>☒ ALL DEBTORS<br><br>☐ THE PHAIR COMPANY LLC, ONLY<br>    Tax I.D. (EIN) #20-4183527<br><br>☐ JEFFREY DAVID PHAIR, ONLY<br>    S.S. # XXX-XX-4458 | Case No.: 3:25-00667-JBM-11<br><br>DECLARATION OF WALT PENNINGTON<br><br>Date:   December 4, 2025<br>Time:  2:00 p.m.<br>Ctrm:  18<br>Dept:   2<br>Place:  325 W. F Street<br>          San Diego, CA 92101 |

I, Walt Pennington am the attorney for movant and creditor Renzulli Properties LLC ("Renzulli.") If called to testify, I would testify based upon my personal knowledge to the facts in this declaration. I declare in support of the opposition to the second motion to extend exclusivity periods to file a Chapter 11 plan of reorganization and solicit acceptances that:

1. On October 31, 2025, Evelyn at the San Diego County Sheriff's office called me and told me that a Sheriff's sale was set for December 17, 2025. The Sheriff's sale needed notice, and Evelyn was working on determining the cost for the notice.

2. Exhibit 1 attached to this declaration is a true and correct copy of the Superior Court of California, County of San Diego, case number 25CU007829C order denying

Dwight DeSantis's request for a preliminary injunction to prevent the Sheriff's sale of 945 E. J St.

    3. On October 31, 2025, the Superior Court of California granted Renzulli's motion to expunge the lis pendens, granted in part Renzulli's special motion to strike under California Code of Civil Procedure section 425.16, granted Renzulli attorney's fees of $7,090 against Mr. DeSantis, and told Renzulli to file a separate motion for attorney's fees for its success on the special motion to strike. Exhibit 2 attached to this declaration is a true and correct copy of the Superior Court's October 31, 2025 order.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 5, 2025

*/s/ Walt Pennington*

Walt Pennington, 214470

# Exhibit 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## CENTRAL

## MINUTE ORDER

DATE: 02/21/2025　　　　TIME: 1:30 PM　　　　DEPT: C-65

JUDICIAL OFFICER: ROBERT C. LONGSTRETH
CLERK: Morgan Acosta
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: B. Vermillion

CASE NO: **25CU007829C** CASE INIT.DATE: 02/13/2025
CASE TITLE: **Desantis vs Renzulli Properties LLC**
CASE CATEGORY: Civil　　　CASE TYPE: (U)Other Real Property: Other Real Property

**HEARING TYPE**: Ex Parte Hearing
MOVING PARTY:

**APPEARANCES**

Kyle DiNicola, Attorney for Plaintiff Dwight H Desantis as Owner and Beneficiary of Irar Trust Company - Dwight H Desantis Roth IRA - #35-22055, present via remote video appearance.
Walt Pennington, Attorney for Defendant Renzulli Properties LLC, present via remote video appearance.

Ex Parte application for a TRO and OSC regarding preliminary injunction requested by Plaintiff.

The Ex Parte application for a TRO and OSC regarding preliminary injunction is denied.

*Robert C. Longstreth*
Judge Robert C. Longstreth

© 2021 - San Diego Superior Court

Exhibit 1 - Page 1

# Exhibit 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO CENTRAL

# MINUTE ORDER

DATE: 10/31/2025   TIME: 1:30 PM   DEPT: C-70

JUDICIAL OFFICER: CAROLYN M. CAIETTI
CLERK: Albert Zarzoso
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **25CU007829C** CASE INIT.DATE: 02/13/2025
CASE TITLE: **Desantis vs Renzulli Properties LLC**
CASE CATEGORY: Civil   CASE TYPE: (U)Other Real Property: Other Real Property

HEARING TYPE: Motion Hearing, SLAPP / SLAPPback Motion Hearing
MOVING PARTY:

**APPEARANCES**

Kyle DiNicola, Attorney for Plaintiff Dwight H Desantis as Owner and Beneficiary of Irar Trust Company - Dwight H Desantis Roth IRA - #35-22055, present via remote video appearance.
Walt Pennington, Attorney for Defendant(s), present in person.

The Court having taken this matter under submission on 10/17/2025, now rules as follows:

After hearing oral arguments from the parties, the Court rules as follows:

Defendant Renzulli Properties, LLC ("Defendant")'s Special Motion to Strike (SLAPP) is DENIED IN PART and GRANTED IN PART.

Defendant will file a separate motion for attorney's fees and costs related to the SLAPP motion.

Defendant's Motion to Expunge *Lis Pendens* is GRANTED.

Defendant's request for attorney's fees and costs related to the motion to expunge is GRANTED in the amount of $7,090.90.

Preliminary Matters

Plaintiff Dwight H. DeSantis's Evidentiary Objections to Defendant's Special Motion to Strike [ROA 50] are OVERRULED as to Objections Nos. 1, 2, 4, 7, and 15, and SUSTAINED as to Objections Nos. 3, 5, 6, 8, 9, 10, 11, 12, 13, and 14 as the proffered statements and evidence are not proper subjects of judicial notice.

Plaintiff's Evidentiary Objections to Defendant's Motion to Expunge *Lis Pendens* [ROA 51] are OVERRULED as to Objection Nos. 2 and14, and SUSTAINED as to Objections Nos. 1, 3-7, as the proffered statements are not proper subjects of judicial notice.

Defendant's Evidentiary Objections to Plaintiff's Evidence – Opposition to Special Motion to Strike [ROA 56] are SUSTAINED as to Exhibit 11 of Plaintiff's Compendium of Evidence as lacking foundation and not a proper subject for judicial notice, and OVERRULED otherwise.

Defendant's Evidentiary Objections to Plaintiff's Evidence – Opposition to Motion to Expunge [ROA 58] are SUSTAINED as to Exhibit 11 of Plaintiff's Compendium of Evidence as lacking foundation and not a proper subject for judicial notice, and OVERRULED otherwise.

Defendant's Requests for Judicial Notice [ROA 30, 32] are GRANTED in part and DENIED in part subject to the Court's rulings on Plaintiff's objections to the same, as stated above.

Plaintiff's Requests for Judicial Notice [ROA 46, 47] are GRANTED, except with regard to Exhibit 11, as discussed above. With regards to Request for Judicial Notice, the Court may only take judicial notice of the *existence* of a document, including the truth of results reached; however, the court may not take judicial notice of the truth of hearsay statements. (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.) These motions are not the appropriate procedure for determining the truth of disputed facts. (See, *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374.) While the Court takes notice of the fact that certain declarations were previously filed in this case, it does not accept the truth of any matters asserted therein.

The parties are reminded to comply with Rules of Court regarding bookmarking exhibits. [I.e., ROA 48, 49.] (Cal. Rules of Court 3.1110(f).)

Special Motion to Strike

An anti-SLAPP motion involves a two-prong analysis, with the court first considering whether Plaintiff's Complaint arises from protected activity. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) Defendants bear the burden of proof on the first prong of the analysis. (*Ibid*.) If Defendants meet their burden on the first prong of the analysis, the burden shifts to Plaintiff to establish, with admissible evidence, Plaintiff has a probability of prevailing on the challenged causes of action. (Code Civ. Proc. § 425.16(b)(1).)

Here, the action arises out of Defendant's recording of an abstract of judgment and attempt to sell real property to satisfy the judgment. Pursuant to *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, such conduct falls within the purview of the Anti-SLAPP statute and the first prong is satisfied.

Plaintiff argues *Weeden* stands for the proposition that Anti-SLAPP motions cannot apply to claims brought in equity. However, Plaintiff conflates the analysis of "protected activity" with the analysis of "litigation privilege" in the *Weeden* court's decision. *Weeden* held that the litigation privilege does not shield conduct in a prior litigation when the plaintiff brings a claim in equity to challenge a fraudulently obtained judgment. (*Id.* at 290.) This case does not involve litigation privilege.

Because prong one has been satisfied, we must turn to prong two, whether Plaintiff has a probability of prevailing on his claims. The Complaint asserts four causes of action: (1) Equitable Subrogation; (2) Declaratory Relief; (3) Unjust Enrichment; (4) Temporary Restraining Order and Preliminary Injunction.

Unjust Enrichment is not a recognized cause of action in California but rather a general principle underlying various legal doctrines and remedies akin to restitution. (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387.) Equitable subrogation may be used to enforce restitution to prevent unjust enrichment. (*Bank of New York Mellon v. Citibank, N.A.* (2017) 8 Cal.App.5th 935, 955, *as modified (Mar. 1, 2017)*.) As such, Unjust Enrichment cannot stand alone as a separate cause of action but merely

underpins this claim for equitable subrogation. Defendant's Motion is granted with respect to the third cause of action.

Likewise, Defendant's Motion is granted as to the fourth cause of action (Temporary Restraining Order and Preliminary Injunction). The Court's previous denial of Plaintiff's request for a temporary restraining order and preliminary injunction reflects no likelihood of prevailing on the merits.

However, Plaintiff meets his burden of demonstrating a likelihood of success as to his first two causes of action (Equitable Subrogation/Lien and Declaratory Relief).

The five elements to an equitable subrogation are: 1) The lender advanced money to pay off an encumbrance on realty; 2) There is an express understanding to take a first lien position; 3) The lender is not a mere volunteer; 4) The lender is not chargeable with culpable or inexcusable neglect; and 5) The lender shows that superior equities of others would not be prejudiced. (*JP Morgan Chase Bank, N.A. v. Banc of America Practice Solutions, Inc.* (2012) 209 Cal.App.4th 855, 860.)

While Defendant argues that Plaintiff has no standing and is not the "real party in interest" pursuant to section 369 of the Code of Civil Procedure, Plaintiff is the owner and beneficiary of the IRA which provided the funds to pay off the Scott Loan. Defendant's argument that the IRAR Trust Company ("IRAR") must bring the action is not supported by the law as IRAR was merely the intermediary that facilitated the transaction, not the party who entered into the agreement to provide the loan. The owner of a self-directed IRA has the power and responsibility to enter into loans and keep track of loan payments or defaults, not the custodian administrator. (See *Brown v. California Pension Administrators & Consultants, Inc.* (1996) 45 Cal.App.4th 333.) The IRS regulations and IRAR's internal rules regarding the need for a passive custodian have no bearing on Plaintiff's right to manage his own accounts and pursue litigation to recover assets held in his accounts.

Defendant also argues that Plaintiff cannot show any likelihood of prevailing because there was no evidence that the loan Plaintiff provided was actually used to pay off the Scott Loan, and if it was, Plaintiff provided the money as a volunteer.

In his Opposition, Plaintiff provides evidence that the funds he loaned out were used to pay off the Scott Loan, which predates Defendant's judgment against Phair. He also provides testimony of his intent to take first lien position, and proof that he provided the loan not as a volunteer, but for the purposes of obtaining a deed of trust. "One who advances money at the request of the debtor to pay off an encumbrance with the understanding that the advance will be secured by a first trust deed" may be entitled to equitable subrogation so long as the lender did not have actual notice of other encumbrances which might be ahead of her. (*Smith v. State Savings & Loan Assn.* (1985) 175 Cal.App.3d 1092, 1099.) This is true even when, as here, the other encumbrance was properly recorded. (*Id.* at 1095.)

Finally, Defendant will not be prejudiced by equitable subrogation as it would leave Defendant in the same position it was in prior to the satisfaction of the Scott Loan.

Therefore, Plaintiff has met his burden of establishing a probability of prevailing on his causes of action for equitable subrogation and declaratory relief.

Defendant's Special Motion to Strike is DENIED as to the first and second causes of action in the Complaint, and GRANTED as to the third and fourth causes of action.

Motion to Expunge *Lis Pendens*

Defendant's Motion to Expunge *Lis Pendens* is premised on the same arguments made in its Special Motion to Strike – that IRAR Trust Company is the real party in interest, that the Scott Loan was not paid off, and that if Plaintiff did pay off the Scott Loan, he did so as a volunteer.

As discussed in the Court's ruling on the Special Motion to Strike, Plaintiff has standing to bring the claims asserted here and has provided sufficient competent evidence that he has a probability of prevailing on his subrogation and declaratory relief claims which directly bear upon the underlying property subject to the *lis pendens* here.

However, the notice of *lis pendens* here was not filed by a party to the case. Only "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." (Cal. Code Civ. Proc. § 405.20.) Because the *lis pendens* here lists Plaintiff's IRA rather than Plaintiff himself, it is procedurally defective.

Therefore, Defendant's Motion to Expunge *Lis Pendens* is GRANTED.

The Court GRANTS Defendant's request for attorney's fees and costs in the amount of $7,090.90 based on 14 hours of work at $500 an hour. Although Plaintiff argues that they were substantially justified in refusing to release the *lis pendens* as it merely suffers a technical defect in naming the party, such a defect is significant when encumbering another's property and Plaintiff had notice of the defect upon service of Defendant's motion, at the latest.

Defendant is ordered to serve written notice of the Court's final ruling on all appearing parties by November 7, 2025.

*Carolyn Caietti*
———————————————————
Judge Carolyn Caietti