**WALT PENNINGTON, SBN 214470**
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com

*Attorney for Renzulli Properties LLC, Creditor*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE PHAIR COMPANY LLC<br><br>    Debtor and Debtor-in-Possession<br><br>☐ ALL DEBTORS<br><br>☒ THE PHAIR COMPANY LLC, ONLY<br>    Tax I.D. (EIN) #20-4183527<br><br>☐ JEFFREY DAVID PHAIR, ONLY<br>    S.S. # XXX-XX-4458<br><br><br>DWIGHT H. DESANTIS as owner and beneficiary of IRAR Trust Company-Dwight H. DeSantis Roth IRA-# 35-22055,<br><br>    MOVANT<br><br>V.<br><br>THE PHAIR COMPANY LLC,<br><br>    RESPONDENT | Case No.: 3:25-00667-JBM-11<br><br>JUDGMENT CREDITOR RENZULLI PROPERTIES LLC'S OPPOSITION TO DWIGHT H. DESANTIS'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>RS No. SCS1<br><br>Date:     November 20, 2025<br>Time:    2:00 p.m.<br>Ctrm:    18<br>Dept:    2<br>Place:   325 W. F Street<br>             San Diego, CA 92101 |

Page 1 of 11

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

## RELIEF REQUESTED

Renzulli Properties LLC ("Renzulli") requests that the Court deny Mr. DeSantis's motion for relief from the stay on five independent bases: first, no demonstrated need exists to add a nominal party; second, Mr. DeSantis has no standing to pursue claims owned by IRAR Trust Company; third, Mr. DeSantis initiated his Superior Court action against Renzulli pre-petition without including The Phair Company LLC ("TPC") and the Superior Court ruled against Mr. DeSantis; fourth, Mr. DeSantis has filed a claim in this proceeding and may litigate all issues here as a core matter; and fifth, movant failed to give proper notice of this motion. This opposition is timely because the movant filed an amended notice of motion. DOC 238, filed Oct. 29, 2025. The notice of hearing at docket 240 states "11/10/2025" is the last day to oppose.

## RELEVANT PARTY & CLAIM

1. IRAR Trust Company is the beneficiary of a deed of trust with The Phair Company LLC as the trustor. DOC 66-8, Exh. 9. On July 3, 2025, this Court took judicial notice of IRAR Trust Company's deed of trust.[1]

2. Dwight DeSantis filed Claim 9 here on May 14, 2025. In Superior Court of California, County of San Diego, case 25CU007829C, Dwight DeSantis filed a notice of pendency of action. This Court took judicial notice of the certified copy of the notice

---

[1] Renzulli requested judicial notice for the certified copy of the deed of trust at docket 66-2, request 9, p. 3:17-20. "Exhibit 9, a certified copy of the deed of trust between The Phair Company LLC, trustor, and IRAR Trust Company, beneficiary, dated July 24, 2024 and recorded on July 26, 2024 as San Diego County Recorder document number 2024-0196078, with the deed of trust securing a loan of $1,300,000. Mr. DeSantis, Mr. Phair and the Phair Company LLC did not object to the request for judicial notice. DOC 86. This Court ruled on the requests for judicial notice in its tentative ruling. DOC 102, p. 9.

of pendency of action.² The notice of pendency of action was filed on February 19, 2025. DOC 66-8, Exh. 24, p. 167 of 173. Debtors filed their petition here on February 25, 2025.

## FACTS

In February 2024, TPC owned property at 945 E. J St., Chula Vista, California ("945 E. J St.").

Renzulli obtained a judgment against Debtor TPC on March 22, 2024. DOC 66-8, Exh 1. Renzulli recorded an abstract of judgment with the San Diego County recorder on April 3, 2024. DOC 66-8, Exh 3. Renzulli's abstract of judgment became a lien on 945 E. J St.

On July 26, 2024, TPC signed a deed of trust with IRAR Trust Company for an indebtedness of $1,300,000. DOC 66-8, Exh. 9. The beneficiary listed on the deed of trust is "IRAR Trust Company - Dwight H. DeSantis Roth IRA - #35-22055." We have no testimony from IRAR Trust Company that the movant here has any interest in this deed of trust. Movant offered no testimony from IRAR Trust Company.

On August 5, 2024 Renzulli recorded notices of levy against The Phair Company LLC's property at 945 E. J St. DOC 66-8, Exhs. 14-15. This Court granted judicial notice of the notices of levy because there was no objection. DOC 102.

On January 21, 2025, the San Diego County Sheriff scheduled a sale of the two assessor parcel numbers that constitute 945 E. J St. for a sale on February 26, 2025. DOC 66-8, exhibits 16 and 17. This Court granted judicial notice of notice of Sheriff's sale because there was no objection by Mr. DeSantis, Mr. Phair or The Phair Company

---

² Renzulli requested judicial notice at docket 66-2, request 23, p. 5:16-17 of the notice of pendency of action filed by Mr. DeSantis. Mr. DeSantis, Mr. Phair and The Phair Company LLC did not object to the request for judicial notice. DOC 86. This Court ruled on the requests for judicial notice in its tentative ruling. DOC 102, p. 9

LLC.

On February 13, 2025, Mr. DeSantis filed a verified complaint in the Superior Court of California, County of San Diego, case number 25CU007829C, against Renzulli. DOC 231-1, Exh. 1, p. 5 of 70. Mr. DeSantis did not name The Phair Company LLC as a nominal party. The fourth cause of action in Mr. DeSantis's complaint was "Temporary Restraining Order and Preliminary Injunction." DOC 231-1, p. 12:5.

On February 19, 2025, Mr. DeSantis filed a notice of pendency of action in the name of "IRAR Trust Company - Dwight H. DeSantis Roth IRA - #35-22055." DOC 66-8, Exh. 24.

On February 20, 2025, Dwight DeSantis filed an ex parte application in case number 25CU007829C for a temporary restraining order to stop the Sheriff's sale of real property owned by The Phair Company LLC at 945 E. J St. Dec. W. Pennington ¶¶ 1-2, Exh. 1. Mr. DeSantis argued, "A temporary restraining order is typically issued 'ex parte.' The primary purpose of a temporary restraining order ('TRO') or preliminary injunction is to preserve the status quo until a court can make a final determination on the merits of the action." Exh 2, p. 7:19-21 attached to Dec. W. Pennington.

On February 21, 2025, the court in case number 25CU007829C denied Mr. DeSantis's request for a temporary restraining order to stop the sale. Dec. W. Pennington ¶¶ 2-3, Exh. 2. There is no basis for denial listed in the ruling and Mr. DeSantis did not order a court reporter.

After the Superior Court's denial of Mr. DeSantis's temporary restraining order, Mr. DeSantis did not request a permanent injunction or appeal the denial of the temporary restraining order. Dec. W. Pennington ¶ 5.

On February 25, 2025, The Phair Company LLC filed for bankruptcy protection here. That filing caused the Sheriff to cancel the sale of 945 E. J St.

On March 17, 2025, Renzulli moved in the Superior Court case number 25CU007829C for a special motion to strike DeSantis's complaint and to expunge Mr.

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

DeSantis's notice of pendency of action.

On June 2, 2025, Renzulli moved for relief from the automatic stay to sell 945 E. J St. DOC 66. On June 13, 2025, Mr. DeSantis opposed Renzulli's motion for relief from the stay. DOC 75. Nowhere in Mr. DeSantis's opposition did he claim that relief should be denied because Mr. DeSantis needed an adjudication of his rights.

On July 30, 2025, the Court granted Renzulli's motion for relief from the automatic stay, but stayed the effective start of the relief. DOC 121. Debtors stated that they could sell real property owned by Bella Mar Land Investors LLC ("Bella Mar"), one of Mr. Phair's entities, and satisfy Renzulli's judgment. This Court lifted the stay for Renzulli to sell 945 E. J St., but stayed when Renzulli could initiate a Sheriff's sale. The Court granted Debtors to find a buyer on or before September 24, 2025 and conclude a sale by December 5, 2025 before Renzulli would be allowed to sell 945 E. J St.

On September 11, 2025, Debtors moved to extend the deadline to post a copy of the contract for the sale of Bella Mar's real property. On September 24, 2025, the court denied Debtor's motion. The order lifted the stay on the sale of 945 E. J St. on September 26, 2025, because Debtors filed no contract for the sale of Bella Mar's real property.

On October 16, 2025, the Superior Court in case number 25CU007829C issued a tentative ruling on Renzulli's motion stating the court's intent to grant Renzulli's motion to expunge the notice of pendency of action and dismiss Mr. DeSantis's fourth cause of action for a temporary restraining order or preliminary injunction. Dec. W. Pennington ¶ 6, Exh. 3. On October 17, 2025, The Superior Court heard argument and took the case under review. Dec. W. Pennington ¶ 8.

On October 23, 2025, Mr. DeSantis, titled this motion as "Dwight H. DeSantis as owner and beneficiary of IRAR Trust Company-Dwight H. DeSantis Roth IRA-# 35-22055" moved for relief from the automatic stay to name The Phair Company LLC as a nominal party. Mr. DeSantis, without evidence, claimed that he is a creditor even

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

though the deed of trust shows that IRAR Trust Company is the creditor.

Mr. DeSantis declared the reason for this motion is to reverse this Court's order from July 31, 2025 that lifted the automatic stay that would allow Renzulli to sell 945 E. J St. "To protect my secured position in the Subject Property I seek relief from stay to allow me to return to the pending State Court Action and, if necessary, request that the Superior Court enter an order preventing Renzulli from completing a Sheriff's sale of the Subject Property until our lien priority dispute is decided and, to litigate my claims therein to judgment." DOC 231-1, p. 3:11-15, ¶ 14. Mr. DeSantis argued "Without similar relief to return to the State Court Action to determine lien priority and equitable subrogation as to the Subject Property DeSantis has no ability to prevent a premature sale and therefore the loss of the sole security for the DeSantis Loan." DOC 231, p. 8:17-19.

On October 31, 2025, the Superior Court in case number 25CU007829C issued its final order and expunged Mr. DeSantis's notice of pendency of action, dismissed Mr. DeSantis's cause of action for a temporary restraining order and preliminary injunction that would block the sale of 945 E. J St., awarded attorney's fees to Renzulli against Mr. DeSantis in the amount of $7,090.90, and told Renzulli to file a separate motion for attorney's fees against Mr. DeSantis for Renzulli's success on its special motion to strike. Dec. W. Pennington ¶¶ 9-10, Exh. 4.

The Superior Court in case number 25CU007829C did not dismiss Mr. DeSantis's cause of action for equitable subrogation. Dec. W. Pennington ¶ 10, Exh. 4.

As of the filing of this motion, Mr. DeSantis has not filed the notice of expungement with the San Diego County Recorder or paid the $7,090.90 in attorney's fees awarded to Renzulli. Dec. W. Pennington ¶ 11.

## ARGUMENT

Mr. DeSantis conflates his claim to determine lien priority with stopping a Sheriff's sale of 945 E. J St. on December 17, 2025. Mr. DeSantis's motion claimed

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

that he needs relief to determine lien priority, but there is no basis to stop the Sheriff's sale to determine lien priority. On February 20, 2025 Mr. DeSantis asked the Superior Court to stop the Sheriff's sale of 945 E. J St., because of irreparable harm, and the Superior Court denied Mr. DeSantis's request because Mr. DeSantis does not need to stop the Sheriff's sale to proceed with adjudication of lien rights.

Mr. DeSantis seeks this relief to put another hurdle for Renzulli to conclude the December 17, 2025 Sheriff's sale of 945 E. J St.

Mr. DeSantis has not provided any evidence to show that if 945 E. J St. is sold that he cannot litigate the issues related to lien priority because there are none.

## MR. DESANTIS WAS ALREADY HEARD ON THE CLAIMS HERE

The procedural history clarifies what Mr. DeSantis's current motion really represents. On June 2, 2025, Renzulli moved for relief from the automatic stay to sell 945 E. J St. DOC 66. Mr. DeSantis filed his opposition on June 13, 2025. DOC 75. That opposition is notable for its omissions: it made no claim that the Court should deny Renzulli's motion to allow Mr. DeSantis to determine lien priority. It didn't even assert that Mr. DeSantis held a lien. Instead, it listed "Encumbrances: a. Voluntary encumbrances on the property: . . . 2nd: IRAR Trust Co. 1,300,000." DOC 75, p. 2, ¶ 5. Nowhere did Mr. DeSantis claim that he had a security interest in 945 E. J St. Nowhere did Mr. DeSantis claim that he needed to move for relief from the stay to determine lien priority. "One shall not change their purpose to the injury of another." California Civil Code section 3512. "The law helps the vigilant, before those who sleep on their rights." California Civil Code section 3527.

The absence raises questions that remain unanswered: if lien priority determination was necessary in June, why didn't Mr. DeSantis's opposition mention it? And why did Mr. DeSantis wait more than four months after his opposition to seek this relief? The timing suggests the motion's rationale emerged retroactively.

Page 7 of 11

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

## MR. DESANTIS CITES NO AUTHORITY FOR THE NEED FOR A NOMINAL DEFENDANT TO DETERMINE LIEN PRIORITY

A nominal defendant is someone who will not agree to be a plaintiff. "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." California Code Civ. Proc. § 382. There is nothing that prevents TPC from joining Mr. DeSantis's lawsuit. TPC has not claimed that there is a conflict over the priority of liens. Movant has not shown that movant asked TPC to join, that TPC refused to join or that Mr. DeSantis cannot obtain complete relief without adding TPC as a party.

Consider what Mr. DeSantis's motion leaves unsaid: He seeks to name Debtor TPC as a nominal defendant, but offers no legal basis for claiming complete relief requires TPC's presence. The question becomes more troubling when we examine what he failed to do. Mr. DeSantis didn't add TPC at filing. Mr. DeSantis didn't add TPC after the court denied his temporary restraining order on February 21, 2025. On June 13, 2025, Mr. DeSantis didn't mention a need to determine lien rights. Mr. DeSantis didn't add TPC during the seven months that Renzulli's motions to expunge the lis pendens and dismiss his complaint were pending in the Superior Court. Mr. DeSantis moved for relief only after learning on October 16, 2025 that the Superior Court would dismiss parts of his case and expunge his lis pendens. Perhaps the most honest reading of this motion is the simplest: it's not about genuine procedural need—it's about securing yet another attempt to prevent the December 17, 2025 Sheriff's sale of 945 E. J St. "One must so use his own rights as not to infringe upon the rights of another." California Civil Code section 3514.

## MR. DESANTIS HAS NO STANDING TO ASSERT A CLAIM BECAUSE HE IS NOT A PARTY TO THE DEED OF TRUST

"In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).

> The question of standing is not subject to waiver, however: "we are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us. The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.' " *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231, 110 S.Ct. 596, 607-608, 107 L.Ed.2d 603 (1990)"

*U.S. v. Hays*, 515 U.S. 737, 742 (1995).

Consider the gap between what Mr. DeSantis's motion implies and what it actually establishes. The deed of trust names IRAR Trust Company as beneficiary. IRAR Trust Company is a South Dakota corporation. Dec. of W. Pennington ¶ 12, Exh. 5. The movant and Superior Court plaintiff is Dwight DeSantis. The words added after Mr. DeSantis's name are unsupported, hearsay descriptors—irrelevant surplusage that creates an illusion of connection. But what matters is the legal reality: the party to the deed of trust is IRAR Trust Company, not Mr. DeSantis. Mr. DeSantis's own Superior Court complaint made this clear, alleging that "[The] Phair [Company LLC] borrowed the principal sum of $1,300,000.00 from the IRAR Trust Company — Dwight H. DeSantis Roth IRA — #35-22055." DOC 231-1, p. 8:27-28. Nowhere does Mr. DeSantis's complaint claim that Dwight DeSantis personally made the loan or holds the lien.

What's striking about Mr. DeSantis's position is how it conflates account ownership with litigation authority. Mr. DeSantis claims to own an account at IRAR Trust Company—but even accepting that claim at face value, so what? Corporate ownership doesn't confer the right to sue on behalf of the corporation. That's a basic

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

principle of corporate law and standing. If Mr. DeSantis wanted to bring a derivative action, he'd need to follow established procedures: make a demand on IRAR Trust Company to sue, show that IRAR refused, and demonstrate he's acting in a representative capacity. The absence of any evidence that these steps occurred makes the standing deficiency impossible to overlook. Because Mr. DeSantis is not a party to the deed of trust, thus Mr. DeSantis has no standing.

## MR. DESANTIS FILED SUIT ON FEBRUARY 13, 2025 AND CHOSE NOT TO NAME TPC AS A PARTY

Consider what Mr. DeSantis's litigation history reveals about this motion's necessity. He filed his Superior Court lawsuit on February 13, 2025 and chose not to name TPC as a party. The Superior Court ruled against his request for a temporary restraining order to stop the sale of 945 E. J St. Mr. DeSantis knew the Superior Court would allow the sale, yet he took no action to add TPC as a party.

The underlying facts supporting his claims haven't changed between February 21, 2025 and today. What has changed are the outcomes: Debtors failed to meet their obligation to post a contract for the sale of Bella Mar Land Investors LLC's property, and the Superior Court ruled in favor of Renzulli against Mr. DeSantis and awarded attorney's fees to Renzulli that are still owed by Mr. DeSantis. DOC 205; Exh. 4. Perhaps the most honest reading is that this motion responds to adverse rulings rather than procedural necessity.

## MR. DESANTIS HAS FILED A CLAIM IN THIS PROCEEDING AND MAY LITIGATE ALL ISSUES HERE AS A CORE MATTER

Mr. DeSantis can ask this Court to determine issues related to lien priority between Mr. DeSantis and TPC.

## MOVANT FAILED TO GIVE PROPER NOTICE UNDER FRBP 4001 AND LBR 4001-2(b)

Under Federal Rule of Bankruptcy Procedure ("FRBP") 4001(a)(1), a motion for relief from the automatic stay filed in a Chapter 11 case, where a committee of

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support

unsecured creditors has not been appointed pursuant to 11 U.S.C. § 1102, must be served on the twenty largest unsecured creditors, excluding insiders. See Fed. R. Bankr. P. 4001(a)(1); see also Fed. R. Bankr. P. 1007(d). Additionally, under Local Bankruptcy Rule ("LBR") 4001-2, a motion for relief from the automatic stay must be served on "the debtor, . . . any counsel for the debtor, . . . the U.S. Trustee, . . . and any parties entitled to service pursuant to FRBP 4001(a)(1)." See Local Bankruptcy Rule 4001-2(b).

> "Unless all of the specified entities are served properly under the rules, the court should decline to grant the relief requested." 9 Collier on Bankruptcy 1 4001.02[4] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013) (citing *In re Safon Ochart*, 74 B.R. 131, 133 (Bankr. D.P.R. 1986)).

*Bank of Am., N.A. v. LSSR, LLC* (*In re LSSR, LLC*), 2013 Bankr. LEXIS 4689, at *15 (B.A.P. 9th Cir. 2013)

Neil Verbrugge entered his appearance on September 29, 2025 for the United States Trustee. DOC 208.

Mr. DeSantis filed two notices of filing a motion for relief from the stay. DOCs 234 and 238. The notices do not show service on the Debtor TPC or Neil Verbrugge for the United States Trustee. DOCs 234 and 238. The certificate of service for docket number 234 was signed under penalty of perjury on October 23, 2025 by Suzanne Abraham. The certificate of service for docket number 238 was signed under penalty of perjury on October 29, 2025 by Suzanne Abraham.

Service of the motion is therefore improper because Mr. DeSantis failed to serve Debtor and the twenty largest general unsecured creditors, as required by FRBP 4001(a)(1), FRBP 1007(d), and LBR 4001-2(b). Although Debtor is represented by counsel who was properly served, Mr. DeSantis failed to serve the twenty largest general unsecured creditors.

November 9, 2025

/s/ Walt Pennington

Judgment Creditor Renzulli Properties LLC's Opposition to Dwight H. DeSantis's Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support