Order Entered on
February 10, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re:

THE PHAIR COMPANY LLC,

                Debtor-in-Possession;

JEFFREY DAVID PHAIR,

                Debtor-in-Possession.

BANKRUPTCY NOS.   25-00667- JBM11
25-00661-JBM11
(Jointly administered)

Hearing Date:  February 10, 2026
Hearing Time:  9:30 a.m.
Name of Judge:  Hon. J. Barrett Marum

## ORDER FOLLOWING HEARING ON EXAMINER'S REPORT

Related Motion/Order Docket Entry No. 211, 269.

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through two (2).

DATED:   February 10, 2026

Judge, United States Bankruptcy Court  t

Page 2      ORDER FOLLOWING HEARING ON EXAMINER'S REPORT

DEBTORS:  THE PHAIR COMPANY LLC                    Case Nos.:   25-00667-JBM11
              JEFFREY DAVID PHAIR                                      25-00661-JBM 11

The Court held a hearing on the Examiner's Report on February 10, 2026.  Appearances were made as stated on the record.  Prior to the hearing,[1] the Court issued a Tentative Ruling, in which the Court posed questions for the Examiner regarding his initial report.  ECF No. 303.  Based on the Examiner's representations to the Court, as well as the parties' arguments presented at the February 10, 2026 hearing,

**IT IS HEREBY ORDERED** that:

1.      The Examiner will conduct a further investigation on two additional, discreet issues: (1) whether any additional documentary support/evidence exists with respect to the disbursement of funds from the Trolley Stop sale, including but not limited to the Phair Company LLC's transfer of funds to Trolley Stop Apartments II LLC and the subsequent payments made to investors from the sale; and (2) the value of the Bella Mar project, based on the current status of the Lennar LOI dated September 15, 2025 (and whether the LOI remains valid), and a further investigation on the "undefined liabilities" with respect to that project.

2.      The Examiner shall amend and supplement his report as discussed on the record, which is due on or before **March 3, 2026**.  The Court expects that the Examiner's Supplemental Report will supersede his initial report as filed.  No further briefing by any party is permitted.

3.      The Examiner shall attach all documents referenced in the Supplemental Report to the report filed.

4.      At this point in time, the Court will not increase the $50,000 cap initially set in the Court's Order on the Examiner's fees and expenses.  *See* ECF No. 211.  Should the Examiner seek an increase of this cap during the course of his supplemental investigation, the Examiner may apply to the Court for an increase with notice to the parties present at the February 10, 2026 hearing.

5.      As stated on the record, the Court is considering whether to issue an Order to Show Cause for case dismissal or conversion, or whether to direct the United States Trustee's appointment of a Chapter 11 Trustee, and will make a determination whether to issue that Order to Show Cause based on the Examiner's Supplemental Report.

6.      Based on the foregoing and in the interest of judicial economy, efficiency, and fairness to the parties, the Court vacates the hearing on the Debtors' Joint Motion for Approval of Disclosure Statement and suspends briefing and any deadlines set on the Debtors' Disclosure Statement and/or proposed Plan for Reorganization.  Subject to its decision of whether to issue an Order to Show Cause, the Court may restore the Debtors' Disclosure Statement to calendar at or prior to the March 12, 2026 status conference hearing.

**IT IS SO ORDERED.**

---

[1]      This matter was continued from January 28, 2026, based on the Examiner's inability to appear in person at that hearing.  ECF No. 312.

Signed by Judge J Barrett Marum February 10, 2026